**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A
CONSOLIDATED CREDITOR MATRIX, (B) REDACT OR WITHHOLD
CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS, AND
(C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF
NATURAL PERSONS, (II) WAIVING THE REQUIREMENT TO FILE A LIST OF
EQUITY SECURITY HOLDERS, (III) APPROVING THE FORM AND MANNER
OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11
CASES AND OTHER INFORMATION, AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 3:00 p.m. (prevailing Central Time) on June 9, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 9, 2025, at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Pérez's conference room number is 282694.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage.  The meeting code is "judgeperez."  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.  "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"): (a) authorizing the Debtors to (i) file a consolidated creditor matrix (the "<u>Consolidated Creditor Matrix</u>"),[3] (ii) redact or withhold certain confidential information of customers, and (iii) redact certain personally identifiable information of natural persons, (b) waiving the requirement to file a list of, and provide notice directly to, certain equity security holders of Debtor Sunnova Energy International Inc. ("<u>SEI</u>"), (c) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information, and (d) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[2] A description of the Debtors, their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases is set forth in greater detail in the *Declaration of Paul Mathews, President and Chief Executive Officer of Sunnova Energy International Inc., In Support of Debtors' Chapter 11 Petitions* (the "<u>Mathews First Day Declaration</u>") and the *Declaration of Ryan Omohundro, Chief Restructuring Officer of Sunnova Energy International Inc., In Support of Debtors' First Day Motions* (the "<u>Omohundro First Day Declaration</u>," and together with the Mathews First Day Declaration, the "<u>First Day Declarations</u>"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declarations.

[3] Pursuant to Section E. Rule 11 and Section F. Rule 14(a) of the Complex Case Procedures, in a complex chapter 11 bankruptcy case, the debtors must maintain a consolidated creditor matrix and must file a single, consolidated list of the thirty largest unsecured creditors (the "<u>Top 30 Creditors List</u>") of all the jointly administered debtors.

*Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107, and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, 6003, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 1075-1, 9013-1(i), and 9037-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

**Background**

5. On June 1, 2025, Debtor Sunnova TEP Developer, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have filed a motion contemporaneously herewith requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Basis for Relief

I. **Authorizing the Debtors to File a Consolidated Creditor Matrix is Warranted.**

6. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H[.]" Fed. R. Bankr. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one consolidated creditor matrix for all Debtors. Such relief is permitted by Section F. Rule 14(a) of the Complex Case Procedures.

II. **Redaction of Certain Confidential Information of Customers Is Warranted.**

7. Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Pursuant to Bankruptcy Rule 9018, upon motion, "the court may, with or without notice, issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information [or] protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case[.]" Fed. R. Bankr. P. 9018. The Court has broad authority to issue such an order. *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

8. "Commercial information" is defined as information that would provide "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)) (defining confidential commercial information as that which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor); *In re Glob. Crossing Ltd.*, 295 B.R. at 725 ("The whole point of [Fed. R. Bankr. P. 9018(1)] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Commercial information also includes "situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (internal citation and quotation marks omitted); *see also In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (finding that "commercial information" under Section 107(b)(1) is broader than merely the "information that may give a debtor's competitors an unfair advantage").

9. One of the Debtors' most critical assets is their customer database, which is comprised of the names of individuals and entities, email addresses, physical addresses, and telephone numbers (collectively, the "<u>Customer List</u>"). It is vital that the Debtors maintain the Customer List in strict confidence. If the Debtors were required to disclose the Customer List, the Debtors' business operations may be harmed by loss of customers to competitors, which could in turn negatively impact the Debtors' estates. Not only would the disclosure of the Customer List give unfair advantages to Debtors' competitors by providing them information as to the commercial operations of the Debtors, but the deluge of customer solicitation that will inevitably

5

follow from such a disclosure will significantly increase the risk of customer attrition, diminish the value of the Debtors' estate, distract the Debtors from their restructuring efforts, and undermine the business prospects of a reorganized Sunnova. Given the commercial importance of keeping such a comprehensive customer list confidential, the Debtors seek to redact the Customer List to prevent the damage that would likely result from its disclosure.

