United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) Case No. 25-90160 (ARP) |
| Debtors. | ) (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO SETTLE CERTAIN DEALER CLAIMS;
(II) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION
CLAIMS OF (A) CRITICAL VENDORS, (B) 503(B)(9) CLAIMANTS, AND
(C) LIEN CLAIMANTS; (III) AUTHORIZING THE DEBTORS TO REQUIRE
FAVORABLE TRADE TERMS; (IV) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to settle claims arising under certain Dealer Contracts; (b) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, certain prepetition amounts owing on account of the Trade Claims; (c) authorizing the Debtors to require the Trade Claimants to provide favorable trade terms for the postpetition procurement of goods and services; (d) confirming the administrative expense priority status of Outstanding Orders and authorizing, but not directing, the payment of such obligations in the ordinary course of business; (e) scheduling

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a final hearing to consider approval of the Motion on a final basis; and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

    1.    The final hearing (the "Final Hearing") on the Motion shall be held on June 30, 2025, at 1:00 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on June 23, 2025. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

    2.    The Debtors are authorized, but not directed, in their sole discretion, to pay all or part of, and otherwise satisfy and discharge, on a case-by-case basis, the prepetition Trade Claims

on an interim basis in an amount not to exceed $9 million without the need for further order of this Court. In the event that the Debtors anticipate that they may exceed such aggregate amount during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount.

3. As a condition to receiving payment on account of a Trade Claim under this Interim Order, the Debtors have the authority, but not direction, to require any Trade Claimant that accepts payment pursuant to the authority granted in this Interim Order to agree to: (a) continue—or recommence—supplying goods and services to the Debtors in accordance with the Customary Trade Terms and (b) that such Trade Claimant shall not be permitted to cancel any contract, agreement, or arrangement pursuant to which they provide such goods and/or services to the Debtors during the course of these chapter 11 cases. The Debtors are authorized, but not directed, to require, in their sole discretion, that the Customary Trade Terms be made in writing, including by email or through a trade agreement, as condition to payment. The Debtors are further authorized, but not directed, to require additional favorable trade terms with any Trade Claimant as a condition to payment of any Trade Claim. Any party that accepts payment from the Debtors on account of a Trade Claim shall be (a) provided with a copy of this Interim Order, (b) deemed to have agreed to the terms and provisions of this Interim Order, and (c) waived and released, to the extent so paid, claims of any type, kind, or priority (including reclamation claims) against the Debtors and their respective assets and properties.

4. The Debtors shall maintain a matrix or schedule of payments made on account of the Trade Claims pursuant to this Interim Order, including the following information: (a) the payee; (b) the Debtor that is the payor; (c) date and amount of the payment; and (d) the category or type of payment. The Debtors shall provide a copy of such matrix or schedule to White & Case

LLP, counsel to Atlas, as SLA Lender and TEPH Lender, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases within twenty days of the end of each calendar month beginning upon entry of this Interim Order.

5. The Form Trade Agreement, substantially in the form attached hereto as **Exhibit A**, is approved in its entirety, and the Debtors are authorized, but not directed, to negotiate, modify, or amend the Form Trade Agreement in their business judgment.

6. The Debtors are authorized, but not directed, in their sole discretion and business judgment, to take any and all actions necessary or appropriate to execute, deliver, perform under, consummate, implement, and otherwise settle, pay all, or otherwise satisfy and discharge, in whole or in part and on a case-by-case basis, all Dealer Claims under the Dealer Settlement Program without further order of this Court. No Dealer shall be entitled to assert an administrative expense claim under section 503(b) of the Bankruptcy Code for any goods delivered or services rendered to the Debtors after the Petition Date unless such Dealer has been expressly authorized in writing by the Debtors to perform services postpetition.

7. Each settlement reached with respect to the Dealer Claims under the Dealer Settlement Program shall be deemed (i) to be fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

8. The Debtors shall provide a high-level summary of any settlements made with Dealers on account of the Debtors' Dealer Claims to White & Case LLP, counsel to Atlas, as SLA Lender and TEPH Lender, Schulte Roth & Zabel LLP, counsel to the Special Committee of the Board of Directors of Sunnova TEP Holdings, LLC, and co-counsel to Sunnova TEP Holdings, LLC and its subsidiaries, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases (on a professional eyes' only basis) within twenty days of the end of each calendar

month beginning upon entry of this Interim Order.  For the avoidance of doubt, there shall be no obligation to disclose a settlement that does not include the compromise of a Debtor claim.

9. If any party accepts payment hereunder for a prepetition obligation of the Debtors and such party thereafter fails to provide goods and/or services in compliance with the Customary Trade Terms or other such terms as agreed to by the Debtors, then:  (a) any payment on account of a prepetition claim received by such party may be deemed, in the Debtors' sole discretion, an avoidable postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief granted in this Interim Order to such outstanding postpetition balance and such supplier or vendor shall be required to immediately repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise; and (d) the Debtors may pursue any other remedy available to them under this Interim Order, applicable law, or any executed writing with such party.

10. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

11. Prior to entry of a Final Order, the Debtors shall not pay any obligations under this Interim Order unless they are due or deemed necessary to be paid in the Debtors' business

judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on operations.

12. Any party that accepts payment from the Debtors on account of a Trade Claim shall be deemed to have agreed to the terms and provisions of this Interim Order.

13. The Debtors are authorized, but not directed, in their sole discretion, to return goods that were delivered before the Petition Date to set off the purchase price of such goods against such vendors' or suppliers' prepetition claims, subject to the limitations imposed by any order of the Court and the prior rights of holders of security interests in such goods or the proceeds of such goods, to the extent of such interests.

14. For the avoidance of doubt, this Interim Order does not authorize payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtors.

15. Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Interim Order granting the relief requested by the Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates;

(g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

16. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to the goods and services requested or received from the Critical Vendors, including the Debtors' rights to (a) cancel a purchase order; (b) decline the acceptance of goods and/or services; (c) return any defective, nonconforming, or unacceptable goods; or (d) contest the amount of any invoice or claim on any grounds.

17. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

18. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

20. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

22. Notwithstanding anything to the contrary herein, Bankruptcy Rules 2002(a)(2) and 9019(a), to the extent applicable, are hereby modified as set forth in the Motion.

23. Any party that accepts payments from the Debtors pursuant to this Interim Order shall be deemed to have voluntarily submitted themselves to the jurisdiction of this Court on account of accepting payment pursuant to an order of this Court.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

25. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: June 09, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge