United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO MAINTAIN AND ADMINISTER THEIR
CUSTOMER PROGRAMS AND HONOR CERTAIN PREPETITION BUSINESS
PRACTICES RELATED THERETO AND (II) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to maintain and administer their Customer Programs and honor certain prepetition business practices related thereto on a postpetition basis in the ordinary course, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The final hearing (the "Final Hearing") on the Motion shall be held on June 30, 2025, at 1:00 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on June 23, 2025. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2. The Debtors are authorized, but not directed, in their sole discretion, to (a) continue and, in consultation with White & Case LLP, counsel to Atlas, as SLA Lender and TEPH Lender, modify, change, replace, or terminate the Customer Programs and (b) pay and honor any prepetition and postpetition amounts related to the Customer Programs, in each case of (a) and (b), in the ordinary course of business.

3. The Debtors shall maintain a matrix or schedule of payments made pursuant to this Interim Order, including the following information: (a) the payee; (b) the Debtor that is the

payor; (c) the date and amount of the payment; and (d) the category or type of payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and White & Case LLP, counsel to Atlas, as SLA Lender and TEPH Lender within twenty days of the end of each calendar month beginning upon entry of this Interim Order.

4. The Debtors will notify the U.S. Trustee, any statutory committee appointed in these cases, and White & Case LLP, counsel to Atlas, as SLA Lender and TEPH Lender, if the Debtors make any material changes to the Debtors' Customer Programs practices and procedures.

5. Notwithstanding anything to the contrary contained herein, to the extent that the Debtors have or receive funds on account of Department of Energy programs (the "DOE Funds"), including, without limitation, any DOE Funds that are in or that are collected in the Government Incentives Collection Account and the Main Dealer Payment Account (each as defined in the Cash Management Motion),[3] the Debtors shall seek further order of the Court prior to disbursement or use. Additionally, any of Power Solar, LLC and Windmar P.V. Energy, Inc.'s rights, claims and interests in the DOE Funds are expressly preserved.

6. Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Interim Order granting the relief requested by the Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in

---

[3] "Cash Management Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using their Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and Books and Records, and (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 9].

interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

8. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

4

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Nothing in this Interim Order directs the Debtors to accelerate any payments not otherwise due.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. Notwithstanding Bankruptcy Rule 2002(a)(2), to the extent applicable, the Debtors may limit service of the Motion only to the core service list and affected creditors.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Houston, Texas

Signed: June 09, 2025

Alfredo R Pérez
United States Bankruptcy Judge