```
 1                  UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                         HOUSTON DIVISION

 3    SUNNOVA ENERGY INTERNATIONAL  )  CASE NO: 25-90160
      INC.,                         )
 4                                  )  Houston, Texas
                                    )
 5             Debtor.              )  Thursday, June 12, 2025
                                    )
 6    _____)  1:00 p.m. to 1:50 p.m.

 7
                                  HEARING
 8
                 BEFORE THE HONORABLE ALFREDO R. PEREZ
 9                  UNITED STATES BANKRUPTCY JUDGE

10
      APPEARANCES:
11
      For Debtor:              MARGARET REINEY
12                             Kirkland & Ellis LLP
                               601 Lexington Avenue
13                             New York, NY 10022

14    For Ad Hoc Group of      ROBERT A. BRITTON
      DIP Lenders:             Paul Weiss Rifkind Wharton &
15                             Garrison
                               1285 Avenue of the Americas
16                             New York, NY 10019

17    For Windmar P.V.         HENRY C. KEVANE
      Energy, Inc.:            Pachulski Stang
18                             One Sansome Street, Suite 3430
                               San Francisco, CA 94104
19
                               IRA KHARASCH
20                             Pachulski Stang
                               10100 Santa Monica Blvd., 13th Fl.
21                             Los Angeles, CA 90067

22    For Power Solar, LLC:    JAMES P. MUENKER
                               DLA Piper LLP (US)
23                             1900 North Pearl Street, Suite 2200
                               Dallas, TX 75201
24

25
```

```
 1   Court Reporter:         AKEITA HOUSE

 2   Courtroom Deputy:       AKEITA HOUSE

 3   Transcribed by:         Veritext Legal Solutions
                             330 Old Country Road, Suite 300
 4                           Mineola, NY 11501
                             Tel: 800-727-6396
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Proceedings recorded by electronic sound recording;
     Transcript produced by transcription service.
24

25
```

1        HOUSTON, TEXAS; THURSDAY, JUNE 12, 2025; 1:00 P.M.
2                         (Call to Order)
3            THE COURT:  All right.  It's one o'clock.  We're
4    back on case number 25-90160.  My understanding is is that
5    the parties are requesting an additional 15 minutes.  Is
6    that correct?  Ms. Reiney?
7            MS. REINEY:  Can you hear me, Your Honor?
8            THE COURT:  Yes, I can.
9            MS. REINEY:  Okay.  Yes.  It's (Indiscernible)
10   just with 15 just to ensure that the language is acceptable
11   to all parties.  (Indiscernible).
12           THE COURT:  All right.  So, we'll be in recess
13   until 1:15.  All right?
14           MS. REINEY:  Thank you so much.
15           THE COURT:  Thank you.
16           AUTOMATED VOICE:  Conference muted.
17           (Recess)
18           AUTOMATED VOICE:  Conference unmuted.
19           THE COURT:  All right.  We're back on the record
20   in case number 25-90169, Sunnova Energy International, Inc.
21           MS. REINEY:  Hi, Your Honor.  We are using this
22   time as wisely as we can.  We are hoping to get to a
23   consensual resolution.  I was curious if Your Honor might
24   indulge us with another 10 minutes to make sure
25   (Indiscernible) out before we come back to Your Honor.

