**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) Case No. 25-90160 (ARP) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**GLOBAL NOTES AND**
**STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## General

Sunnova Energy International Inc. ("Sunnova") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements and should be referred to and referenced in connection with any review of the Schedules and Statements.[2]

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2]   These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Ryan Omohundro, Chief Restructuring Officer and Authorized Signatory of the Debtors and an authorized signatory for each of the Debtors. Mr. Omohundro has reviewed and verified all of the Schedules and Statements. In reviewing the Schedules and Statements, Mr. Omohundro has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Omohundro has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

## Global Notes and Overview of Methodology

1. **Description of the Cases**.  On June 1, 2025, Debtor Sunnova TEP Developer, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On June 9, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 19].  On June 18, 2025, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 226].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims the Debtors may hold against any third party or any insider, or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any claim against any Debtors or any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed,"

"contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c.      **Recharacterization**. The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.      **Classifications**. The listing of (i) a claim (a) on Schedule D as "secured," or (b) on Schedule E/F as either "priority" or "unsecured priority," or (ii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, including, without limitation, the *Order (I) Authorizing the Debtors, for the Interim Period, to (A) Obtain Postpetition Financing (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 165], the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims, the characterization of the structure of any transaction, and any document or instrument related to such creditor's claim.

e.      **Estimates and Assumptions**. To prepare these Schedules and Statements and report information on an entity-by-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.      **Causes of Action**.  Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such Claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims or causes of action.

g.      **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.      **Insiders**.  The Debtors have attempted to include all payments made within the twelve months before the Petition Date to any individual (and their relatives) or

entity who, in the Debtors' good faith belief, may be deemed an "insider."   As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.   The Debtors have also considered the requirements of GAAP and Securities and Exchange Commission (the "SEC") reporting standards and their public disclosures with respect to designating certain individuals and entities as "insider" herein.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should be construed as, an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.   Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date.  Nevertheless, the Debtors have included such individuals or entities herein out of an abundance of caution, and the Debtors reserve all rights with respect thereto.

## 4. Methodology

a. **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been

recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a Debtor's reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential revisions.

b.    **Reporting Date**. The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as of April 30, 2025, the date of the Debtors' month-end closure to their balance sheet, and the Debtors' liability data is as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.    **Confidentiality or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information. Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third-party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing. The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.    **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records. As described more fully in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and*

---

[3] *See, e.g.*, *Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix, (B) Redact or Withhold Certain Confidential Information of Customers, and (C) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief* [Docket No. 64] (the "Creditor Matrix Order").

*Books and Records, (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 9] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately 525 bank accounts, 24 of which are owned and controlled by the Debtors and 501 of which are owned by non-Debtor affiliates.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims"). The Debtors maintain records of the Intercompany Claims and can generally ascertain, trace, and account for Intercompany Transactions. Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and Books and Records, and (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 74] (the "Cash Management Order"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein, and subject to the entry of a final order related thereto. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

In addition, certain of the Debtors act on behalf of other Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.   **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.   **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of April 30, 2025, for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or at any time prior to or after the Petition Date.

g.   **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

h.   **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition:  (i) service fees and charges assessed by the Debtors' banks; (ii) insurance and surety obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "First Day Orders").  As such, outstanding liabilities may have been reduced by Court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.   **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors

pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j.  **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. In accordance with the Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.  **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and is calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies, day-to-day operating policies, and any applicable Court order.

l.  **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  Certain intangibles are listed in the asset schedules for the Debtors.  Such treatment may not reflect actual legal ownership.

