**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**GLOBAL NOTES AND
STATEMENTS OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## General

Sunnova Energy International Inc. ("Sunnova") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements and should be referred to and referenced in connection with any review of the Schedules and Statements.[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Ryan Omohundro, Chief Restructuring Officer and Authorized Signatory of the Debtors and an authorized signatory for each of the Debtors. Mr. Omohundro has reviewed and verified all of the Schedules and Statements. In reviewing the Schedules and Statements, Mr. Omohundro has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Omohundro has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On June 1, 2025, Debtor Sunnova TEP Developer, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On June 9, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 19].  On June 18, 2025, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 226].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims the Debtors may hold against any third party or any insider, or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any claim against any Debtors or any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed,"

"contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c. **Recharacterization**. The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d. **Classifications**. The listing of (i) a claim (a) on Schedule D as "secured," or (b) on Schedule E/F as either "priority" or "unsecured priority," or (ii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, including, without limitation, the *Order (I) Authorizing the Debtors, for the Interim Period, to (A) Obtain Postpetition Financing (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 165], the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims, the characterization of the structure of any transaction, and any document or instrument related to such creditor's claim.

e. **Estimates and Assumptions**. To prepare these Schedules and Statements and report information on an entity-by-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.      **Causes of Action**.  Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such Claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims or causes of action.

g.      **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.      **Insiders**.  The Debtors have attempted to include all payments made within the twelve months before the Petition Date to any individual (and their relatives) or

5

entity who, in the Debtors' good faith belief, may be deemed an "insider."   As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.   The Debtors have also considered the requirements of GAAP and Securities and Exchange Commission (the "SEC") reporting standards and their public disclosures with respect to designating certain individuals and entities as "insider" herein.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should be construed as, an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.   Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date.  Nevertheless, the Debtors have included such individuals or entities herein out of an abundance of caution, and the Debtors reserve all rights with respect thereto.

## 4.  Methodology

a.  **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been

recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a Debtor's reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential revisions.

b.   **Reporting Date**. The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as of April 30, 2025, the date of the Debtors' month-end closure to their balance sheet, and the Debtors' liability data is as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.   **Confidentiality or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information. Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third-party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing. The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.   **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records. As described more fully in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and*

---

[3]   *See, e.g., Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix, (B) Redact or Withhold Certain Confidential Information of Customers, and (C) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief* [Docket No. 64] (the "Creditor Matrix Order").

*Books and Records, (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 9] (the "<u>Cash Management Motion</u>"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "<u>Cash Management System</u>"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately 525 bank accounts, 24 of which are owned and controlled by the Debtors and 501 of which are owned by non-Debtor affiliates.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "<u>Intercompany Transactions</u>") in the ordinary course of business, which resulted in intercompany receivables and payables (the "<u>Intercompany Claims</u>"). The Debtors maintain records of the Intercompany Claims and can generally ascertain, trace, and account for Intercompany Transactions. Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Maintain Existing Bank Accounts, Business Forms, and Books and Records, and (C) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief* [Docket No. 74] (the "<u>Cash Management Order</u>"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein, and subject to the entry of a final order related thereto. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

In addition, certain of the Debtors act on behalf of other Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.      **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.      **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of April 30, 2025, for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or at any time prior to or after the Petition Date.

g.      **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

h.      **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition:  (i) service fees and charges assessed by the Debtors' banks; (ii) insurance and surety obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "First Day Orders").  As such, outstanding liabilities may have been reduced by Court-approved postpetition payments made on account of prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.      **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors

pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j.  **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. In accordance with the Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.  **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and is calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies, day-to-day operating policies, and any applicable Court order.

l.  **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  Certain intangibles are listed in the asset schedules for the Debtors.  Such treatment may not reflect actual legal ownership.

The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such lease, including, but not limited to, the recharacterization thereof.

m.  **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  Liens levied in accordance with the Uniform Commercial Code as of the Petition Date, if any, are listed on Schedule D.

n.    **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court.  Other immaterial assets and liabilities may also have been excluded.

o.    **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

p.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

q.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

r.    **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (the "<u>Guarantees</u>") in their secured financings, debt instruments, and other agreements.  Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and

the guarantors with respect to their secured financings, debt instruments, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

s. **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business. Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

t. **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

u. **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

v. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

w. **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights

to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

### Specific Schedule Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. **Schedule A/B**

    a.   **Part 1**. Sunnova's Cash Management System comprises a total of 525 Bank Accounts. Of the Bank Accounts, 24 are owned and controlled by the Debtors, while the remaining 501 are owned by Non-Debtor Affiliates. The Debtors' primary cash management bank is J.P. Morgan Chase Bank, N.A. Further details with respect to the Cash Management System are provided in the Cash Management Motion. The cash amounts listed are as of June 1, 2025, for Debtor Sunnova TEP Developer, LLC and as of the June 8, 2025, Petition Date for the other Debtors and reflect the bank balance, not the net book value.

    b.   **Part 2**. The Debtors maintain certain deposits in the ordinary course of their business operations. These deposits are included in the Schedules for the appropriate legal entity. Types of deposits include, among other things, security deposits and utility deposits. Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies. The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

    c.   **Part 3**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables.

