United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 15, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order"): (a) establishing the General Claims Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (d) approving the form and manner for filing Proofs of Claim; (e) approving notice of the Bar Dates (each as defined herein); and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

final order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate and no other notice need be provided; and this Court having reviewed the Motion and

having heard the statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT**:

## I.    The Bar Dates and Procedures for Filing Proofs of Claim.

1.    Except for an entity that/who is exempt from complying with the applicable Bar

Dates or filing Proof(s) of Claim (as defined herein) as set forth in the Motion or this Bar Date

Order, each entity[3] that asserts a claim against any of the Debtors that arose before the date on

which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the

Bankruptcy Code, including requests for payment under section 503(b)(9) of the Bankruptcy

Code, shall be required to file an original, written proof of claim (a "Proof of Claim"),

substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall
have those meanings ascribed to them by the Bankruptcy Code.   In particular, as used herein: (a) the term "claim"
has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals,
partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the
Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the
Bankruptcy Code;  and (d) the term "person" has the meaning given to it in section 101(41) of the
Bankruptcy Code.

Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth  herein, ***all Proofs of Claim must be filed so that they are actually received on or before August 6, 2025, at 5:00 p.m., prevailing Central Time*** (the "General Claims Bar Date"), at the addresses and in the form set forth herein.  The General Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Bar Date Order.   All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, ***so they are actually received on or before December 5, 2025, at 5:00 p.m., prevailing Central Time*** (the "Governmental Bar Date"), at the address and in the form set forth herein.

2.      Unless otherwise ordered, all entities (other than entities that/who are exempt from complying with the applicable Bar Dates or filing Proof(s) of Claim as set forth in the Motion or this Bar Date Order) asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the

---

[4]   Copies of Official Form 410 may be obtained free of charge by:  (a) calling the Debtors' restructuring hotline at (888) 975-5436 (domestic, toll free), or +1 (646) 930-4686 (international); (b) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/Sunnova; or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "<u>Rejection Damages Bar Date</u>").

3.     If any Debtor amends the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by email or first-class mail, as applicable, of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates or filing Proof(s) of Claim, as set forth in the Motion or this Bar Date Order, the last date and time for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date the notice of the Schedule amendment is sent (the "<u>Amended Schedules Bar Date</u>," and together with the General Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "<u>Bar Date</u>" or "<u>Bar Dates</u>").

4.     All Proofs of Claim must be filed or submitted so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date.   If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date by holders of claims that are required to file a Proof of Claim pursuant to this Bar Date Order, the holders of the such claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

5.     Notwithstanding anything to the contrary in this Bar Date Order, the Debtors may agree, in their discretion, to extend the Bar Date on behalf of a requesting claimant.  Beginning on

August 15, 2025 and every two (2) weeks thereafter, the Debtors shall deliver to the Committee a

report of all extensions of the Bar Date that it has granted to requesting claimants.

## II.     Parties Required to File Proofs of Claim.

6.      The following categories of claimants, in the capacities described below, shall be

required to file a Proof of Claim by the Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code; *provided* that current or former employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

7.      Any creditor may choose to submit a Proof of Claim on a different form as long as

it is substantially similar to Official Form 410.

**III.    Parties Exempted from the Bar Dates.**

8.      Notwithstanding anything to the contrary in the Motion or this Bar Date Order, the following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by any of the Bar Dates:

a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.    any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.    any entity whose claim has previously been allowed by a final order of this Court;

e.    any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any of the 5.875% Senior Notes Indenture, 11.75% Senior Notes Indenture, 0.25% Convertible Notes Indenture, and 2.625% Convertible Notes Indenture (the "<u>Indentures</u>"); *provided* that the relevant authorized indenture trustee under each of the Indentures, or the noteholders thereunder, may, but are not obligated to, in their sole discretion, file one or more Proofs of Claim or master Proofs of Claim on or before the General Claims Bar Date, which shall be deemed to constitute the filing of such proof of claim or proofs of claim in the cases of all Debtors that are obligors under the Indentures;

f.    any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) having a claim against a Debtor;

g.    any entity whose claim is solely against any non-Debtor affiliate;

h.    any entity whose claim has been paid by the Debtors pursuant to an order of this Court;

i.    a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current

or former employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.   any current or former officer, manager, director, or employee of any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) for claims based on indemnification, contribution, or reimbursement;

k.   any entity holding a claim for which a separate deadline is fixed by an order of this Court or such entity is exempted from filing a Proof of Claims by an order of this Court;

l.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

m.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the Interim DIP Order (together with any final order related thereto, the "DIP Orders");

n.   any holder of a claim for any fees, expenses, or other obligations arising or payable under an order of the Court in these chapter 11 cases, including the DIP Orders; and

o.   any entity holding an equity interest in any Debtor.

