IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL. INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90160 (ARP)<br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**JAJ ROOFING d/b/a CITADEL ROOFING & SOLAR**
**TO DEBTORS' SALE OF ASSETS AND ASSIGNMENT OF CONTRACTS**

JAJ Roofing d/b/a Citadel Roofing & Solar ("Citadel"), a counterparty to contracts with Sunnova Energy Corporation, one of the above-captioned debtors and debtors-in-possession ("Sunnova" and, together with its affiliated debtors, collectively, the "Debtors"), by and through its attorneys, Venable LLP, respectfully submits this *Limited Objection and Reservation of Rights to the Debtors' Emergency Motion For Entry of an Order (I) Approving the Bidding Procedures, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the WholeCo Stalking Horse Agreement and Expense Reimbursement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (VI) Authorizing the Assumption and Assignment of Assumed Executory Contracts and Unexpired Leases, (VII) Authorizing the Sale of Assets and (VIII) Granting Related Relief* [Dkt. No. 113] (the "Sale Motion")[2] and respectfully states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as is ascribed to such terms in the Sale Motion or in the CPA, as the context dictates.

1

1. Citadel and Sunnova are parties to two prepetition contracts: (i) an Installation Agreement, dated as of September 12, 2022 (the "Installation Agreement") and (ii) a Channel Partner Agreement, dated as of July12, 2023 (the "CPA").

2. As of the Petition Date, Citadel was owed not less than $1,486,713.00 under the Installation Agreement for work performed by Citadel for Sunnova prepetition. Citadel may be owed additional amounts for work performed under the Installation Agreement post-petition.

3. As of the Petition Date, pursuant to the CPA, Citadel has title to, and owns, certain "Solar Systems" with respect to which the "Work" has not been completed and the "Control Transfer Date" has not occurred (i.e., title to the Solar Systems remains with Citadel and had not, as of the Petition Date, transferred to Sunnova).

**Limited Objection**

4. The Installation Agreement is listed on the *Notice of Filing of Schedules to WholeCo Stalking Horse Agreement* [Dkt. No. 404-1] (the "WholeCo Schedules") under Schedule 1.1(c) Assigned Contracts and Schedule 3.11(a) Material Contract, but the Installation Agreement is not listed on the *Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases* [Dkt. No. 456-1] (the "Assumption Notice").

5. The WholeCo Schedules and the Assumption Notice are inconsistent with respect to Citadel and the Installation Agreement. It is impossible for Citadel to determine whether it is impacted by the Sale Motion and whether the Installation Agreement is going to be assumed by Sunnova and assigned to WholeCo. To the extent the Debtors are seeking approval of the assumption and assignment of the Installation Agreement, Citadel objects to the Sale Motion, because the Debtors have not provided any notice to Citadel of the proposed cure amount necessary

for assumption of the Installation Agreement nor have they provided adequate assurance of future performance of the contract.

6. In addition, under the WholeCo Stalking Horse Agreement, "Purchaser intends to acquire all assets required to operate the Business," which appears to include "Host Customer Solar Assets subject to a Channel Partner Agreement." *See* WholeCo Stalking Horse Agreement §§ 1.5(b); 1.2 (Excluded Assets); 11.1 (yyy) (Definitions; New Home WIP) and 11.1(ggg) (Definitions; Host Customer Solar Assets). Neither the WholeCo Stalking Horse Agreement nor the WholeCo Schedules contain a list of Host Customer Solar Assets subject to Channel Partner Agreements that the Debtors purport to be selling to WholeCo., so it is impossible to determine whether the Debtors are seeking to sell assets that were not property of the estate as of the Petition Date. Without this information, Citadel cannot be certain that its assets are properly protected.

7. Accordingly, Citadel objects to the Sale Motion to the extent it purports to sell any of the Solar Systems that were not completed as of the Petition Date under the CPA and requests that a schedule of the assets to be sold pursuant to the Sale Motion be provided to Citadel prior to the hearing on the Sale Motion.

**Reservation of Rights**

8. Citadel understands that the auction process may be still ongoing and that a Successful Bidder has not yet been announced. Citadel also understands that no schedules have yet been filed in connection with the *Notice of Filing of ServiceCo. Stalking Horse Agreement* [Dkt. No. 376]). Citadel reserves all rights to object to a sale to ServiceCo or any other bidder that purports to (i) assume and assign the Installation Agreement as a part of the sale transaction unless the Debtors provide Citadel with adequate notice of the cure amount required for assumption of the Installation Agreement, Citadel consents to the cure amount or this Court otherwise determines

the cure amount pursuant to a final order, and the Debtors provide adequate assurance of future performance of the contract and/or (ii) sell Solar Systems that were not completed as of the Petition Date under the CPA.  Citadel further reserves its rights to raise additional or further objections to, file declarations in connection with, or provide evidence with respect to the Sale Motion, any orders entered in connection therewith, or any hearing held with respect thereto, or any other sale motion that purports to assume, assign, reject, or otherwise

affect the Installation Agreement or the CPA.

Dated: July 25, 2025
      New York, New York

**VENABLE LLP**

*/s/ Xochitl S. Strohbehn*
Xochitl S. Strohbehn
151 West 42nd St., 49th Floor
New York, NY 10036
Tel: 212.370.6224
Fax: 212.347.331.6922
XSStrohben@venable.com

*Attorneys for JAJ Roofing d/b/a*
  *Citadel Roofing & Solar*

**BECK REDDEN LLP**
David W. Jones (Bar No. 00790980)
Marcos Rosales (Bar No. 24074979)
1221 McKinney, Suite 4500
Houston, TX 77010
Tel: 713.951.3700212.370.6224
Fax: 713.951.3720
djones@beckredden.com
mrosales@beckredden.com
*Attorneys for JAJ Roofing d/b/a*
  *Citadel Roofing & Solar*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Bankruptcy Court for the Southern District of Texas, using the CM/ECF system. The ECF system will send a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept service of this document by electronic means.

*/s/ David W. Jones*
David W. Jones
