**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION FOR RELIEF
FROM THE AUTOMIC STAY (RIVERA)
(relates to Dkt. No. 313)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this objection (the "Objection") to the *Motion for Relief from Automatic Stay to Allow Limited Proceedings in Pending Civil Action in Puerto Rico* [Docket No. 313] (the "Motion") filed by Maribel Reyes Rivera ("Movant").

**Objection**

1. Section 362 of the Bankruptcy Code imposes an automatic stay that protects debtors from (i) "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case," (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (iii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1), (3) & (6). This automatic stay is "one of the fundamental debtor protections provided

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046. "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

by the bankruptcy laws," because it "prevents the dissipation or diminution of the bankrupt's assets while rehabilitative efforts are undertaken." *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987) (quoting legis. history at H.R. Rep. NO. 95-595, 95th Cong., 2d Sess. 340 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin News 5787, 5963, 6297–98).

2. A court may lift the automatic stay "for cause" after notice and a hearing. 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not define "cause," whether to lift the stay is "committed to the discretion of the bankruptcy judge" to determine on a case-by-case basis. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017). Courts in this Circuit consider a variety of factors in determining whether cause exists to lift the stay, including the *Sonnax* factors. *See, e.g.*, *In re McConathy,* 2021 WL 2405734, at *7 (W.D. La. June 14, 2021); *In re Trust*, 526 B.R. 668, 682 (Bankr. N.D. Tex. 2015); *In re Xenon Anesthesia of Tex.*, *PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). The *Sonnax* factors include:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990). Not all factors will be relevant in each case. *In re Xenon*, 510 B.R. at 112. And while no one factor is

determinative in whether cause exists to lift the automatic stay, s*ee In re Mosher*, 578 B.R. at 773, "even slight interference with the administration [of the Debtors' estates] may be enough to preclude relief." *Anderson v. Hoechst Celanese Corp. (In re U.S. Brass Corp.)*, 173 B.R. 1000, 1006 (Bankr. E.D. Tex. 1994), *modified*, 176 B.R. 11 (Bankr. E.D. Tex. 1994).

3. Where the moving party is an unsecured creditor, as here, relief from the automatic stay should be granted only in "the most extraordinary of circumstances." *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986). The burden of proof is on the movant to make an initial showing of cause. *Mosher*, 578 B.R. at 772. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *Sonnax Indus.*, 907 F.2d at 1285.

4. Here, neither extraordinary circumstances nor cause exist to warrant the relief requested by Movant. The Motion should be denied because (1) Movant failed to meet her burden to make a showing of initial cause; (2) the relevant *Sonnax* factors, including, among others, interference with the bankruptcy, the interests of judicial economy, and injury to the debtor and other creditors, weigh against lifting the stay; and (3) the Motion contains procedural defects that preclude relief.

    **A.**    **Movant Failed to Meet Her Burden to Demonstrate Cause Exists.**

5. Movant has failed to meet her burden to demonstrate that cause exists to lift the automatic stay to allow her prepetition claim to proceed against Debtor Sunnova Energy Corporation before the Court of First Instance in Bayamón, Puerto Rico. Movant asserts cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay because doing so would (i) respect the authority and procedural posture of the Puerto Rico courts, (ii) promote judicial economy, and (iii) prevent unnecessary delay and prejudice to the Creditor. None of these establish cause. First, respecting the authority of Puerto Rico courts and the procedural posture of

cases already proceeding in Puerto Rico is not one of the factors relevant in determining whether to lift the automatic stay. Indeed, the automatic stay was designed to shield the debtor from a multitude of litigation in a variety of forums. *See, e.g., Commonwealth Oil Refin. Co. v. U.S. Env't Prot. Agency*, 805 F.2d 1175, 1182 (5th Cir. 1986). The desire to respect the courts of another forum does not establish cause to lift the automatic stay. The stay, which is vital to allowing the Debtors to focus their efforts on restructuring and to preserve the assets of the estate, must be maintained to protect the Debtors, for the time being, from expending resources to defend themselves in a proceeding in Puerto Rico.

6. Second, granting relief would not promote judicial economy. Instead, "[t]he interests of judicial economy favor proceeding through the claims estimation process in bankruptcy court rather than litigation …." *In re Choice ATM Enters., Inc.,* No 14-44982 (DML), 2015 WL 1014617, at *5 (Bankr. N.D. Tex. Mar. 4, 2015).