10. The Customer List constitutes confidential "commercial information" as used in section 107(b)(1). *See, e.g.*, *Faucett*, 438 B.R.at 568 (finding that certain of the debtor's customer information could be used by the debtor's competitors and thus should be protected under § 107(b)); *In re Northstar Energy, Inc.*, 315 B.R. 425, 429–30 (Bankr. E.D. Tex. 2004) (noting that disclosure of the debtors' investor list "would expose the heart and soul" of the debtors' commercial operations and warranted protection under § 107(b)); *In re FTX Trading Ltd.*, No. 23-682 (CFC), 2024 WL 4948827, at *8–9 (D. Del. Dec. 3, 2024) (finding that the debtors' customer list fell within the ambit of section 107(b)(1)); *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 632 (Bankr. S.D.N.Y. 2023) (same, collecting cases where courts have held that customer lists constitute confidential commercial information). Redaction of the names and all associated identifying information of the Debtors' customers is therefore warranted for any paper filed or to be filed with the Court or otherwise made public in these chapter 11 cases, including the Consolidated Creditor Matrix, the consolidated list of the Debtors' 30 largest unsecured creditors (the "Top 30 Creditors List"), and the schedules of assets and liabilities and the statements of financial affairs (collectively, the "Schedules and Statements").

11. Where cause exists, such as here where the Debtors' customers' identities and contact information are valuable, proprietary, and confidential commercial information, courts throughout the country, including bankruptcy courts in the Fifth Circuit, have authorized debtors

6

to redact the names and other identifying information of the debtors' customers or other commercially sensitive information. *See In re Northvolt AB*, No. 24-90507 (CML) (Bankr. S.D. Tex. Mar. 11, 2025) (authorizing the debtors to redact and file under seal the names and addresses of the debtors' customers and suppliers); *In re Zips Car Wash, LLC*, No. 25-80069 (MVL) (Bankr. N.D. Tex. Feb. 7, 2025) (authorizing the debtors to redact the names, addresses, and email addresses of their customers from any filings with the bankruptcy court or made publicly available in their chapter 11 cases); *In re Jervois Texas, LLC*, No. 25-90002 (CML) (Bankr. S.D. Tex. Jan. 29, 2025) (authorizing the debtors to redact and file under seal the names, addresses, and email addresses of their customers and key suppliers from any filings with the bankruptcy court in their chapter 11 cases); *In re Mobileum, Inc.*, No. 24-90414 (CML) (Bankr. S.D. Tex. July 24, 2024) (authorizing the debtors to redact and file under seal their current, former, and prospective customers from their consolidated creditor matrix, top thirty creditor list, and affidavits of service); *In re SmileDirectClub, Inc.*, No. 23-90786 (CML) (Bankr. S.D. Tex. Nov. 29, 2023) (authorizing the debtors to redact and file under seal the names of the debtors' potential transaction counterparties and connections thereto); *In re Cineworld Group PLC*, No. 22-90168 (MI) (Bankr. S.D. Tex. Mar. 9, 2023) (authorizing the debtors to redact and file under seal the names of potential transaction counterparties and connections thereto). Further, in *In re FTX Trading*, the District Court of the District of Delaware recently affirmed the Bankruptcy Court's ruling to permanently redact the names, home addresses, and email addresses of the debtors' customers, finding that the debtors' customer list fell within the ambit of section 107(b)(1) of the Bankruptcy Code, that the Bankruptcy Court's determination to protect the customer list was not an abuse of discretion, and that sealing the information preserved the debtors' business assets. *In re FTX Trading*, No. 23-682 (CFC), 2024 WL 4948827, at *8–9; *see also In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr.

7

D.N.J. Dec. 20, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of their customers from any filings with the court and reserving the rights of the U.S. Trustee to be heard with respect to the redactions regarding confirmation, conversion to chapter 7, or dismissal of the chapter 11 cases).[4]

12. The Debtors will make the unredacted version of any such documents available to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), counsel to any official committee appointed in these chapter 11 cases on a professional-eyes-only basis, and to any other party upon Court order.

### III. Authorizing the Debtors to Redact Certain Personally Identifiable Information Is Warranted.

13. Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

---

[4] In overruling the U.S. Trustee's objection to the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief* [Docket No. 17] at *WeWork*'s confirmation hearing, Judge Sherwood reasoned that: "107(b) protects commercial information . . . [which] is defined as information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor . . . I'm not going to second guess the debtor . . . [and] their view is that they don't want their customers in each and every market to be known to potential competitors. . . ." Hr'g Tr. at 34: 5–9, 25, 35:1–4, *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. May 30, 2024).

8

14. Bankruptcy Local Rule 9037-1(b) further recognizes that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court." This rule provides that: "[i]n those instances, (i) the document may be filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 [sic] does not apply." Bankruptcy Local Rule 9037-1(b).