1          THE COURT: Okay. All right. We'll return at
2  1:30 central time.
3          MS. REINEY: Thank you.
4          MAN 1: Another recess, bro. (Indiscernible) get
5  your shit together.
6          AUTOMATED VOICE: Conference muted.
7          (Recess)
8          AUTOMATED VOICE: Conference unmuted.
9          AUTOMATED VOICE: Conference muted.
10         MS. REINEY: Your Honor, can you hear me? Okay.
11 I am unable to hear you.
12         MR. BRITTON: Yes, Your Honor. We're unable to
13 hear you as well.
14         THE COURT: Okay. How about that?
15         MS. REINEY: That's great.
16         MR. BRITTON: Very good.
17         MS. REINEY: Thanks.
18         THE COURT: All right.
19         MS. REINEY: Thank you so much, Your Honor, for
20 indulging the multitude of breaks. And, for the record,
21 it's Margaret Reiney from Kirkland & Ellis on behalf of the
22 Debtors here.
23         I wanted to see if I might be able to share my
24 screen, and I can pull up a redline of the language that we
25 have agreed to. If you see the name Margaret Reiney -- I

```
 1   know this is a little --
 2              THE COURT:  Oh, okay.
 3              MR. BRITTON:  Your Honor, while she does that --
 4   it's Bob Britton, Paul Weiss, on behalf of the potential DIP
 5   lenders.  Would it be helpful to just get a high-level
 6   overview of what I believe we've agreed with the dealers and
 7   the Debtors and then Ms. Reiney can take you through the
 8   language?
 9              THE COURT:  Sure.  Go ahead.
10              MR. BRITTON:  Sure.  So, as I understand it, the
11   language that we've agreed effectively does three things,
12   Your Honor, and thank you very much for your indulgence
13   while we worked through it with the dealers and the Debtors.
14              First, Your Honor, it provides that all of the
15   cash within the Debtors' estates or their affiliates'
16   estates related to the Puerto Rico resiliency fund, we
17   understand, based on representations made to us by the
18   Debtors' (Indiscernible) is approximately $8 million today
19   and then will include additional cash on a go-forward basis
20   in the ordinary course as the Debtors continue to administer
21   these funds.  Those cash would be free of any DIP liens, any
22   DIP claims.  They would be earmarked for use to pay down
23   dealer claims.
24              Second, we, the DIP lenders, have agreed that we
25   will not object to the Debtors' DOE motion that's on file.
```

1    And third and finally, we've agreed, the Debtors -- dealers
2    -- have asserted that they may have certain valid properly
3    prefect pre-petition liens.  We and the Debtors aren't aware
4    of any such liens, but we've agreed that all rights to
5    assert at the final hearing that any such valid and properly
6    perfected liens exist, and if so, that they cannot be primed
7    by the DIP liens and/or our entitled adequate protection.
8              In effect, that's the agreement and I'm happy for
9    Ms. Reiney to lead you through the language if that's
10   helpful.  Thank you, Your Honor.
11             THE COURT:  All right.  Thank you.
12             MS. REINEY:  Are you able to see the screen, Your
13   Honor?
14             THE COURT:  I am.
15             MS. REINEY:  Okay.  Great.  So, I think Mr.
16   Britton did a great job of providing an overview.  If you
17   want to scroll down a little bit -- yeah.  I'll give Your
18   Honor a second to kind of read through this.  I think most
19   of this is clarifying language for the existing rights under
20   -- or pursuant to the Puerto Rico Brazilian resilience fund.
21             THE COURT:  All right. You can scroll down.
22   Okay.  You can scroll down further.  Okay.  All right.  Go
23   ahead.
24             MS. REINEY:  And we have Mr. Kevane and Mr.
25   Muenker on the line as well.  They have also indicated that

1    their clients are signed off on this language.

2              THE COURT:  All right.  Go ahead.

3              MR. MUENKER:  James Muenker, DLA Piper, on behalf

4    of Power Solar, LLC.  I appreciate Your Honor's sensitivity

5    to the concerns that were expressed earlier this morning and

6    providing the parties with an opportunity to have a dialogue

7    and resolve those issues consensually.

8              I can confirm that we have signed off on the

9    revised language in the order, and I thank Mr. Britton and

10   the lawyers at Kirkland for working with us over the break

11   to do that.  And I also agree with Mr. Britton's, you know,

12   general characterization of the agreement that's embodied

13   therein.

14             THE COURT:  All right.  Go ahead.

15             MR. KEVANE:  Yes, Your Honor.  Henry Kevane for

16   Windmar Energy and Windmar Home Florida.  That is correct.

17   Thanks again for giving us the chance to work out this

18   language.  I think this effectuates our goal which is to

19   make sure that the (Indiscernible) program and the Debtors'

20   rights under that and the dealers' rights under it are not

21   impaired by the DIP liens and the DIP super priority claims

22   and that the dealers can continue to expect reimbursement

23   under that federal grant as expected by the terms of it.

24             We do again thank Your Honor for giving us the

25   time to work this out.