The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such lease, including, but not limited to, the recharacterization thereof.

m.  **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  Liens levied in accordance with the Uniform Commercial Code as of the Petition Date, if any, are listed on Schedule D.

n.      **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court.  Other immaterial assets and liabilities may also have been excluded.

o.      **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

p.      **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

q.      **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

r.      **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements.  Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and

the guarantors with respect to their secured financings, debt instruments, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

s.   **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business. Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

t.   **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

u.   **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

v.   **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

w.   **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights

to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

### Specific Schedule Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. **Schedule A/B**

   a. **Part 1**. Sunnova's Cash Management System comprises a total of 525 Bank Accounts. Of the Bank Accounts, 24 are owned and controlled by the Debtors, while the remaining 501 are owned by Non-Debtor Affiliates. The Debtors' primary cash management bank is J.P. Morgan Chase Bank, N.A. Further details with respect to the Cash Management System are provided in the Cash Management Motion. The cash amounts listed are as of June 1, 2025, for Debtor Sunnova TEP Developer, LLC and as of the June 8, 2025, Petition Date for the other Debtors and reflect the bank balance, not the net book value.

   b. **Part 2**. The Debtors maintain certain deposits in the ordinary course of their business operations. These deposits are included in the Schedules for the appropriate legal entity. Types of deposits include, among other things, security deposits and utility deposits. Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies. The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

   c. **Part 3**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables.

   d. **Part 4**. Part 4 identifies only subsidiaries owned directly by the applicable Debtor entity. Subsidiaries owned indirectly by the Debtor entity are not listed. Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

13

e.    **Part 7**.  Actual realizable values may vary significantly relative to net book values as of the Petition Date.

f.    **Part 8**.  With the exception of any lease or security deposits, property leased by the Debtors is listed in Schedule G and is not listed in Part 8 of Schedule A/B, with the exception of any lease or security deposits for such property, which is listed on Schedule A/B.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

g.    **Part 9**.  Property leased by the Debtors is listed on both Part 9 of Schedule A/B and on Schedule G.  Furthermore, property values are scheduled in accordance with the Debtor's books and records, which may not comport with the legal owner of record.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.  The Debtors reserve all rights to recharacterize their interests in real property at a later date.

h.    **Part 10**.  Part 10 identifies the various trademarks, patents, licenses, permits, and website domains owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.  Various software licenses the Debtors use for their operations, which are easily obtainable and hold minimal value are not included.  The Debtors own over 600 URL names, the majority of which are not in use.  The Debtors have not listed all the URL names but retain ownership rights over these assets.

i.    **Part 11**.  The Debtors maintain approximately 40 insurance policies administered by multiple third-party insurance carriers and approximately 120 surety bonds provided by multiple third-party sureties.  The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, and directors' and officers' liability.  The Debtors more fully describe such policies in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, Purchase, Cancel, and Enter into New Insurance Policies, (C) Honor Prepetition Payment Arrangements, (D) Continue to Pay Brokerage Fees and Commissions, and (E) Maintain the Surety Bond Program; and (II) Granting Related Relief* [Docket No. 6].  Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

In addition, the Debtors attempted to list known causes of action and other claims.  Potential actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

2. **Schedule D**

   a.    The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Petition Date.

   b.    Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows:  (i) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Paul Mathews, President and Chief Executive Officer of Sunnova Energy International Inc., In Support of Debtors' Chapter 11 Petitions* [Docket No. 17].

   c.    Schedule D does not include beneficiaries of letters of credit.  Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

   d.    The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

3. **Schedule E/F**

   a.    **Part 1**.  The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Part 1.  To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

   The Debtors have not listed any wage or wage-related obligations that the Debtors have already paid pursuant to the First Day Orders on Part 1; however, the Debtors have scheduled certain wage-related obligations on Part 1 that were approved to be paid pursuant to the First Day Orders but that they have not yet paid.  The

Debtors further believe that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

b.    **Part 2**. The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code. Additionally, certain creditors may assert mechanic's or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date. The Debtors have excluded workers' compensation claims from the Statements because the Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable*

16

*Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 61] and the *Order (I) Authorizing the Debtors to (A)Maintain Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, Purchase, Cancel, and Enter into New Insurance Policies, (C) Honor Prepetition Payment Arrangements, (D) Continue to Pay Brokerage Fees and Commissions, and (E) Maintain the Surety Bond Program, and (II) Granting Related Relief* [Docket No. 66].