    d.   **Part 4**. Part 4 identifies only subsidiaries owned directly by the applicable Debtor entity. Subsidiaries owned indirectly by the Debtor entity are not listed. Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

13

e.      **Part 7**.  Actual realizable values may vary significantly relative to net book values as of the Petition Date.

f.      **Part 8**.  With the exception of any lease or security deposits, property leased by the Debtors is listed in Schedule G and is not listed in Part 8 of Schedule A/B, with the exception of any lease or security deposits for such property, which is listed on Schedule A/B.   Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

g.      **Part 9**.  Property leased by the Debtors is listed on both Part 9 of Schedule A/B and on Schedule G.  Furthermore, property values are scheduled in accordance with the Debtor's books and records, which may not comport with the legal owner of record.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.  The Debtors reserve all rights to recharacterize their interests in real property at a later date.

h.      **Part 10**.  Part 10 identifies the various trademarks, patents, licenses, permits, and website domains owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.  Various software licenses the Debtors use for their operations, which are easily obtainable and hold minimal value are not included.  The Debtors own over 600 URL names, the majority of which are not in use.  The Debtors have not listed all the URL names but retain ownership rights over these assets.

i.      **Part 11**.  The Debtors maintain approximately 40 insurance policies administered by multiple third-party insurance carriers and approximately 120 surety bonds provided by multiple third-party sureties.  The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, and directors' and officers' liability.  The Debtors more fully describe such policies in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, Purchase, Cancel, and Enter into New Insurance Policies, (C) Honor Prepetition Payment Arrangements, (D) Continue to Pay Brokerage Fees and Commissions, and (E) Maintain the Surety Bond Program; and (II) Granting Related Relief* [Docket No. 6].  Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

In addition, the Debtors attempted to list known causes of action and other claims.  Potential actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

2. **Schedule D**

    a.    The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Petition Date.

    b.    Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (i) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Paul Mathews, President and Chief Executive Officer of Sunnova Energy International Inc., In Support of Debtors' Chapter 11 Petitions* [Docket No. 17].

    c.    Schedule D does not include beneficiaries of letters of credit. Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

    d.    The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

3. **Schedule E/F**

    a.    **Part 1**. The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part 1. To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

        The Debtors have not listed any wage or wage-related obligations that the Debtors have already paid pursuant to the First Day Orders on Part 1; however, the Debtors have scheduled certain wage-related obligations on Part 1 that were approved to be paid pursuant to the First Day Orders but that they have not yet paid. The

Debtors further believe that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1.  The Debtors believe that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

b.   **Part 2**.  The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule.  As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors.  Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.  Additionally, certain creditors may assert mechanic's or other similar liens against the Debtors for amounts listed on Part 2.  The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor.  In addition, certain claims listed on Part 2 may potentially be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers.  The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date.  The Debtors have excluded workers' compensation claims from the Statements because the Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable*

*Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 61] and the *Order (I) Authorizing the Debtors to (A)Maintain Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, Purchase, Cancel, and Enter into New Insurance Policies, (C) Honor Prepetition Payment Arrangements, (D) Continue to Pay Brokerage Fees and Commissions, and (E) Maintain the Surety Bond Program, and (II) Granting Related Relief* [Docket No. 66].

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Debtors have scheduled liabilities to dealers in a manner consistent with how such liabilities are recorded in the Debtors' books and records in the ordinary course of business. Additionally, liabilities scheduled to dealers include gross dealer holdbacks and dealer payables. Dealer holdbacks represent incomplete systems which have fallen behind schedule per agreed upon terms and may not be legally due. The Debtors reserve their rights to dispute owing dealer holdbacks.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will, if applicable, reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Pursuant to the First Day Orders, the Court has authorized the Debtors to redact the names, mailing address, and email address of individuals including the

Debtors' customers listed on Schedule E/F.  Such individuals shall be sent an individualized notice pursuant to an order of the Court establishing the dates by which parties in interest must file proofs of claim in these chapter 11 cases (the "<u>Bar Dates</u>"), which will enable such individuals to determine the amount of their scheduled claim.  As of the date hereof, the Bar Dates are subject to ongoing negotiations with various parties in interest, and the Debtors reserve all rights to amend or supplement the amounts listed on Schedule E/F on account of such service retainers through and including the date on which the Court enters an order establishing the Bar Dates.

**4.  <u>Schedule G</u>**

a.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "<u>Agreements</u>") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G.  Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted Agreements.  Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.  The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Customer agreements with the Debtors have been redacted pursuant to the Creditor Matrix Order.