**IV.    Substantive Requirements of Proofs of Claim.**

9.   The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.   *Contents*.   Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal

representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.   ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant will be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 25-90160 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Sunnova Energy International Inc.

e.   ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Sunnova Energy International Inc.

f.   ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/),

(ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the General Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following addresses:

**If by First-Class Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.   *Receipt of Service*.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   Identification of Known Creditors.

10.   The Debtors shall email or mail, as applicable, notice of the applicable Bar Date only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.   Procedures for Providing Notice of the Bar Date.

### A.   Mailing of Bar Date Notices.

11.   Pursuant to Bankruptcy Rule 2002(a)(7), within five (5) business days of the later of (a) the date the Debtors file their Schedules and (b) entry of the Bar Date Order, the Debtors

shall cause a written notice of the Bar Dates substantially in the form attached hereto as **Exhibit 2**

(the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be

served via email or first-class mail to the following entities (or their respective counsel, if known):

a.  the U.S. Trustee;

b.  the entities listed as holding the thirty largest unsecured claims against the Debtors (on a consolidated basis);

c.  Willkie Farr & Gallagher LLP and Blank Rome LLP, as co-counsels to the Official Committee of Unsecured Creditors (the "Committee");

d.  counsel to any other official committee appointed in these chapter 11 cases;

e.  Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Group of DIP Lenders;

f.  White & Case LLP, counsel to the Atlas TEPH Lenders;

g.  Schulte Roth & Zabel LLP, counsel to the Special Committee of the Board of Directors of Sunnova TEP Holdings, LLC and co-counsel to Sunnova TEP Holdings, LLC and its subsidiaries;

h.  Norton Rose Fulbright US LLP, counsel to GoodFinch Management, LLC;

i.  Milbank LLP, counsel to the KKR Term Loan Lenders;

j.  Davis Polk & Wardwell LLP, counsel to the Ad Hoc Group of ABS Lenders;

k.  all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

l.  all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

m.  all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the entry of the Bar Date Order;

n.  all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;[5]

---

[5]  The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

o.    all entities that are party to executory contracts and unexpired leases with the Debtors;

p.    all entities that are party to active litigation with the Debtors;

q.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

r.    all other entities listed on the Debtors' matrix of creditors;

s.    all regulatory authorities that are known by the Debtors to regulate the Debtors' business, including applicable environmental and permitting authorities;

t.    the Offices of the Attorney General for each of the states in which the Debtors operate;

u.    the District Director of the Internal Revenue Service for the Southern District of Texas;

v.    all other taxing authorities listed on Exhibit A to the Taxes Motion;[6]

w.    the United States Securities and Exchange Commission; and

x.    the Office of the United States Attorney for the Southern District of Texas.

Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

**B.    Supplemental Mailings.**

12.    After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential

---

[6]    On June 9, 2025, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 12] (the "Taxes Motion"), which included a schedule on Exhibit A thereto of the governmental units (as that term is defined in section 101(27) of the Bankruptcy Code), including the Internal Revenue Service, and other taxing authorities to which the Debtors pay or remit various taxes and fees on a periodic basis.

claimants become known as the result of the Bar Date mailing process or the Schedules filing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to ten (10) days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors.  Additionally, if any new potential creditors are discovered before the General Claims Bar Date, the Debtors shall email or mail, as applicable, a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the General Claims Bar Date.

13.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

**C.     Publication of Bar Date Notice.**

14.     The Debtors shall cause notice of the General Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The New York Times* (national edition), the *Financial Times* (global edition), the *San Juan Daily Star*, and they may publish the Publication Notice in any other national or local publications that the Debtors deem appropriate and disclose in applicable affidavits of publication.

15.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and

sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures.