7. Third, the delay Movant complains of is insufficient to establish cause. *See Prudential Ins. Co. v. Madison Hotel Assocs.*, 18 B.R. 218, 219 (Bankr. W.D. Wis. 1982) ("Relief from the automatic stay for 'cause' is not, nor was it intended by the drafters of the Bankruptcy Code, to encompass mere delay in the assertion of rights.").

8. Additionally, Movant does not allege that she will suffer any unique hardship if the stay is maintained. She does not address whether the requested relief will interfere with the bankruptcy or prejudice other creditors, and she does not provide any analysis as to the proportionality of the harms that would result from modifying or continuing the stay. Movant has shown only that she may have an unsecured, prepetition claim against one of the Debtors.

9. Because Movant has failed to make the initial showing of cause, relief should be denied.

B.     **The *Sonnax* Factors Weigh in Favor of Continuing the Stay.**

10.    Moreover, a majority of the *Sonnax* factors weigh in favor of continuing the stay and against granting the Movant's request for relief from the stay, including:

- ***Lifting the stay would interfere with the bankruptcy cases.*** Lifting the stay to allow Movant to litigate her claim—even if limited to the "Phase I" described in the Motion—undermines the centralized forum provided by the bankruptcy and would interfere with these chapter 11 cases. Allowing Movant to proceed with her claim in another forum would vitiate the fundamental purpose of the automatic stay: giving the Debtors a "breathing spell" from creditors and allowing the Debtors to focus their efforts on restructuring. The Debtors are short staffed as a result of necessary reductions in workforce and are unable to spare personnel to litigate claims in a separate forum. Defending against Movant's claim would be an unnecessary distraction for the Debtors and their professionals and would inhibit the efficient resolution of these chapter 11 cases.

- ***The relief requested would result in only a partial resolution of the issues.*** Movant has requested that the stay be modified only to allow Phase 1 of the case—an evidentiary hearing to determine whether the signature on the contract allegedly entered with the debtor was forged. The Motion states that the Movant does not seek enforcement "of any monetary judgment at this time." The requested relief, therefore, is incapable of providing a complete and final resolution of the issues.

- ***Movant's claims do not involve the Debtors as fiduciaries.*** Movant has not brought a claim against any of the Debtors in a fiduciary capacity. The automatic stay is designed to shield the Debtors from precisely the type of claim Movant has brought against Debtor Sunnova Energy Corporation.

- ***The Debtors' insurer has not assumed full responsibility for defending the claims.*** The Debtors' insurance policies are only applicable to claims like Movant's to the extent that Movant claims property damage as a result of the Debtors' negligent work, in which case the Debtors' insurance policies require the Debtors to pay deductible of $100,000 or a self-insured retention ("SIR") of $250,000. Other claims asserted by Movant against the Debtors are not covered by insurance. Thus the Debtors will bear the cost of litigating the claim in a separate forum and be responsible for damages (at least through the bankruptcy claim process), except to the extent that property damages exceed the applicable deductible or SIR amount. The Debtors' insurer, therefore, has not assumed full responsibility for defending the claims.

- ***Litigation in another forum would prejudice the interests of other creditors.*** Lifting the stay to allow the Movant's claim to proceed in arbitration would prejudice the interests of other creditors by depleting the resources of the estate in defending the litigation. The automatic stay serves not only to protect the debtor

5

but also "to protect creditors by preventing a race for the debtor's assets" *Commonwealth Oil Refin. Co. v. U.S. Env't Prot.* Agency, 805 F.2d 1175, 1182 (5th Cir. 1986).

- ***The interests of judicial economy require continuing the stay.*** The interests of judicial economy require that all claims be resolved in the centralized bankruptcy forum. Lifting the stay to allow the Movant to litigate her claim would invite a flood of similar requests, potentially resulting in piecemeal litigation across the country and beyond. The stay must be maintained to avoid wasting judicial resources. Furthermore, the lawsuit is in its initial stage and no resources will be wasted by enforcing the stay and prohibiting that proceeding.