15. In addition, privacy and data protection regulations have been enacted in the key jurisdictions in which the Debtors and their non-debtor affiliates do business. For example, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"),[5] which provides individuals domiciled in California the right to, among other things, request their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties. Violators risk injunctions and civil penalties of up to $2,500 for each violation and up to $7,500 for each intentional violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and

---

[5] Many other states have enacted similar privacy laws. *See also* the Virginia Consumer Data Protection Act Va. Code §§ 59.1-575-59.1-585 (effective on Jan. 1, 2023), the Connecticut Act Concerning Personal Data Privacy and Online Monitoring, Public Act § 22-15 (effective on July 1, 2023), the Colorado Privacy Act, Colo. Rec. Stat. § 6-1 (effective on July 1, 2023), the Utah Consumer Privacy Act, Utah Code § 13-61 (effective on Dec. 31, 2023), the Florida Digital Bill of Rights, Fla. Stat. § 501.701 (effective on July 1, 2024), the Oregon Consumer Privacy Act, Or. Rev. Stat. § 1.13 (effective on Jan. 1, 2024), the Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on July 1, 2024), the Montana Consumer Data Privacy Act, Mont. Code Ann. § 35 (effective on Oct. 1, 2024), the Delaware Personal Data Privacy Act, Del. Code Ann. tit. 6 § 12D-102 (effective of Jan. 1, 2025), the Iowa Data Privacy Law, Iowa Code § 715D.1 (effective on Jan. 1, 2025), the New Hampshire Privacy Law, N.H. Rev. Stat. § 507-H:1 (effective on Jan. 1, 2025), the Nebraska Data Privacy Act, Neb. Rev. Stat. §§ 87-1101 to 87-1130 (effective on Jan. 1, 2025), the New Jersey Data Privacy Act, N.J. Rev. Stat. § 56:1 (effective on Jan. 15, 2025), the Tennessee Information Protection Act, Tenn. Code Ann. § 47-18 (effective on July 1, 2025), the Minnesota Consumer Data Privacy Act, Min. Stat. Ann. § 325O (effective on July 31, 2025), the Maryland Online Data Privacy Act, Md. Commercial Law Code § 14-4701 (effective on Oct. 1, 2025), the Rhode Island Data Transparency and Privacy Protection Act, R.I. Gen. Laws § 6-48.1-1 (effective on Jan. 1, 2026), the Indiana Data Privacy Law, Ind. Code § 24-15 (effective on Jan. 1, 2026), and the Kentucky Consumer Data Protection Act, Ky. Rev. Stat. Ann. § 367.3611 (effective on Jan. 1, 2026).

satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 100,000 consumers, households, or devices for commercial purposes; or (c) receives 50 percent or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(d)(1). Sunnova's collective entities qualify as CCPA Entities because the Company's annual gross revenue for 2024 of approximately $840 million exceeded $25 million.

16. The Debtors request authority to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including, but not limited to, the Consolidated Creditor Matrix, the Schedules and Statements, proofs of claim, and any related affidavits of service, the names, home and email addresses, and other personally identifiable information of all natural persons—including the Debtors' current and former employees and individual equity holders. This relief is requested because (a) such personally identifiable information can be used to perpetrate identity theft[6] and phishing scams or to locate survivors of domestic violence, harassment, or stalking under section 107(c)(1) of the Bankruptcy Code and (b) disclosure of such personally identifiable information or personal data risks violating data and privacy laws and regulations, thereby exposing the Debtors to potential civil liability and significant financial penalties.

---

[6] *See In re Endo Int'l PLC*, No. 22-22549 (JLG), 2022 WL 16640880, at *10–11, 12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and e-mail addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *see also In re FTX Trading Ltd.*, No. 23-682 (CFC), 2024 WL 4948827, at *11 (D. Del. Dec. 3, 2024) (affirming the bankruptcy court's ruling to permanently redact the names, home addresses, and email addresses of natural persons finding that "[t]hese millions of customers would, absent relief granted by the Bankruptcy Court, have their identities revealed without their consent (and in many cases without their knowledge)."); *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 636 (Bankr. S.D.N.Y. 2023) (quoting *Endo* and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identity thief's search for data and a stalker's or abuser's ability to find his or her target"). *Id.* at 635, 637.