1               THE COURT:  All right.  Does anyone else wish to
2    be heard?
3               MS. REINEY:  Your Honor, would I be able to read
4    another representation into the record as well?
5               THE COURT:  Sure.
6               MS. REINEY:  Thank you, Your Honor.  During the
7    break, I was also able to speak with Ms. Strohbehn who filed
8    an objection at docket number 136.  Ms. Strohbehn and I have
9    agreed that we will include language regarding the Debtors'
10   obligation to cure executory contracts in a future sale
11   order.  While it was styled as a DIP objection, it is more
12   appropriately going to be -- her language will more
13   appropriately be placed in the future sale order that is not
14   up for Your Honor today.  But I did want to note on the
15   record that we have come to an agreement as to her
16   objection.  I believe she's on the line too if I missed
17   anything.
18              MR. BRITTON:  Your Honor, Bob Britton, Paul Weiss,
19   on behalf of in this case the central stalking horse -- or
20   the stalking horse bidder.
21              No objection that Section 265 provides for certain
22   cure rights, but obviously, we'll reserve our rights on any
23   particular language until we see it.
24              THE COURT:  All right. All right.  Ms.
25   (Indiscernible).  All right.  Anyone else wish to be heard?

1  All right.  All right.  Wait a second.  There's one more.

2  All right.  All right.  I just unmuted someone.

3              MR. HERMAN:  Thank you, Judge.  It's Ira Herman,

4  Blank Rome, for the ad hoc dealer group.  Your Honor,

5  earlier today, we hustled and filed a reservation of rights

6  which you hopefully have seen.  The Debtors have certainly

7  seen it.  I spoke to Ms. Foster during the break about our

8  concerns.

9              This is essentially seeking relief on an ex parte

10 basis.  I hate to say I'm old enough to remember when

11 interim DIP orders were obtained on an ex parte basis.  But

12 when they were obtained on an ex parte basis like this,

13 Judge, essentially everything is on the table at the final

14 hearing because there was no notice.  And when you file

15 papers in the middle of the night and there are thousands of

16 pages in those papers, 12 hours' notice or 10 hours' notice

17 is not notice.  It's essentially -- they're asking for

18 emergency relief on an ex parte basis.

19             I heard several explanations of why they need this

20 relief on an emergent basis.  If one looks at the budget

21 that they filed this morning, they don't need it to satisfy

22 their payment obligations.  It's very clear that they don't

23 need it because -- maybe they don't even need it next week.

24 But they seem to need it very badly now.

25             No one's explained why now is so important, and,

1  Your Honor, at the very least, there should be a reservation
2  of rights, so parties have a chance to read through the
3  papers and find out what's buried in those papers.  I'm not
4  asserting any nefarious purpose, but it's a lot to read,
5  Judge, and I'm not smart enough personally to be able to
6  digest it all on such short notice while preparing for
7  hearings and doing all those things that I have to do.
8              So, Judge, we believe that there ought to be a
9  full reservation of rights for parties to have notice and
10 have an opportunity to be heard in a meaningful way which
11 one-day notice is not.  And, Your Honor, to the extent Your
12 Honor is inclined to grant the relief requested immediately,
13 the Debtor should be required to explain to the Court and to
14 all of us who are at this hearing why they need this relief
15 now when their budget says that they don't need now.  Thank
16 you, Judge.
17             THE COURT:  All right.  Does anyone else wish to
18 be heard?  So, I'll go back to Ms. Reiney.
19             MS. REINEY:  Thank you, Your Honor.  As the Court
20 has seen, we remain willing and able to negotiate with
21 parties on reservation of rights' language.  We negotiated
22 this language with several parties and would have been happy
23 to entertain any language from the ad hoc group of dealers
24 as well.
25             But I think our statements on the record earlier

1    and the declaration of Mr. Ryan Omohundro notes that we do

2    indeed need the cash now and do face irreparable harm.  And

3    as I noted earlier, yes, this is about DIP financing, but

4    it's also about ensuring that the DIP lenders can be our

5    stalking horse bidder and put us in the best path forward as

6    we continue in this 45-day sale process.

7              So, I will just reference our statements made on

8    the record earlier as to the irreparable harm that the

9    Debtors would seek, and we remain open to engage with the ad

10   hoc group of dealers in the lead up to the final DIP

11   hearing.

12             THE COURT:  All right. Anyone else wish to be

13   heard?

14             MR. HERMAN:  Your Honor, may I respond very

15   briefly?