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Debtors have scheduled liabilities to dealers in a manner consistent with how such liabilities are recorded in the Debtors' books and records in the ordinary course of business. Additionally, liabilities scheduled to dealers include gross dealer holdbacks and dealer payables. Dealer holdbacks represent incomplete systems which have fallen behind schedule per agreed upon terms and may not be legally due. The Debtors reserve their rights to dispute owing dealer holdbacks.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will, if applicable, reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Pursuant to the First Day Orders, the Court has authorized the Debtors to redact the names, mailing address, and email address of individuals including the

Debtors' customers listed on Schedule E/F. Such individuals shall be sent an individualized notice pursuant to an order of the Court establishing the dates by which parties in interest must file proofs of claim in these chapter 11 cases (the "Bar Dates"), which will enable such individuals to determine the amount of their scheduled claim. As of the date hereof, the Bar Dates are subject to ongoing negotiations with various parties in interest, and the Debtors reserve all rights to amend or supplement the amounts listed on Schedule E/F on account of such service retainers through and including the date on which the Court enters an order establishing the Bar Dates.

## 4.  Schedule G

    a.    Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Customer agreements with the Debtors have been redacted pursuant to the Creditor Matrix Order.

## 5.  Schedule H

    a.    The Debtors are party to various debt agreements that were executed by multiple Debtors. The guaranty obligations under prepetition debt agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any Debtor is

intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent these Global Notes include notes specific to Schedules D–G, such Global Notes also apply to the co-Debtors listed in Schedule H.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

### Specific Notes with Respect to the Debtors' Statements of Financial Affairs

6. **Statement 3**.  As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

    a. For Debtor Sunnova TEP Developer, LLC, the payments disclosed in Statement 3 are based on payments made by the Debtor with payment dates from March 4, 2025, to June 1, 2025.  For all other Debtors, Statement 3 payment dates are from March 11, 2025, to June 8, 2025.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

    b. The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

    c. The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

7. **Statement 4**.  As described in the Cash Management Motion, certain Debtor cash accounts are zero-balance accounts or receipt accounts.  Balances in these accounts are swept on at least a daily basis to Debtor concentration accounts.  These transfers are ordinary course and voluminous and, for those reasons, have not been included on Statement 4.

8. **Statement 7**.  Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  While the Debtors believe they were diligent in their efforts to include all such information on Statement 7, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7.  The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

9. **Statement 9**.  For the avoidance of doubt, Statement 9 excludes *de minimis* charitable contributions including gifts to employees and dealers.

10. **Statement 10**.  All losses are listed at the operating Debtor entity Sunnova Energy Corporation if otherwise unknown.

11. **Statement 11**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition

Date are listed on the applicable Debtor's response to Statement 11. Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult. The Debtors have therefore included some payments related to non-bankruptcy-related services on Statement 11 out of an abundance of caution. Additional information regarding the Debtors' retention of professional service firms is described more fully in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their postpetition lenders or other parties.

12. **Statement 13**. Statement 13 excludes *de minimis* transfers.

13. **Statement 20**. The locations listed for off-premises storage do not include cloud-based storage of electronic data.

14. **Statement 25**. The Debtors have used commercially reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owner within the six years immediately preceding the Petition Date.

15. **Statement 26**. Pursuant to the requirements of Securities Exchange Act of 1934, as amended, Sunnova has filed SEC reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information. Additionally, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements that may not be part of a public filing. The Debtors do not maintain detailed records tracking such disclosures.

16. **Statement 30**. Refer to the Methodology section regarding all payments to insiders.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Sunnova Energy International Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas, Houston Division</td></tr>
<tr><td>Case number (If known)</td><td>25-90160</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

## Part 1:  Income

**1.  Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _____<br>MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____ to _____<br>MM/DD/YYYY   MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ to _____<br>MM/DD/YYYY   MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2.  Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

<u>See Attached Rider for Additional Details</u>

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2025 to 04/30/2025<br>MM/DD/YYYY | Various | $ 10,619.02 |
| **For prior year:** | From 01/01/2024 to 12/31/2024<br>MM/DD/YYYY   MM/DD/YYYY | Interest Income | $ 4,602.73 |
| **For the year before that:** | From 01/01/2023 to 12/31/2023<br>MM/DD/YYYY   MM/DD/YYYY | Interest Income | $ 18,798.66 |

| Debtor | Sunnova Energy International Inc. | | Case number (If known) | 25-90160 |
|---|---|---|---|---|
| | Name | | | |

## Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 3/2/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | _____<br>Street _____<br>City ___ State ___ Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2 | _____<br>Street _____<br>City ___ State ___ Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 3/2/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | SUNNOVA ENERGY CORPORATION<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 8/19/2024 | $ $503,560.05 | INTERCOMPANY CASH TRANSFER |
| | **Relationship to debtor**<br>AFFILIATE | | | |
| 4.2 | SUNNOVA ENERGY CORPORATION<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 4/25/2025 | $ $60,000.00 | INTERCOMPANY CASH TRANSFER |
| | **Relationship to debtor**<br>AFFILIATE | | | |

| Debtor | Sunnova Energy International Inc. | Case number (If known) | 25-90160 |
|---|---|---|---|
| | Name | | |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | _____ | _____ | _____ | $ _____ |
| | Street | _____ | | |
| | City          State          Zip Code | | | |
| 5.2 | _____ | _____ | _____ | $ _____ |
| | Street | _____ | | |
| | City          State          Zip Code | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| | _____ | _____ | _____ | $ _____ |
| | Street | _____ | | |
| | City          State          Zip Code | | | |

Last 4 digits of account number: XXXX - _____

## Part 3:     Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None   **See Attached Rider**

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | _____ | _____ | _____ | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | City          State          Zip Code | ☐ Concluded |
| | _____ | | | |
| 7.2 | _____ | _____ | _____ | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | City          State          Zip Code | ☐ Concluded |
| | _____ | | | |

Debtor   Sunnova Energy International Inc.                                                     Case number (If known)   25-90160
_____Name

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| _____ | | |
| Street | Case title | Court name and address |
| _____ | _____ | |
| City        State        Zip Code | Case number | |
| | _____ | |
| | Date of order or assignment | |
| | _____ | |

---

**Part 4:  Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ | _____ | _____ | $ _____ |
| Street | _____ | | |
| _____ | | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2 _____ | _____ | _____ | $ _____ |
| Street | | | |
| _____ | | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

**Part 5:  Certain Losses**

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| _____ | | | |

---

Debtor  Sunnova Energy International Inc.                                      Case number (If known)  25-90160
        Name

---

**Part 6:**       **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City            State            Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |
| **Who was paid or who received the transfer?** | **If not money, describe any property transferred** | **Dates** | **Total amount or value** |
| 11.2 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City            State            Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

---

Debtor  Sunnova Energy International Inc.                                          Case number (If known)   25-90160
_____
Name

---

13. **Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |

---

**Part 7:**  **Previous Locations**

14. **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | | Dates of Occupancy | |
|---|---|---|---|---|
| 14.1 | Street | | From _____ | To _____ |
| | City          State          Zip Code | | | |
| 14.2 | Street | | From _____ | To _____ |
| | City          State          Zip Code | | | |

---

Debtor  Sunnova Energy International Inc.
_____
        Name                                                           Case number (If known)  25-90160

---

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ Street _____ City    State    Zip Code | _____ | _____ |
| **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | | **How are records kept?** *Check all that apply:* ☐ Electronically  ☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2 _____ Street _____ City    State    Zip Code | _____ | _____ |
| **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | | **How are records kept?** *Check all that apply:* ☐ Electronically  ☐ Paper |

---

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.     Please refer to the Debtor's privacy policy: https://www.sunnova.com/legal/privacy-policy

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor    Sunnova Energy International Inc.
Name

Case number (If known)    25-90160

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18.  Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account  number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____ Street _____ City    State    Zip Code | XXXX-_____ | ☐ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |
| 18.2 _____ Street _____ City    State    Zip Code | XXXX-_____ | ☐ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |

**19.  Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Street _____ City    State    Zip Code | _____ Address _____ _____ | _____ _____ | ☐ No ☐ Yes |

**20.  Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Street _____ City    State    Zip Code | _____ Address _____ _____ | _____ _____ | ☐ No ☐ Yes |

Debtor  Sunnova Energy International Inc.                                    Case number (If known)   25-90160
_____
Name

---

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | | | |
| City          State          Zip Code | | | |