**5.  <u>Schedule H</u>**

a.  The Debtors are party to various debt agreements that were executed by multiple Debtors.  The guaranty obligations under prepetition debt agreements are noted on Schedule H for each individual Debtor.  In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties.  To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H.  In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim.  No claim set forth on the Schedules and Statements of any Debtor is

intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent these Global Notes include notes specific to Schedules D–G, such Global Notes also apply to the co-Debtors listed in Schedule H.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

### Specific Notes with Respect to the Debtors' Statements of Financial Affairs

6.  **Statement 3**.  As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

   a.  For Debtor Sunnova TEP Developer, LLC, the payments disclosed in Statement 3 are based on payments made by the Debtor with payment dates from March 4, 2025, to June 1, 2025.  For all other Debtors, Statement 3 payment dates are from March 11, 2025, to June 8, 2025.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

   b.  The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

   c.  The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

7.  **Statement 4**.  As described in the Cash Management Motion, certain Debtor cash accounts are zero-balance accounts or receipt accounts.  Balances in these accounts are swept on at least a daily basis to Debtor concentration accounts.  These transfers are ordinary course and voluminous and, for those reasons, have not been included on Statement 4.

8.  **Statement 7**.  Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  While the Debtors believe they were diligent in their efforts to include all such information on Statement 7, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7.  The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

9.  **Statement 9**.  For the avoidance of doubt, Statement 9 excludes *de minimis* charitable contributions including gifts to employees and dealers.

10.  **Statement 10**.  All losses are listed at the operating Debtor entity Sunnova Energy Corporation if otherwise unknown.

11.  **Statement 11**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition

Date are listed on the applicable Debtor's response to Statement 11. Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult. The Debtors have therefore included some payments related to non-bankruptcy-related services on Statement 11 out of an abundance of caution. Additional information regarding the Debtors' retention of professional service firms is described more fully in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their postpetition lenders or other parties.

12. **Statement 13**. Statement 13 excludes *de minimis* transfers.

13. **Statement 20**. The locations listed for off-premises storage do not include cloud-based storage of electronic data.

14. **Statement 25**. The Debtors have used commercially reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owner within the six years immediately preceding the Petition Date.

15. **Statement 26**. Pursuant to the requirements of Securities Exchange Act of 1934, as amended, Sunnova has filed SEC reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information. Additionally, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements that may not be part of a public filing. The Debtors do not maintain detailed records tracking such disclosures.

16. **Statement 30**. Refer to the Methodology section regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name     Sunnova Intermediate Holdings, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    25-90161

☐ Check if this is an amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:** Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**

     Copy line 88 from *Schedule A/B* .................................................................................................

     $ _____ 0.00

   1b. **Total personal property:**

     Copy line 91A from *Schedule A/B* ...........................................................................................

     $ _____ 3,312,345.34*

   1c. **Total of all property:**

     Copy line 92 from *Schedule A/B* ..............................................................................................

     $ _____ 3,312,345.34*

---

**Part 2:** Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ..........................................

   $ _____ Undetermined

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

     Copy the total claims from Part 1 from line 5a of *Schedule E/F* ................................................

     $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................

     + $ _____ 3,230,666.75*

4. **Total liabilities** ............................................................................................................................

   Lines 2 + 3a + 3b

   $ _____ 3,230,666.75*

*Plus Undetermined Amounts

**Fill in this information to identify the case:**

Debtor name  Sunnova Intermediate Holdings, LLC

United States Bankruptcy Court for the:  Southern District of Texas, Houston Division

Case number (If known)  25-90161

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                                            $              0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 See Attached Rider | | ___ ___ ___ ___ | $              0.00 |
| 3.2 | | ___ ___ ___ ___ | $ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 None | $              0.00 |
| 4.2 | $ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.        $              0.00

### Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No.Go to Part 3.

   ☐ Yes. Fill in the information below.

   **Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| | |
|---|---|
| 7.1 | $ |
| 7.2 | $ |

Debtor   Sunnova Intermediate Holdings, LLC

Name

Case number (if known) 25-90161

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____   $ _____

8.2 _____   $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.   $ _____ 0.00

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

|  |  |  | **Current value of debtor's interest** |
|---|---|---|---|
| 11. **Accounts receivable** | | | |
| 11a. 90 days old or less: | 214,620.36 — 0.00 | = ...... → | $ 214,620.36 |
| | face amount    doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | 0.00 — 0.00 | = ...... → | $ 0.00 |
| | face amount    doubtful or uncollectible accounts | | |

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $ 214,620.36

## Part 4: Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

|  | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1 None | | $ 0.00 |
| 14.2 | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity:      % of ownership: | | |
| 15.1 See Attached Rider    % | | $ Undetermined |
| 15.2    % | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1 None | | $ 0.00 |
| 16.2 | | $ |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.   $ Undetermined

*Plus Undetermined Amounts

Debtor    Sunnova Intermediate Holdings, LLC                                         Case number (if known) 25-90161
         Name

---

| **Part 5:** | **Inventory, excluding agriculture assets** |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

    Add lines 19 through 22. Copy the total to line 84.                                                $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops–either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

---

Debtor   Sunnova Intermediate Holdings, LLC
_____     Case number (if known) 25-90161
         Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

| | $ _____ 0.00 |
|---|---|

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** _____ | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** _____ | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** _____ | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

| | $ _____ 0.00 |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known) 25-90161 |
|---|---|---|
| | Name | |

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor   Sunnova Intermediate Holdings, LLC          Case number (if known)  25-90161
          Name