## VII.    Consequences of Failure to File a Proof of Claim.

16.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

17.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

## VIII.    Miscellaneous.

18.     Each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of this Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

19.     Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Bar Date Order granting the relief requested by the Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

20.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

21.     The provisions of this Bar Date Order apply to all claims, other than the claims explicitly exempted from the requirement to file a Proof of Claim as set forth herein, of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

22.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

23.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

24.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

26.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

 Houston, Texas

 Signed: July 15, 2025

Alfredo R Pérez
United States Bankruptcy Judge

## Exhibit 1

**Proof of Claim Form**

**United States Bankruptcy Court, Southern District of Texas (Houston Division)**

| Fill in this information to identify the case | |
|---|---|
| ☐ Sunnova Energy International Inc. (Case No. 25-90160) | ☐ Sunnova Intermediate Holdings, LLC (Case No. 25-90161) |
| ☐ Sunnova Energy Corporation (Case No. 25-90159) | ☐ Sunnova TEP Developer, LLC (Case No. 25-90153) |

Modified Official Form 410

# Proof of Claim

**4/25**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) |
|---|---|
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Name | Name |
| | Number      Street | Number      Street |
| | City              State         ZIP Code | City              State         ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier (if you use one): | |

| 4. Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____     Filed on ___ / ___ / _____<br>                                                                                                                    MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? |
|---|---|

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❏ No<br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

**7. How much is the claim?**   $_____. **Does this amount include interest or other charges?**

❏ No

❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❏ No

❏ Yes. The claim is secured by a lien on property.

**Nature of property:**

❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❏ Motor vehicle

❏ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

❏ Fixed

❏ Variable

**10. Is this claim based on a lease?**

❏ No

❏ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

❏ No

❏ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | <br><br><br><br>$_____<br><br>$_____<br><br><br>$_____<br><br><br>$_____<br><br>$_____<br><br>$_____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
               MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name         Middle name        Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number      Street |
| | _____ |
| | City                State    ZIP Code |
| Contact phone | _____   Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                      12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9)**: A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:
**If by first class mail:**
Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/Sunnova/EPOC-Index.

**Do not file these instructions with your form**

## Exhibit 2

**Proposed Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Date of Voluntary Chapter 11 Petition | Case No. |
|---|---|---|
| Sunnova Energy International Inc. | June 8, 2025 | 25-90160 |
| Sunnova Energy Corporation | June 8, 2025 | 25-90159 |
| Sunnova Intermediate Holdings, LLC | June 8, 2025 | 25-90161 |
| Sunnova TEP Developer, LLC | June 1, 2025 | 25-90153 |

**PLEASE TAKE NOTICE THAT:**

On June 1, 2025, Debtor Sunnova TEP Developer, LLC filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and on June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC (collectively, with Sunnova TEP Developer, LLC, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").[2]

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.  "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

On [●], 2025 the Court entered an order [Docket No. [●]] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:   (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.  THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates").

a.   ***The General Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are **required** to file Proofs of Claim by **August 6, 2025, at 5:00 p.m., prevailing Central Time**.  Except as expressly set forth in this Notice and the Bar Date Order, the General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code are

**required** to file Proofs of Claim by **December 5, 2025, at 5:00 p.m., prevailing Central Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.   ***The Rejection Damages Bar Date***. Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are **required** to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors).

d.   ***Amended Schedules Bar Date***. Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims affected by the amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are **required** to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules).

## II.   PARTIES WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein or in the Bar Date Order, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code must file Proofs of Claim on or before the General Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

3

b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code; *provided* that current or former employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for certain kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claim:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.  any entity whose claim has previously been allowed by a final order of the Court;

e.  any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any of the 5.875% Senior Notes Indenture, 11.75% Senior Notes Indenture, 0.25% Convertible Notes Indenture, and 2.625% Convertible Notes Indenture (the "Indentures"); *provided* that the relevant authorized indenture trustee under each of the Indentures, or the noteholders thereunder, may, but are not obligated to, in their sole discretion, file one or more Proofs of Claim or master Proofs of Claim on or before the General Claims Bar Date, which shall be deemed to constitute the filing of such proof of claim or proofs of claim in the cases of all Debtors that are obligors under the Indentures;

f.  any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) having a claim against a Debtor;

g.  any entity whose claim is solely against any non-Debtor affiliate;

h.  any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

i.  a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.  any current or former officer, manager, director, or employee of any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) for claims based on indemnification, contribution, or reimbursement;

k.  any entity holding a claim for which a separate deadline is fixed by an order of the Court or such entity is exempted from filing a Proof of Claims by an order of the Court;

l.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

m.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the Interim DIP Order (together with any final order related thereto, the "DIP Orders");

n.      any holder of a claim for any fees, expenses, or other obligations arising or payable under an order of the Court in these chapter 11 cases, including the DIP Orders; and

o.      any entity holding an equity interest in any Debtor.