- ***The parties are not trial ready.*** Movant admits that the discovery phase in her state court case was "substantially completed," rather than completed, and only as to Phase 1 of the case. The Motion states that the case was approaching a Status Conference prior to the evidentiary hearing but does not state when or whether the evidentiary hearing was scheduled. Movant has not alleged that the parties are ready for the evidentiary hearing.

- ***The impact of the stay on the parties and the balance of the harms weighs in favor of continuing the stay.***

    - ***Lifting the stay would cause injury to the debtor.*** Lifting the stay would be prejudicial to the Debtors, because the Debtors would be forced to expend limited estate resources defending against the Movant's claims in Puerto Rico. The Debtors do not currently have ordinary course professionals to defend them in Movant's existing proceeding and would be injured by incurring the time and cost to retain counsel in a separate forum.

    - ***Movants have not established injury if the stay is not modified.*** Movant has not established the injury she would suffer if the stay is not modified. Movant has shown no reason as to why she should be permitted to interfere with the fundamental protections afforded by the automatic stay. Movant has a clear remedy for her claim within this bankruptcy proceeding—she may file a proof of claim. In fact, Movant has already submitted a proof of claim. The interests of judicial economy weigh in favor of resolving Movant's claim within this bankruptcy proceeding and not in parallel track in Puerto Rico.

11. Accordingly, cause does not exist to lift the stay to allow Movant's arbitration claim to proceed in these circumstances.

  **C.**  **The Motion Fails to Comply with Local Rule 4001-1.**

12. In addition to lacking the required cause for relief from the automatic stay, the Motion fails to comply with Local Rule 4001-1. The Motion includes the following deficiencies:

- ***Lacks certificate of conference.***  Local Rule 4001-1(a)(1) requires that motions for relief from the automatic stay contain a certificate that the movant has conferred with opposing counsel (or, in the event of *pro se* parties, opposing parties) and been unable to reach an agreement on the requested relief. The Motion contains no such certificate and no reference to any conference with opposing counsel or the opposing parties.

- ***Lacks hearing date.***  Local Rule 4001-1(a)(2) requires that motions for relief from the automatic stay include a hearing date from the judge's web page. The Motion does not include a hearing date.

- ***Lacks proper notice language.***  Local Rule 4001-1(a)(3) requires that motions for relief from the automatic stay state the following immediately below the title:

> This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule. Represented parties should act through their attorney. There will be a hearing on this matter on [date] at [time] in courtroom _____, [address].

The Motion does not include this required language.

13. Because Movant has failed to comply with these requirements imposed by this Court's Local Rules, relief should be denied.

## Reservation of Rights

14. The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection on any basis whatsoever, at a future date. Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Debtors reserve all rights with respect hereto.

**Conclusion**

For the reasons set forth herein, the Debtors respectfully request that the Motion be denied and that Debtors be granted such other relief as the Court deems just.

Houston, Texas
July 25, 2025

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| 711 Louisiana Street, Suite 2300 | 333 West Wolf Point Plaza |
| Houston, Texas 77002 | Chicago, Illinois 60654 |
| Telephone:   (713) 223-2300 | Telephone:   (312) 862-2000 |
| Facsimile:   (800) 404-3970 | Facsimile:   (312) 862-2200 |
| Email:   jason.cohen@bracewell.com | Email:   anup.sathy@kirkland.com |
|          jonathan.lozano@bracewell.com | |
| | -and- |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Brian Schartz, P.C. (TX Bar No. 24099361) |
| | Ciara Foster (admitted *pro hac vice*) |
| | Margaret Reiney (admitted *pro hac vice*) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:   (212) 446-4800 |
| | Facsimile:   (212) 446-4900 |
| | Email:   brian.schartz@kirkland.com |
| |          ciara.foster@kirkland.com |
| |          margaret.reiney@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**Certificate of Service**

      I certify that on July 25, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served via certified first class mail and electronic mail on the below recipients.

                                                    */s/ Jason G. Cohen*
                                                   Jason G. Cohen

Maribel Reyes Rivera
PO Box 1418
Hatillo, PR 00659
Maribelreyes13.hatillo@yahoo.com

Sandra Rosa Rodriguez
Lcda. Sandra Rosa-Rodriguez
PO Box 141786
Arecibo, PR 00614
Sandrarosa@legalsrr.com