17. Redaction is necessary to protect information that would create an "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk described in section 107(c)(1) of the Bankruptcy Code is real and not merely speculative. In one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that was previously not publicly available, forcing the employee to change addresses again.[7] More recently, in a chapter 11 case in the Southern District of New York, at least fifteen phishing scams have been uncovered.[8] These phishing incidents targeted individuals whose names were publicized in the creditor matrix, including one in which scammers modified a court order and sent it to individuals whose names were disclosed, two where scammers posed as associates of debtors' counsel using fake email accounts purportedly from debtors' counsel and requested that individual creditors reply with their account and other personal information, and many where scammers posed as the debtor's claims agent and requested the same information from individual creditors. These scams took place even though the bankruptcy court authorized the redaction of creditor email addresses.

18. Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Ascend Performance Materials Holdings Inc.*, No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025) (authorizing the debtors to redact personally identifiable information, including the names, home addresses, and personal email addresses, of individuals listed on the creditor matrix or other documents filed with the court); *In re Glob. Clean Energy*

---

[7] The incident, which took place during the first Charming Charlie chapter 11 case in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), Docket No. 4.

[8] *See In re Celsius Network, LLC*, No. 22-10964 (MG), Docket Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, 4763, 7729, and 7886.

11

*Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) (same); *In re Northvolt AB*, No. 24-90577 (ARP) (Bankr. S.D. Tex. Nov. 21, 2024) (same); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024) (same); *In re Digit. Media Sols., Inc.*, No. 24-90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) (same).

19. For these reasons, the Debtors submit that cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code, and in compliance with applicable privacy or data protection laws and regulations, the names, home addresses, and email addresses of natural persons listed on the Consolidated Creditor Matrix, Schedules and Statements, proofs of claim, any related affidavits of service, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable privacy or data protection laws, thereby exposing the Debtors to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

20. The Debtors propose to provide unredacted versions of the Consolidated Creditor Matrix, Schedules and Statements, proofs of claim, any related affidavits of service, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) Kroll Restructuring Administration LLC ("Kroll") the proposed claims and noticing agent, and (e) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases and that represents that the unredacted version(s) will be maintained in

confidence. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any other privacy or data protection law or regulation. Nothing requested herein is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order. The Debtors will also distribute, as applicable, any notices that are received at the Debtors' corporate headquarters and that are intended for a current employee. Furthermore, to the extent notice and/or service by mail (as opposed to email) is required or requested, the Debtors will instruct Kroll to serve individuals at their home addresses, ensuring that each individual will receive the same notices in the chapter 11 cases as all other creditors without the unnecessary public disclosure of his or her home address.

**IV.  Waiver of the Requirement to File a List of the Equity Security Holders Is Warranted Under the Circumstances of These Chapter 11 Cases.**

21.  The Bankruptcy Rules contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Bankruptcy courts have authority to modify or waive the requirements under both rules. *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, a Chapter 11 debtor must . . . file a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, in a Chapter 11 case the clerk or the court's designee must give notice . . . to the equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("Unless

these rules provide otherwise, when notice is to be given, the court must designate: (1) the deadline for giving it; (2) the entities to whom it must be given; and (3) the form and manner of giving it.").

22. The requirements to file a list of, and to provide notice directly to, equity security holders should be waived as to SEI. SEI's common stock is publicly traded on the New York Stock Exchange, under the ticker symbol "NOVA." There are approximately 125 million shares of common stock outstanding as of the Petition Date, a significant amount of which cannot be readily traced to specific individual holders. SEI must therefore obtain the names and addresses of its widely dispersed equity security holders from a securities agent. Preparing and submitting such a list with last-known addresses for each equity security holder and sending notices to all such parties would incur significant expense and an administrative burden with limited corresponding benefit to the estates or parties in interest.

23. SEI has taken, or will take, several actions to inform its equity security holders of the commencement of these chapter 11 cases. With its petition, SEI filed a list of persons and entities which hold 5 percent or more of its outstanding common stock. On or about the Petition Date, SEI will issue a press release and file an 8-K with the U.S. Securities and Exchange Commission announcing the chapter 11 filing. Additionally, as soon as practicable following the Petition Date, SEI will send notices to public equity security holders through the Depository Trust Company to meet the noticing requirements under Bankruptcy Rule 2002(d).