16             THE COURT:  Yes.

17             MR. HERMAN:  We did reach out to Kirland & Ellis

18   during the break.  We provided language yesterday that Your

19   Honor included in the Atlas sale order.  They know what we

20   need, and I'm surprised to hear Ms. Reiney say that we

21   weren't engaged.  That language needs to be in this order,

22   Judge, and that's important to us.

23             And the bald statement that they need the money --

24   they still haven't answered the question why they need the

25   money when their budget says they don't need the money.  The

1    budget is not consistent with the statement; we need the

2    money now.  Thank you.

3               THE COURT:  All right.  All right.  Any further

4    response?

5               All right.  I've reviewed the two declarations.  I

6    think this is a -- not your usual DIP in that it is not

7    being done by a secured creditor who's trying buttress his -

8    - their position.  There really aren't the usual types of

9    things that we normally look for in a DIP which is the

10   rollup and the cross collateralization and all of those

11   things.

12              In reviewing the order and especially now that

13   we've clarified the language on the Puerto Rico resiliency

14   fund, it does seem to me that in essence what we're getting

15   is an incremental $15 million of liquidity and, just as

16   important, a potential stalking horse bidder so that we

17   don't have a naked auction going forward.

18              It's clear, based on the budget that was attached

19   -- the 13-week budget that was attached to Mr. Omohundro's

20   declaration, that unless that other $75 million comes in,

21   you know, this company will run out of cash.  And, of

22   course, the funding from the DIP is certain but collections

23   -- you know, the collections -- when you have a budget that

24   also includes collections, those may or may not come at the

25   appropriate time.  And for a company of this size to have,

1  you know, a several million-dollar cushion is certainly not
2  something that is an exercise of the Debtors' fiduciary
3  duty.
4          So, I truly do view this -- what I said to Mr.
5  Britton -- I truly do view this as -- the main obligation
6  pursuant to the DIP order is to repay the 15 million plus
7  the fees associated with that.  As -- from my reading of the
8  DIP order, all of the other items are in essence on the
9  table for the final hearing.
10         So, I don't think that other parties' rights are
11 prejudiced as it relates to the issue of the use of proceeds
12 from the DIP, you know, and the provision in the complex
13 rules.  That, in my mind and I've never -- and I may have,
14 you know, been involved in the drafting of those rules way
15 back then.  Those rules were not -- the purpose of that rule
16 was to prevent a boot strap of other claims.  It wasn't -- I
17 don't think anybody's going to lend money into a situation -
18 - into a distressed situation -- without knowing for certain
19 that you're going to be able to collect that money on a go-
20 forward basis.
21         So, I didn't think that in that circumstance it
22 applies.  And it relates to the relief, again, the relief in
23 this case is coming from a -- the need for a consent which,
24 you know, I don't think could be compelled -- so, that is
25 the price for the relief is the consent.  So, again, I don't

1    think that that runs afoul of the complex rules.
2           So, on the basis of the evidentiary record that is
3    before me, the fact that, again, even with 45 million of
4    liquidity or 46 million of liquidity, this company is still
5    not anywhere near to the point of having the type of
6    liquidity that would be needed to run a company of this size
7    that -- and the fact that the main issue relating to the
8    Puerto Rico resiliency fund has been at least cabined for
9    now, I'm going to go ahead and approve the interim DIP and
10   we'll set the hearing on the final DIP along with the second
11   day hearings on June 30th, and then we'll have an objection
12   deadline, you know, the week before.
13          So, when you upload the order, please let Mr. Laws
14   know and I'll take a look at it and if I -- if it's
15   appropriate, I'll sign it.
16          MS. REINEY:  Great.  Thank you so much, Your
17   Honor.  We really appreciate all of your time and this week
18   generally.  You've been incredibly accommodating.
19          THE COURT:  All right.  Anything further from
20   anyone?  All right.  We're in recess until tomorrow morning
21   at 8:30.  Thank you.
22          MR. BRITTON:  Thank you, Your Honor.
23       (Proceedings adjourned at 1:50 p.m.)
24
25

```
1                        CERTIFICATION
2
3    I certify that the foregoing is a correct transcript from
4    the electronic sound recording of the proceedings in the
5    above-entitled matter.
6
7    [signature]
8
9
10   Sonya Ledanski Hyde
11
12
13
14
15
16
17
18
19
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:   June 16, 2025
```