---

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | _____ | _____ | ☐  Pending |
| **Case Number** | Street | | ☐  On appeal |
| _____ | _____ | | ☐  Concluded |
| | City          State          Zip Code | | |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          Page 9

Debtor   Sunnova Energy International Inc.                                  Case number (If known)   25-90160
         Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

**Part 13:** **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 SUNNOVA ENERGY BV<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | SOLAR ENERGY COMPANY | EIN: 864889343 |
| | | **Dates business existed** |
| | | From 02/01/2023    To CURRENT |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 SUNNOVA ENERGY CORPORATION<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | SOLAR ENERGY COMPANY | EIN: 46-1216532 |
| | | **Dates business existed** |
| | | From 10/22/2012    To CURRENT |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: |
| | | **Dates business existed** |
| | | From _____    To _____ |

| Debtor | Sunnova Energy International Inc. | Case number (If known) | 25-90160 |
|--------|-----------------------------------|------------------------|----------|
|        | Name                              |                        |          |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address | Dates of service |
|------------------|------------------|
| 26a.1 _____ | From _____ To _____ |
| Street _____ | |
| City          State          Zip Code | |

| Name and address | Dates of service |
|------------------|------------------|
| 26a.2 _____ | From _____ To _____ |
| Street _____ | |
| City          State          Zip Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|------------------|------------------|
| 26b.1 PRICEWATERHOUSECOOPERS LLP<br>300 MADISON AVENUE<br>NEW YORK, NY 10017 | From 2014   To Present |

| Name and address | Dates of service |
|------------------|------------------|
| 26b.2 | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None    **See Attached Rider**

| Name and address | if any books of account and records are unavailable, explain why |
|------------------|------------------------------------------------------------------|
| 26c.1 _____ | _____ |
| Street _____ | _____ |
| City          State          Zip Code | |

Debtor   Sunnova Energy International Inc. _____   Case number (If known) __25-90160__
　　　Name

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2 _____ | _____ |
| Street | _____ |
| City　　　　　State　　　　　Zip Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None   **See Attached Rider**

| Name and address |
|---|
| 26d.1 _____ |
| Street |
| City　　　　　State　　　　　Zip Code |

| Name and address |
|---|
| 26d.2 _____ |
| Street |
| City　　　　　State　　　　　Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1 _____ | | |
| Street | | |
| City　　　　State　　　　Zip Code | | |

Debtor    Sunnova Energy International Inc.
Name

Case number (if known)    25-90160

| Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| | | | $ |

| Name and address of the person who has possession of inventory records | |
|---|---|
| 27.2 | |
| | Street |
| | |
| | City          State          Zip Code |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached Rider | | | From        To |
| | | | From        To |
| | | | From        To |
| | | | From        To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | Refer to SOFA Question 4 | | |
| | Street | | |
| | City          State          Zip Code | | |
| | | | |
| Relationship to debtor | | | |

Official Form 207        Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        Page **13**

| Debtor | Sunnova Energy International Inc. | | Case number (If known) | 25-90160 |
|---|---|---|---|---|
| | Name | | | |

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City            State            Zip Code | | | |

| Relationship to debtor |
|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Sunnova Energy International Inc. | EIN: 30-1192746 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

## Part 14:   Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/07/2025
                      MM / DD / YYYY

X    /s/ Ryan Omohundro                                          Printed name   Ryan Omohundro
     Signature of individual signing on behalf of the debtor

     Position or relationship to debtor    Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

Debtor Name:  Sunnova Energy International Inc.                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 2:** Non-business revenue

| From Date | To Date | Description of sources of revenue | Gross Revenue |
|-----------|---------|-----------------------------------|---------------|
| 01/01/2025 | 04/30/2025 | Other Miscellaneous Income | $7,713.80 |
| 01/01/2025 | 04/30/2025 | Interest Income | $2,905.22 |
| 01/01/2024 | 12/31/2024 | Interest Income | $4,602.73 |
| 01/01/2023 | 12/31/2023 | Interest Income | $18,798.66 |

Debtor Name: Sunnova Energy International Inc.