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $ _____ | _____ | $ _____ |
| 61. **Internet domain names and websites**<br>_____ | $ _____ | _____ | $ _____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $ _____ | _____ | $ _____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $ _____ | _____ | $ _____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $ _____ | _____ | $ _____ |
| 65. **Goodwill**<br>_____ | $ _____ | _____ | $ _____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:  All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|---|

**71. Notes receivable**

Description (include name of obligor)

| None | | — | | = → | $ | 0.00 |
|---|---|---|---|---|---|---|
| | Total Face Amount | | Doubtful or uncollectible Amount | | | |

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| REFER TO THE NOL MOTION FILED AT DOCKET NUMBER 11 | Tax Year | VARIOUS | $ | Undetermined |
|---|---|---|---|---|
| | Tax Year | | $ | |
| | Tax Year | | $ | |

**73. Interests in insurance policies or annuities**

| See Attached Rider | $ | Undetermined |
|---|---|---|

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

| See Attached Rider | $ | Undetermined |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

**76. Trusts, equitable or future interests in property**

| None | $ | 0.00 |
|---|---|---|

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| See Attached Rider | $ | 3,097,724.98 |
|---|---|---|
| | $ | |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | $ | 3,097,724.98* |
|---|---|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**\*Plus Undetermined Amounts**

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known) | 25-90161 |
|---|---|---|---|
| | Name | | |

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80.  **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $              0.00 | |
| 81.  **Deposits and prepayments.** *Copy line 9, Part 2.* | $              0.00 | |
| 82.  **Accounts receivable.** *Copy line 12, Part 3.* | $        214,620.36 | |
| 83.  **Investments.** *Copy line 17, Part 4.* | $     Undetermined | |
| 84.  **Inventory.** *Copy line 23, Part 5.* | $              0.00 | |
| 85.  **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $              0.00 | |
| 86.  **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $              0.00 | |
| 87.  **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $              0.00 | |
| 88.  **Real property.** *Copy line 56, Part 9.* . ............................................... → | | $0.00 |
| 89.  **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $              0.00 | |
| 90.  **All other assets.** *Copy line 78, Part 11.* | $       3,097,724.98* | |
| 91.  **Total.** Add lines 80 through 90 for each column.............................91a. | $       3,312,345.34* | + 91b. $0.00 |
| 92.  **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.............................................................................. | | $       3,312,345.34* |

*Plus Undetermined Amounts

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                                    Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 1, Question 3:** Checking, savings, money market, or financial brokerage accounts