## IV.     INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code(and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant will be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 25-90160 (ARP)), or otherwise without identifying a specific Debtor, will be

deemed as filed only against Debtor Sunnova Energy International Inc.

e.   ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Sunnova Energy International Inc.

f.   ***Supporting Documentation in Order to Have*** **Prima Facie** ***Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the General Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following addresses:

**If by First-Class Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.     ***Receipt of Service***.  Claimants submitting a Proof of Claim through
non-electronic means wishing to receive acknowledgment that their
Proof of Claim was received by the Claims and Noticing Agent must
submit (i) a copy of the Proof of Claim Form (in addition to the
original Proof of Claim Form sent to the Claims and Noticing
Agent) and (ii) a self-addressed, stamped envelope.

## V.     CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you
or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar
Date Order on or before the applicable Bar Date, please be advised that:

a.     YOU WILL BE FOREVER BARRED, ESTOPPED, AND
ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE
DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT
THERETO);

b.     THE DEBTORS AND THEIR PROPERTY SHALL BE
FOREVER DISCHARGED FROM ANY AND ALL
INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR
ARISING FROM SUCH CLAIM IF A CHAPTER 11 PLAN IS
APPROVED AND THERE IS NO PROOF OF CLAIM FILED;

c.     YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE
CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.     YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN
OR PLANS OF REORGANIZATION FOR THE DEBTORS ON
ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE
FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION.

Pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the website maintained by the Debtors' Claims and Noticing Agent at on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.   Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (888) 975-5436 (domestic, toll free) or +1 (646) 930-4686 (international).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

## <u>Exhibit 3</u>

**Proposed Form of Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL CLAIMS BAR DATE IS AUGUST 6, 2025, AT 5:00 P.M., PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL GENERAL CLAIMS BAR DATE IS DECEMBER 5, 2025, AT 5:00 P.M., PREVAILING CENTRAL TIME**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Deadlines for Filing Proofs of Claim*. On [●], 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| Debtor | Date of Voluntary Chapter 11 Petition | Case No. |
|---|---|---|
| Sunnova Energy International Inc. | June 8, 2025 | 25-90160 |
| Sunnova Energy Corporation | June 8, 2025 | 25-90159 |
| Sunnova Intermediate Holdings, LLC | June 8, 2025 | 25-90161 |
| Sunnova TEP Developer, LLC | June 1, 2025 | 25-90153 |

*The Bar Dates*. Pursuant to the Bar Date Order, *all* entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046. "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

Bar Dates (as defined below)), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, no matter how remote or contingent such right to payment or equitable remedy may be, ***including*** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **August 6, 2025, at 5:00 p.m., prevailing Central Time (the "General Claims Bar Date")**.  Governmental entities that have a claim or potential claim against the Debtors that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **December 5, 2025, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")**.  All entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates (as defined below) holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is **the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date")**.  All entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Date (as defined below) holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim by the date that is **later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date" and together with the General Claims Bar Date, Governmental Bar Date and Rejection Damages Bar Date, a "Bar Date" or "Bar Dates")**.

**ANY PERSON OR ENTITY WHO IS REQUIRED UNDER THE BAR DATE ORDER BUT FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE GENERAL CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

In addition, pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

   ***Filing a Proof of Claim***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the website maintained by the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by

the Claims and Noticing Agent on or before the General Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following addresses:

**If by First-Class Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

*Contents of Proofs of Claim*.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink; and (vi) include as attachments any and all supporting documentation on which the claim is based.  *Please note* that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Sunnova Energy International Inc., or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Sunnova Energy International Inc.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant will be deemed acceptable for purposes of claims administration.   Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five years after the Debtors' cases are closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

*Section 503(b)(9) Requests for Payment*.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value

of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*.  If you have any questions regarding the claims process or you wish to obtain a copy of the Bar Date Notice, a Proof of Claim Form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at (888) 975-5436 (domestic, toll free) or +1 (646) 930-4686 (international); or (ii) visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/Sunnova.