24. For these reasons, the Debtors request that the Court waive the requirements to file a list of, and to provide notice directly to, SEI's equity security holders (other than registered holders), as courts in this jurisdiction have done in comparable chapter 11 cases. *See, e.g.*, *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) (waiving the requirement that the debtors file a list of equity security holders

14

pursuant to Bankruptcy Rule 1007(a)(3)); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024) (same); *In re Digit. Media Sols., Inc.,* No. 24-90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) (same); *In re SmileDirectClub, Inc.*, No. 23-90786 (CML) (Bankr. S.D. Tex. Oct. 2, 2023) (same); *In re QualTek Servs. Inc.*, No. 23-90584 (CML) (Bankr. S.D. Tex. May 24, 2023) (same).

**V.     Service of Required Notices to Creditors Is Appropriate and Should Be Approved.**

25.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) [of the Bankruptcy Code]. . . ." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f). The Debtors propose that Kroll undertake all mailings and email service, as applicable, directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rule 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached to the Order as Exhibit A (the "Notice of Commencement"), on all parties listed on the Consolidated Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Consolidated Creditor Matrix will not only avoid confusion among creditors but also will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Consolidated Creditor Matrix. Accordingly, service of the Notice of Commencement is warranted.

26.     The Debtors believe that using Kroll to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.

15

Additionally, Kroll will assist the Debtors in preparing creditor lists and mailing or emailing initial notices. Therefore, it is more efficient to authorize Kroll to undertake the mailing or email service, as applicable, of the Notice of Commencement of these chapter11 cases. Accordingly, the Court should authorize Kroll to undertake such mailings and email service, as courts in this jurisdiction have done in other comparable chapter 11 cases. *See, e.g.*, *In re Ascend Performance Materials Holdings Inc.*, No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025) (authorizing the debtors' claims agent to notify creditors of the commencement of the chapter 11 cases and other information); *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) (same); *In re Northvolt AB*, No. 24-90577 (ARP) (Bankr. S.D. Tex. Nov. 21, 2024) (same); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024) (same); *In re Digit. Media Sols.*, No. 24-90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) (same).

27. The Debtors further request authority to distribute notices to parties in interest via email in lieu of mailing. The Debtors do not maintain records of mailing addresses for many parties in interest, and, accordingly, distribution of notices via email to such parties is warranted under the circumstances and will alleviate an administrative burden otherwise imposed on the Debtors. In the event the Debtors do not have an email address for a party in interest, the Debtors will proceed with mailing in lieu of email. In other large chapter 11 cases, courts in this district have allowed debtors to distribute notices to parties in interest via email in lieu of mailing. *See, e.g.*, *In re Ascend Performance Materials Holdings Inc.*, No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025) (authorizing the debtors to distribute notices to parties in interest via email in lieu of mail); *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) (same); *In re Northvolt AB*, No. 24-90577 (ARP) (Bankr. S.D. Tex. Nov. 21, 2024)

16

(same); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024) (same); *In re Digit. Media Sols.*, No. 24 90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) (same).

### Emergency Consideration

28. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1. This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the commencement of these chapter 11 cases. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors therefore request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Group of Certain Noteholders; (d) Norton Rose Fulbright US LLP, counsel to GoodFinch Management, LLC; (e) White & Case LLP, counsel to Atlas, as SLA Lender and TEPH Lender; (f) Milbank LLP, counsel to the KKR Term Loan Lenders; (g) Davis Polk & Wardwell LLP, counsel to the Ad Hoc Group of ABS Lenders; (h) Schulte Roth & Zabel LLP, counsel to the Special Committee of the Board of Directors of Sunnova TEP Holdings, LLC, and co-counsel to Sunnova TEP Holdings, LLC and its subsidiaries; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
June 9, 2025

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Anup Sathy, P.C. (*pro hac vice* pending) |
| 711 Louisiana Street, Suite 2300 | 333 West Wolf Point Plaza |
| Houston, Texas 77002 | Chicago, Illinois 60654 |
| Telephone: (713) 223-2300 | Telephone: (312) 862-2000 |
| Facsimile: (800) 404-3970 | Facsimile: (312) 862-2200 |
| Email: jason.cohen@bracewell.com | Email: anup.sathy@kirkland.com |
| jonathan.lozano@bracewell.com | |
| | -and- |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Brian Schartz, P.C. (TX Bar No. 24099361) |
| | Ciara Foster (*pro hac vice* pending) |
| | Margaret Reiney (*pro hac vice* pending) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: brian.schartz@kirkland.com |
| | ciara.foster@kirkland.com |
| | margaret.reiney@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ Jason G. Cohen
Jason G. Cohen

**Certificate of Service**

I certify that on June 9, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Jason G. Cohen
Jason G. Cohen