SOFA Question 4: Payments or other transfers of property made within 1 year before filing
Year-Over-Year Intercompany Balances

Case No:25-90160

| Debtor Company | Receivable/Payable | Trading Partner | Period | Beginning Balance | Ending Balance | Net Yearly Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| Sunnova Energy International Inc. | Intercompany Payable To | Sunnova AP 6 Warehouse II, LLC | 4/30/2024 - 4/30/2025 | $ (9,163.00) | $ (9,163.00) | $ - |
| Sunnova Energy International Inc. | Intercompany Receivable From | Sunnova Energy B.V. | 4/30/2024 - 4/30/2025 | $ 26,432.00 | $ 26,432.00 | $ - |
| Sunnova Energy International Inc. | Intercompany Receivable From | Sunnova Energy Corporation | 4/30/2024 - 4/30/2025 | $ 67,708.31 | $ 16,056.47 | $ (51,651.84) |
| Sunnova Energy International Inc. | Intercompany Payable To | Sunnova LAP I, LLC | 4/30/2024 - 4/30/2025 | $ (20,338.00) | $ (20,338.00) | $ - |
| Sunnova Energy International Inc. | Intercompany Payable To | Sunnova LAP II, LLC | 4/30/2024 - 4/30/2025 | $ (16,565.00) | $ (16,565.00) | $ - |
| Sunnova Energy International Inc. | Intercompany Payable To | Sunnova Sol IV Owner, LLC | 4/30/2024 - 4/30/2025 | $ (44,311.00) | $ (44,311.00) | $ - |

Debtor Name:  Sunnova Energy International Inc.                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| CHRISTOPHER BROECKER V. SUNNOVA ENERGY INTERNATIONAL, INC. | CV 2301394 | PROPERTY DAMAGE | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF HUMBOLDT 825 5TH ST EUREKA, CA 95501 | Pending |
| CHRISTOPHER SULLIVAN V. SUNNOVA ENERGY INTERNATIONAL, INC., ET AL. | 2024-CA-010453-O | FRAUD AND MISREPRESENTATION, CONTRACT DISPUTE, VIOLATION OF FDUPTA | ORANGE COUNTY CIRCUIT COURT 425 N. ORANGE AVE ORLANDO, FL 32801 | Pending |
| CLIFFORD AND IMANI PEARSON V. SUNNOVA ENERGY INTERNATIONAL, INC., ET AL. | 2025CV00251 | FRAUD AND MISREPRESENTATION, CONTRACT DISPUTE, PROPERTY DAMAGE | U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA 333 CONSTITUTION AVE. NW WASHINGTON, DC 20001 | Pending |
| GREG WILLIAMS V. SUNNOVA ENERGY INTERNATIONAL, INC. | 2024-0614 | BYLAW PROVISIONS | COURT OF CHANCERY, STATE OF DELAWARE 34 THE CIRCLE GEORGETOWN, DE 19947 | Pending |
| GREGORY HACKETT V. SUNNOVA ENERGY CORPORATION AKA SUNNOVA ENERGY INTERNATIONAL, INC. | 01-23-0005-1876 | FRAUD AND MISREPRESENTATION, CONTRACT DISPUTE | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |
| HATTIE ANDERSON F/K/A HATTIE WASHINGTON AND LYDELL ANDERSONVS. SUNNOVA ENERGY INTERNATIONAL, INC. AND INFINITY ENERGY, INC. | 01-23-0004-3877 | DTPA VIOLATION | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Concluded |
| HAYDEE RIVERA ROBLES VS POWER SOLAR LLC, SUNNOVA PUERTO RICO, LLC, SUNNOVA ENERGY CORPORATION, SUNNOVA ENERGY INTERNATIONAL, INC, SUNNOVA MANAGEMENT, LLC. | NEPR-QR-2024-0105 | SALES PROMISES | PUERTO RICO ENERGY BUREAU 268 AVE MUNOZ RIVERA, SUITE 202 EDIF WORLD PLAZA SAN JUAN, PR 00918-1925 | Pending |
| KATHY VERCHER V. SUNNOVA ENERGY INTERNATIONAL, INC. | 01-25-0002-3626 | SYSTEM ISSUES | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |
| MARGOTH JESSICA V. SUNNOVA ENERGY CORPORATION, ET AL | INDEX NO. 505707/2024 | INJURY | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS 360 ADAMS ST #4 BROOKLYN, NY 11201 | Pending |
| MATTHEW BRADEY, ET AL. V. SUNTUITY SOLAR, LLC | DOCKET NO. CPM-L56-25 | PROPERTY DAMAGE | SUPERIOR COURT OF CAPE MAY, NEW JERSEY 9 NORTH MAIN STREET CAPE MAY COURTHOUSE, NJ 08210 | Pending |
| MICHAEL TODD HAMILTON V. SUNNOVA ENERGY INTERNATIONAL, INC. | 01-25-0001-8746 | PROPERTY DAMAGE, BREACH OF WARRANTY | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |
| PATRICK AYERS, DERIVATIVELY ON BEHALF SUNNOVA ENERGY INTERNATIONAL V. WILLIAM J. BERGER, ET AL. | 4:24-CV-2294 | DERIVATIVE CLASS ACTION | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BOB CASEY UNITED STATES COURTHOUSE 515 RUSK AVENUE HOUSTON, TX 77002 | Pending |