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| JP MORGAN CHASE | INTERMEDIATE HOLDINGS ACCOUNT | 3773 | $0.00 |
| TEXAS CAPITAL BANK | INTERMEDIATE HOLDINGS ACCOUNT | 3851 | $0.00 |
| | | **TOTAL** | **$0.00** |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                          Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| SUNNOVA COB I HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 8 HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA MICROGRID HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ABS HOLDINGS XVI, LLC | 100 | N/A | Undetermined |
| SUNNOVA SOL X MANAGER, LLC | 100 | N/A | Undetermined |
| SUNNOVA INVENTORY SUPPLY HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 4, LLC | 100 | N/A | Undetermined |
| SUNNOVA RAYS I HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 7 HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA HESTIA HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA SOL X HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 5 HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA SOLSTICE PLEDGOR, LLC | 100 | N/A | Undetermined |
| SUNNOVA AURORA I MANAGER, LLC | 100 | N/A | Undetermined |
| SUNNOVA TEP I DEVELOPER, LLC | 100 | N/A | Undetermined |
| SUNNOVA SOL IX MANAGER, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 8 LOAN HOLDCO, LLC | 100 | N/A | Undetermined |
| SUNNOVA LOAN DISTRIBUTION, LLC | 100 | N/A | Undetermined |
| SUNNOVA BUSINESS MARKETS HOLDINGS, LLC | 100 | N/A | Undetermined |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                              Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| SUNNOVA SOL IX HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ENERGY PUERTO RICO, LLC | 100 | N/A | Undetermined |
| SUNNOVA BUSINESS MARKETS DEVELOPER CO, LLC | 100 | N/A | Undetermined |
| SUNNOVA SOLSTICE RR HOLDCO, LLC | 100 | N/A | Undetermined |
| SUNNOVA ABS HOLDINGS XV, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 6 HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA TEP II DEVELOPER, LLC | 100 | N/A | Undetermined |
| SUNNOVA ASSET PORTFOLIO 9 HOLDINGS, LLC | 100 | N/A | Undetermined |
| SUNNOVA ENERGY GUAM, LLC | 100 | N/A | Undetermined |
| SUNNOVA INVENTORY HOLDINGS, LLC | 100 | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                                              Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ADMIRAL INSURANCE COMPANY | EXCESS LIABILITY | SPE394286988 | Undetermined |
| ALLIED WORLD SPECIALTY INSURANCE COMPANY | D&O 2ND XS, 5M X 10M | 03119538 | Undetermined |
| ARCH INSURANCE (UK) LIMITED | PROPERTY | A240SREO0493 | Undetermined |
| ASCOT INSURANCE COMPANY | D&O SIDE A, 5M X 55M | MLXS25100019677-01 | Undetermined |
| ASPEN SPECIALTY INSURANCE COMPANY | EXCESS LIABILITY | EX00GL524 | Undetermined |
| ASPEN SPECIALTY INSURANCE COMPANY | GENERAL LIABILITY | ER00GL324 | Undetermined |
| AXIS SURPLUS INSURANCE COMPANY | PROPERTY | 3452970124ES | Undetermined |
| BEAZLEY SYNDICATE 2623/623 | CYBER LIABILITY | ZW731B24APBR | Undetermined |
| BERKLEY ASSURANCE COMPANY | PROFESSIONAL LIABILITY | PCAB-5024837-0524 | Undetermined |
| BERKLEY INSURANCE CO. | D&O SIDE A, 5M X 50M | BPRO8128688 | Undetermined |
| BWC OHIO STATE FUND | WORKERS' COMPENSATION (OH STATE) | 80195146 | Undetermined |
| CENTURY INSURANCE COMPANY | AUTOMOBILE LIABILITY | CIC-MCFL24-1095 | Undetermined |
| COLONY INSURANCE COMPANY | EXCESS LIABILITY | EXO4279288 | Undetermined |
| CONTINENTAL CASUALTY COMPANY | D&O 1ST XS, 5M X 5M | 652133006 | Undetermined |
| EVANSTON INSURANCE COMPANY | EXCESS LIABILITY | MKLV5EUE103396 | Undetermined |
| FEDERAL INSURANCE CO. | EMPLOYED LAWYERS PROFESSIONAL LIABILITY | J05947005 | Undetermined |
| FEDERAL INSURANCE CO. | EMPLOYMENT PRACTICES LIABILITY | J05949774 | Undetermined |
| FEDERAL INSURANCE CO. | FIDUCIARY LIABILITY | J05988500 | Undetermined |
| GENERAL SECURITY NATIONAL INS CO | D&O SIDE A, 5M X 40M | FA0105628-2023-1 | Undetermined |
| GREAT MIDWEST INSURANCE CO | D&O SIDE A, 5M X 35M | HPRO-CX-GM-0000335-01 | Undetermined |
| HDI GLOBAL INSURANCE COMPANY | D&O 3RD XS, 5M X 15M | FRH-G-ML-00000901-02 | Undetermined |
| HOUSTON CASUALTY COMPANY | PROPERTY | SO244768001 | Undetermined |
| HUDSON INSURANCE COMPANY | D&O SIDE A, 5M X 45M | HN-0303-10425 | Undetermined |
| IRONSHORE SPECIALTY INSURANCE COMPANY | EXCESS LIABILITY | XSCUW0015099701 | Undetermined |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                                    Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA | D&O SIDE A, 5M X 25M | 013407395 | Undetermined |
| NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA | CARGO STOCK THROUGH PUT | 023551846 | Undetermined |
| NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA | FIDELITY AND CRIME | 01-424-97-35 | Undetermined |
| NORTH DAKOTA WORKFORCE SAFETY & INSURANCE | WORKERS' COMPENSATION (ND STATE) | 1531192 | Undetermined |
| SWISS RE CORPORATE SOLUTIONS CAPACITY INS. CORP. | PARAMETRIC WINDSTORM/STORM SURGE | UTP1000000-06 | Undetermined |
| TEXAS MUTUAL INSURANCE COMPANY | WORKERS' COMPENSATION (TEXAS) | 0002111152 | Undetermined |
| TRANSVERSE SPECIALTY INSURANCE COMPANY | EXCESS LIABILITY | EMR-00000485-00 | Undetermined |
| UNDERWRITERS AT LLOYD'S OF LONDON | EXCESS CYBER LIABILITY | MR247769 | Undetermined |
| UNIVERSAL INSURANCE COMPANY | AUTOMOBILE LIABILITY | 09-518-000810469-3/000 | Undetermined |
| UNIVERSAL INSURANCE COMPANY | GENERAL LIABILITY/PROPERTY | 09-560-000807248-8/000 | Undetermined |
| WA DEPARTMENT OF LABOR & INDUSTRIES | WORKERS' COMPENSATION (WA STATE) | 604 730 611 | Undetermined |
| WESCO INSURANCE COMPANY | D&O SIDE A, 5M X 30M | EUW194870101 | Undetermined |
| WESTFIELD INSURANCE COMPANY | D&O 4TH XS, 5M X 20M | XDO-341632N-00 | Undetermined |
| XL SPECIALTY INSURANCE CO | DIRECTORS & OFFICERS LIABILITY PRIMARY 5M | ELU191482-23 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | AUTOMOBILE LIABILITY | BAP7172114-00 | Undetermined |
| ZURICH AMERICAN INSURANCE COMPANY | WORKERS' COMPENSATION (ALL OTHER STATES) | WC7172109-00 | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                    Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 11, Question 74:** Causes of action against third parties (whether or not a lawsuit has been filed)

| Causes of action against third parties (whether or not a lawsuit has been filed) | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| THE DEBTORS CONTINUE TO EVALUATE POTENTIAL RETAINED CAUSES OF ACTIONS AND RESERVES THEIR RIGHTS TO FILE ACTIONS AS IDENTIFIED. | | Undetermined | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Sunnova Intermediate Holdings, LLC                                                    Case Number:  25-90161