Debtor Name:  Sunnova Energy International Inc.                                                      Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| RICARDO TRINDADE, INDIVIDUALLY AND BEHALF OF ALL OTHERS V. SUNNOVA ENERGY INTERNATIONAL, INC., WILLIAM J. BERGER, AND ROBERT L. LANE | 4:24-CV-00569 | SHAREHOLDER CLASS ACTION | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BOB CASEY UNITED STATES COURTHOUSE 515 RUSK AVENUE HOUSTON, TX 77002 | Pending |
| RYAN PULE VS SUNNOVA ENERGY INTERNATIONAL, INC. | 01-25-0001-2104 | PROPERTY DAMAGE | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |
| SANDRA GRAHAM V. SUNNOVA ENERGY INTERNATIONAL, INC. | 1:22-CV-00622-JLT-B AM | VIOLATION OF FEDERAL DEBT COLLECTION PRACTICES ACT | EASTERN DISTRICT OF CALIFORNIA 2500 TULARE STREET FRESNO, CA 93721 | Concluded |
| SETH SIFUENTES VS. SUNNOVA ENERGY INTERNATIONAL, INC., ET AL. | CV2025-016212 | PROPERTY DAMAGE, CONTRACT DISPUTE | MARICOPA COUNTY SUPERIOR COURT, ARIZONA 222 E. JAVELINA AVENUE STE 1600 MESA, AZ 85210 | Pending |
| SRINIKA NARAYAN V. SUNNOVA ENERGY INTERNATIONAL, INC. | 24SC060782 | PROPERTY DAMAGE | SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY (SMALL CLAIMS COURT) 661 WASHINGTON STREET OAKLAND, CA 94607 | Concluded |
| SUNTUITY ABC, LLC VS SUNNOVA INTERNATIONAL INC. | MON-L-00687-25 | PREFERENCE PAYMENT RECOVERY | MONMOUTH COUNTY SUPERIOR COURT 71 MONUMENT STREET FREEHOLD, NJ 07728 | Pending |
| TRENEGY, INC. VS. SUNNOVA ENERGY INTERNATIONAL INC. AND SUNNOVA ENERGY CORPORATION | 2025-26360 | CONTRACT DISPUTE | 125TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS 201 CAROLINE HOUSTON, TX 77002 | Pending |
| TRYSTAN BARTLEY V. SUNNOVA ENERGY INTERNATIONAL, INC. | 01-25-0002-5406 | BREACH OF WARRANTY, SYSTEM ISSUES | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |
| WAYNE KULICK VS SUNNOVA ENERGY INTERNATIONAL INC. | 01-25-0001-4578 | PROPERTY DAMAGE | AMERICAN ARBITRATION ASSOCIATION 1101 LAUREL OAK ROAD, SUITE 100 VOORHEES, NJ 08043 | Pending |