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed

| Other property of any kind not already listed<br>*Examples*: Season tickets, country club membership | Current value of debtor's interest |
|---|---|
| INTERCOMPANY RECEIVABLE FROM SUNNOVA AURORA I MANAGER, LLC | $1.00 |
| INTERCOMPANY RECEIVABLE FROM SUNNOVA HELIOS III ISSUER, LLC | $652,584.66 |
| INTERCOMPANY RECEIVABLE FROM SUNNOVA INVENTORY SUPPLY HOLDINGS, LLC | $1,807,620.19 |
| INTERCOMPANY RECEIVABLE FROM SUNNOVA MICROGRID HOLDINGS, LLC | $1.00 |
| INTERCOMPANY RECEIVABLE FROM SUNNOVA RAYS I ISSUER, LLC | $637,518.13 |
| **TOTAL** | **$3,097,724.98** |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Sunnova Intermediate Holdings, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known): | 25-90161 |

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of Claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **Creditor's name**<br>SUNNOVA ABS HOLDINGS IV, LLC | **Describe debtor's property that is subject to a lien**<br>UCC Financing Statement | $ Undetermined | $ Undetermined |
| **Creditor's mailing address**<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | **Describe the lien**<br>UCC FILE NUMBER 2020 4302750 DATED 6/22/2020 | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed | | |
| **2.2** **Creditor's name**<br>SUNNOVA ABS HOLDINGS IX, LLC | **Describe debtor's property that is subject to a lien**<br>UCC Financing Statement | $ Undetermined | $ Undetermined |
| **Creditor's mailing address**<br>20 EAST GREENWAY PLAZA<br>SUITE 540<br>HOUSTON, TX 77046 | **Describe the lien**<br>UCC FILE NUMBER 2022 6892822 DATED 8/17/2022 | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Have you already specified the relative priority?<br>☐ No. Specify each creditor, including this creditor, and its relative priority.<br>☐ Yes. The relative priority of creditors is specified on lines | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ _____

Debtor  Sunnova Intermediate Holdings, LLC
     Name                                                                       Case number (If known):  25-90161

| **Part 1:** | **Additional Page** | **Column A**<br>**Amount of Claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.3**

**Creditor's name**
SUNNOVA ABS HOLDINGS V, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ ____ Undetermined  $ ____ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2021 1270637 DATED 2/16/2021

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.4**

**Creditor's name**
SUNNOVA ABS HOLDINGS VI, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ ____ Undetermined  $ ____ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2021 5878773 DATED 7/27/2021

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Sunnova Intermediate Holdings, LLC
          Name                                          Case number (If known): 25-90161

| Part 1: | Additional Page | Column A | Column B |
|---------|-----------------|----------|----------|

Column A: **Amount of Claim** Do not deduct the value of collateral.

Column B: **Value of collateral that supports this claim**

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.5**

**Creditor's name**

SUNNOVA ABS HOLDINGS VII, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2021 8580335 DATED 10/26/2021

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

**2.6**

**Creditor's name**

SUNNOVA ABS HOLDINGS VIII, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2021 1634419 DATED 2/24/2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known): | 25-90161 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.7**

**Creditor's name**
SUNNOVA ABS HOLDINGS X, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ ___ Undetermined   $ ___ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2022 9353830 DATED 11/10/2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

  ☐ Yes. The relative priority of creditors is specified on lines

---

**2.8**

**Creditor's name**
SUNNOVA ABS HOLDINGS XI, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ ___ Undetermined   $ ___ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2023 3639084 DATED 5/16/2023

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

  ☐ Yes. The relative priority of creditors is specified on lines

---

Debtor  Sunnova Intermediate Holdings, LLC
     Name

Case number (If known):  25-90161

| **Part 1:** | **Additional Page** | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.9**

**Creditor's name**

SUNNOVA ABS HOLDINGS XII, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2023 5926950 DATED 8/30/2023

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.10**

**Creditor's name**

SUNNOVA ABS HOLDINGS XIII, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2024 1215852 DATED 2/23/2024

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Sunnova Intermediate Holdings, LLC                                                Case number (If known):    25-90161
          Name

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|---|

Copy this page only if more space is needed.Continue numbering the lines sequentially
from the previous page.