Debtor Name:  Sunnova Energy International Inc.                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| ERIC M. WILLIAMS<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 6/10/2024 | 3/30/2025 |
| KIM HAMMER<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 11/24/2014 | PRESENT |
| KIRK CROW<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 8/27/2018 | 3/14/2025 |
| ROBERT LANE<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 5/22/2019 | 6/30/2024 |
| ROBYN LISKA<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | 3/31/2025 | PRESENT |

Debtor Name:  Sunnova Energy International Inc.                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If unavailable, why? |
|---|---|
| KIM HAMMER<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | |
| PRICEWATERHOUSECOOPERS LLP<br>300 MADISON AVENUE<br>NEW YORK, NY 10017 | |
| ROBYN LISKA<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | |

Debtor Name:  Sunnova Energy International Inc.                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
|  |

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Sunnova Energy International, Inc. has filed with the U.S. Securities and Exchange Commission (the "SEC") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company 's website at https://investors.sunnova.com/home/default.aspx. Because the SEC filings and the website are public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.
In addition, in the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

Debtor Name:  Sunnova Energy International Inc.                                      Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| ALISHA LEVESTON | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | EXECUTIVE VICE PRESIDENT, OPERATIONS | N/A |
| ANNE SLAUGHTER ANDREW | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | DIRECTOR | N/A |
| BLACKROCK FUND ADVISORS | 400 HOWARD ST SAN FRANCISCO, CA 94105 | EQUITY SECURITY HOLDER | 6.20% |
| C. PARK SHAPER | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | DIRECTOR | N/A |
| DAVID SEARLE | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL AND CHIEF COMPLIANCE OFFICER | N/A |
| JEFFREY STEIN | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | DIRECTOR | N/A |
| JEREMY D. THIGPEN | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | DIRECTOR | N/A |
| KIMBERLY HAMMER | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | SENIOR VICE PRESIDENT, CHIEF ACCOUNTING OFFICER | N/A |
| MARGARET C. FITZGERALD | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | SENIOR VICE PRESIDENT, DEPUTY GENERAL COUNSEL AND SECRETARY | N/A |
| MICHAEL GRASSO | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | EXECUTIVE VICE PRESIDENT, CHIEF REVENUE OFFICER | N/A |
| NEWLIGHT PARTNERS LP | 320 PARK AVE 25TH FLOOR NEW YORK, NY 10022 | EQUITY SECURITY HOLDER | 5.18% |
| PAUL S. MATHEWS | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | PRESIDENT AND CHIEF EXECUTIVE OFFICER, DIRECTOR | N/A |
| ROBYN LISKA | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | INTERIM CHIEF FINANCIAL OFFICER | N/A |
| RYAN OMOHUNDRO | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | CHIEF RESTRUCTURING OFFICER | N/A |
| THE VANGUARD GROUP, INC. | 100 VANGUARD BLVD MALVERN, PA 19355 | EQUITY SECURITY HOLDER | 5.40% |
| TONY HORTON | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | DIRECTOR | N/A |

Debtor Name:  Sunnova Energy International Inc.                                                                    Case Number:  25-90160

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| AKBAR MOHAMED | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 12/01/2020 | 04/07/2025 |
| CORBIN J. ROBERTSON | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 09/20/2024 | 03/05/2025 |
| ERIC WILLIAMS | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER EVP, CHIEF FINANCIAL OFFICER | 06/10/2024 | 03/30/2025 |
| MARY YANG | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 10/31/2021 | 04/11/2025 |
| MEGHAN NUTTING | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER EXECUTIVE VICE PRESIDENT, GOVERNMENT AND REGULATORY AFFAIRS | 05/16/2021 | 05/30/2025 |
| MICHAEL C. MORGAN | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 06/01/2019 | 10/07/2024 |
| NORA MEAD BROWNELL | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 10/26/2020 | 12/31/2024 |
| RAHMAN D'ARGENIO | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER DIRECTOR | 06/01/2019 | 06/28/2024 |
| ROBERT LANE | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER EVP, CHIEF FINANCIAL OFFICER | 05/22/2019 | 06/30/2024 |
| WILLIAM J. BERGER | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | FORMER PRESIDENT AND CHIEF EXECUTIVE OFFICER, FORMER DIRECTOR | 01/18/2017 | 03/09/2025 |