---

**2.11** | Creditor's name

SUNNOVA ABS HOLDINGS XIV, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 4414270 DATED 6/28/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.12** | Creditor's name

SUNNOVA ABS HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 475
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2023 7770307 DATED 11/15/2023

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC

     Name

Case number (If known): 25-90161

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.13**

**Creditor's name**

SUNNOVA ASSET PORTFOLIO 7 HOLDINGS, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2023 5299747 DATED 8/02/2023

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.14**

**Creditor's name**

SUNNOVA AURORA I HOLDINGS, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2024 8898593 DATED 12/19/2024

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known): | 25-90161 |
|---|---|---|---|
| | Name | | |

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

**2.15**

**Creditor's name**
SUNNOVA BUSINESS MARKETS HOLDINGS, LLC

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$   Undetermined   $   Undetermined

**Describe the lien**
UCC FILE NUMBER 2023 8774555 DATED 12/27/2023

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.16**

**Creditor's name**
SUNNOVA HESTIA HOLDINGS, LLC

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$   Undetermined   $   Undetermined

**Describe the lien**
UCC FILE NUMBER 2023 7620346 DATED 11/08/2023

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

Debtor  Sunnova Intermediate Holdings, LLC                                      Case number (if known): 25-90161
_____Name_____

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.17**

**Creditor's name**

SUNNOVA HESTIA HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ___Undetermined   $ ___Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 3779145 DATED 6/05/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.18**

**Creditor's name**

SUNNOVA SOL HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ___Undetermined   $ ___Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 475
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 8347328 DATED 12/02/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC                              Case number (If known): 25-90161
_____
Name

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.19** | **Creditor's name**
SUNNOVA SOL II HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2020 8348809 DATED 11/30/2020

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority.

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.20** | **Creditor's name**
SUNNOVA SOL II MANAGER, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2020 8348874 DATED 11/30/2020

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority.

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC _____  Case number (If known): 25-90161 _____
      Name

| **Part 1:** | **Additional Page** | Column A | Column B |
|---|---|---|---|
| | | **Amount of Claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.21**

**Creditor's name**

SUNNOVA SOL III HOLDINGS, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2021 4733227 DATED 6/17/2021

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.22**

**Creditor's name**

SUNNOVA SOL III MANAGER, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2021 4732492 DATED 6/17/2021

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

Debtor   Sunnova Intermediate Holdings, LLC                          Case number (If known): 25-90161
         Name

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.23**

**Creditor's name**
SUNNOVA SOL IV HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2022 5380472 DATED 6/27/2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

**2.24**

**Creditor's name**
SUNNOVA SOL IV MANAGER, LLC

**Describe debtor's property that is subject to a lien**
UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**
UCC FILE NUMBER 2022 5378815 DATED 6/27/2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines

---

Debtor  Sunnova Intermediate Holdings, LLC
        Name

Case number (If known):  25-90161

---

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.25** | **Creditor's name**

SUNNOVA SOL IX HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2025 1216487 DATED 2/21/2025

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.26** | **Creditor's name**

SUNNOVA SOL MANAGER, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined   $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 475
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 8346734 DATED 12/02/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor   Sunnova Intermediate Holdings, LLC                                    Case number (If known):   25-90161
         Name

| **Part 1:** | **Additional Page** | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.27** | **Creditor's name**

SUNNOVA SOL V HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ____ Undetermined   $ ____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2023 3020046 DATED 4/26/2023

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.28** | **Creditor's name**

SUNNOVA SOL VI HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ____ Undetermined   $ ____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 0968428 DATED 2/13/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known): | 25-90161 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.29**

**Creditor's name**

SUNNOVA SOL VI MANAGER, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ___ Undetermined  $ ___ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 0969004 DATED 2/13/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.30**

**Creditor's name**

SUNNOVA SOL VII HOLDINGS, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ___ Undetermined  $ ___ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 5405160 DATED 8/07/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes.  Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor   Sunnova Intermediate Holdings, LLC
      Name

Case number (If known):   25-90161

| **Part 1:** | **Additional Page** | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.31**

**Creditor's name**

SUNNOVA SOL VII MANAGER, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Underestimated $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2024 5405392 DATED 8/07/2024

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.32**

**Creditor's name**

SUNNOVA SOL VIII HOLDINGS, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2024 7277591 DATED 10/18/2024

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC
    Name

Case number (If known):  25-90161

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.33**

**Creditor's name**

SUNNOVA SOLSTICE PLEDGOR, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 4
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2025 1492575 DATED 3/04/2025

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.34**

**Creditor's name**

SUNNOVA SOLSTICE PLEDGOR, LLC

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 4
HOUSTON, TX 77046

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

UCC FILE NUMBER 2025 1492807 DATED 3/04/2025

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC
Name                                                    Case number (If known):   25-90161

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.35**

**Creditor's name**

SUNNOVA TEP DEVELOPER, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2021 2457456 DATED 3/29/2021

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.36**

**Creditor's name**

SUNNOVA TEP DEVELOPER, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 475
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 4762397 DATED 07/15/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

Debtor  Sunnova Intermediate Holdings, LLC

Name

Case number (If known):  25-90161

| **Part 1:** | **Additional Page** | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.37**  **Creditor's name**

SUNNOVA TEP DEVELOPER, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ____ Undetermined  $ ____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 475
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2024 4762447 DATED 07/15/2024

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.38**  **Creditor's name**

SUNNOVA TEP OPCO, LLC

**Describe debtor's property that is subject to a lien**

UCC Financing Statement

$ ____ Undetermined  $ ____ Undetermined

**Creditor's mailing address**

20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**Describe the lien**

UCC FILE NUMBER 2021 2457084 DATED 3/29/2021

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

---

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known): | 25-90161 |
| | Name | | |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Sunnova Intermediate Holdings, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas, Houston Division</td></tr>
<tr><td>Case number<br>(If known)</td><td>25-90161</td></tr>
</table>

☐ Check if this is an amended filing

<u>Official Form 206E/F</u>

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** | $ | $ |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |
| **2.2** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** | $ | $ |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |
| **2.3** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** | $ | $ |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |

Debtor   Sunnova Intermediate Holdings, LLC
      Name

Case number (if known) 25-90160

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
MOONROAD SERVICES GROUP, LLC
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  INTERCOMPANY PAYABLE

**$ 1,000,000.00**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**
SUNNOVA ENERGY CORPORATION
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  INTERCOMPANY PAYABLE

**$ 1,810,418.06**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**
SUNNOVA HELIOS II ISSUER, LLC
20 EAST GREENWAY PLAZA
SUITE 540
HOUSTON, TX 77046

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  INTERCOMPANY PAYABLE

**$ 420,248.69**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**
WILMINGTON TRUST, NATIONAL ASSOCIATION
ATTN: SUNNOVA ENERGY INTERNATIONAL INC. ADMINISTRATOR
50 SOUTH SIXTH STREET
SUITE 1290
MINNEAPOLIS, MN 55402

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**  GUARANTOR TO 11.75% SENIOR NOTES WITH PRINCIPAL OF $400MM

**$ Undetermined**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.5** | **Nonpriority creditor's name and mailing address**
WILMINGTON TRUST, NATIONAL ASSOCIATION
ATTN: SUNNOVA ENERGY INTERNATIONAL INC. ADMINISTRATOR
50 SOUTH SIXTH STREET
SUITE 1290
MINNEAPOLIS, MN 55402

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**  GUARANTOR TO 5.875% SENIOR NOTES WITH PRINCIPAL OF $400MM

**$ Undetermined**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**$**

Date or dates debt was incurred

Last 4 digits of account number

**Is the claim subject to offset?**
☐ No
☐ Yes

| Debtor | Sunnova Intermediate Holdings, LLC | Case number (If known): | 25-90161 |
|---|---|---|---|
| | Name | | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line ___<br>☐ Not listed. Explain | |
| 4.2 | | Line ___<br>☐ Not listed. Explain | |
| 4.3 | | Line ___<br>☐ Not listed. Explain | |
| 4.4 | | Line ___<br>☐ Not listed. Explain | |
| 4.5 | | Line ___<br>☐ Not listed. Explain | |
| 4.6 | | Line ___<br>☐ Not listed. Explain | |
| 4.7 | | Line ___<br>☐ Not listed. Explain | |
| 4.8 | | Line ___<br>☐ Not listed. Explain | |
| 4.9 | | Line ___<br>☐ Not listed. Explain | |

Debtor  Sunnova Intermediate Holdings, LLC                                    Case number (If known)   25-90161
        Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.**  Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. **Total claims from Part 2** | 5b. ✛ | $ _____ 3,230,666.75 |
|  |  | + Undetermined Amounts |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ 3,230,666.75 |
|  |  | + Undetermined Amounts |

| Fill in this information to identify the case: |
|---|

Debtor name    Sunnova Intermediate Holdings, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    25-90161

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAFFIRMATION OF GUARANTY AGREEMENT DATED 02/13/2024 | BAL INVESTMENT & ADVISORY INC<br>ONE FINANCIAL PLAZA<br>2ND FLOOR<br>PROVIDENCE, RI 02903 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAFFIRMATION OF GUARANTY AGREEMENT DATED 04/26/2023 | GENERAC TEP I, LLC<br>C/O GENERAC POWER SYSTEMS. INC.<br>ATTN: TAX DIRECTOR; GENERAL COUNSEL<br>S45W29290 HIGHWAY 59<br>WAUKESHA, WI 53189 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CONTRIBUTION AGREEMENT DATED 12/28/2022 | SUNNOVA ASSET PORTFOLIO 8 HOLDINGS, LLC |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CONTRIBUTION AGREEMENT DATED 03/02/2017 | SUNNOVA ENERGY CORPORATION |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | CONTRIBUTION AGREEMENT DATED 03/02/2017 | SUNNOVA TEP I DEVELOPER, LLC |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Sunnova Intermediate Holdings, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known): | 25-90161 |

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing address | Name | Check all schedules that apply: |
| 2.1 Sunnova Energy Corporation | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.2 Sunnova Energy International Inc. | 20 EAST GREENWAY PLAZA SUITE 540 HOUSTON, TX 77046 | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.3 | | | ☐ D ☐ E/F ☐ G |
| 2.4 | | | ☐ D ☐ E/F ☐ G |
| 2.5 | | | ☐ D ☐ E/F ☐ G |
| 2.6 | | | ☐ D ☐ E/F ☐ G |

---

**Fill in this information to identify the case and this filing:**

Debtor name  Sunnova Intermediate Holdings, LLC

United States Bankruptcy Court for the:  Southern District of Texas, Houston Division

Case number (If known)  25-90161

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/07/2025
         MM / DD / YYYY

X /s/ Ryan Omohundro
Signature of individual signing on behalf of debtor

Ryan Omohundro
Printed name

Chief Restructuring Officer
Position or relationship to debtor