IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Related Docket Nos. 599 & 691** |

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF DEBTORS' OBJECTION TO ENTERPRISE BANK & TRUST'S EMERGENCY MOTION TO RECONSIDER AND ALTERNATIVELY FOR RELIEF FROM ORDER AUTHORIZING SALE OF ASSETS

The Official Committee of Unsecured Creditors (the "Committee") of Sunnova Energy International Inc. and its debtor affiliates, debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases, respectfully submits this Statement in Support of the Debtors' Objection to Enterprise Bank & Trust's ("Enterprise") *Emergency Motion to Reconsider and Alternatively for Relief from Order Authorizing Sale of Assets* [Docket No. 691] (the "Emergency Motion"), states that:

1. On June 12, 2025, the Debtors filed their *Emergency Motion for Entry of an Order (I) Approving the Bidding Procedures, (ii) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Wholeco Stalking Horse Agreement and Expense Reimbursement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (VI) Authorizing the*

---

[1] A complete list of each of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in the chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

1

*Assumption and Assignment of Assumed Executory Contracts and Unexpired Leases, (VII) Authorizing the Sale of Assets, and (VIII) Granting related Relief* [Doc. No 113] (the "Sale Motion").

2. On July 31, 2025, after this Court made thorough and detailed factual findings and conclusions of law based on the record of the evidence presented at the hearing on July 31, 2025, the Court entered its Order authorizing the Debtors to sell substantially all of their assets free and clear of liens, claims, and interests under § 363(f) [Docket No. 599] (the "Sale Order"). The Sale Order, among other things, includes findings that the transaction proposed by the Debtors maximized value for creditors, was entered into in good faith and was a sound exercise of the Debtors' business judgment.

3. On August 14, 2025, two weeks after entry of the Sale Order, Enterprise filed its Emergency Motion.

4. The Emergency Motion relies, in part, on two proofs of claim filed by Enterprise, premised on the possible recapture of investment tax credits it purchased from Sunnova TEP Developer, LLC ("Sunnova TEP") due to the sale transaction approved by the Court. *See* Emergency Motion ¶ 14. The proofs of claim assert general unsecured claims, without priority, for as much as $24,735,785.00. Proofs of Claim Nos. 888 and 984.

5. Enterprise received notice of the sale and elected not to lodge a sale objection. Instead, two weeks after entry of the Sale Order, Enterprise filed the Emergency Motion, predicated on the notion that the sale might give rise to the recapture of investment tax-credits that could inflate its unsecured claim. Enterprise has not met its burden to unwind the sale and stall the progress achieved in these cases. *See In re Strudel Holdings LLC,* 656 B.R. 404, 409 (Bankr. S.D. Tex. 2024) (placing the burden of proving extraordinary circumstances and manifest injustice

to unwind the sale on movant); *Matter of Walker Cnty. Hosp. Corp.*, 3 F.4th 229, 234 (5th Cir. 2021) ("The purpose of § 363 is to 'promote the finality of bankruptcy sales[,] thereby maximizing the purchase price of estate assets. . . Without this protection, potential appeals would create such uncertainty that it could chill bidding on the debtor's assets.'").

6. The Committee believes the sale authorized by this Court will produce higher recoveries than any alternative and that delaying the closing of such sale will jeopardize creditor recoveries and be value destructive. Allowing a holder of contingent unsecured claims to delay or jeopardize the sale is not supported by the facts and circumstances of these fragile cases and would not be in the best interests of creditors.

7. Enterprise, of course, may seek allowance of its claims in the future under 11 U.S.C. §§ 501–502; however, a request for reconsideration or relief from an order authorizing a sale of assets entered by this Court is simply the wrong request for relief at the wrong time.

8. To the extent Enterprise seeks reconsideration or other relief from the Sale Order, the Committee submits such requests lack merit and should be denied.

9. Nothing herein constitutes a waiver of, and the Committee expressly reserves, all rights to object to Enterprise's claims on any basis, including amount, priority, classification, and validity.

10. Enterprise is situated no differently from any other unsecured creditor that may ultimately share in a distribution from these estates. Its asserted contingent, unsecured, non-priority claims, cannot be allowed to derail a Court-approved sale process, essential to maximizing creditor recoveries. The Committee, therefore, urges the Court to deny the relief sought by Enterprise in its Emergency Motion.

Dated: August 19, 2025                                  Respectfully Submitted,

**BLANK ROME LLP**
By: /s/ Ira L. Herman
Joseph M. Welch (Texas Bar No. 24135531)
4 Park Plaza, Suite 450
Irvine, California 92614
Telephone: (949) 812-6000
Email: Joseph.Welch@blankrome.com

Ira L. Herman (Texas Bar No. 24063314)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5001
Email: Ira.Herman@blankrome.com

Michael B. Schaedle (admitted *pro hac vice*)
Matthew E. Kaslow (admitted *pro hac vice*)
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Email: Mike.Schaedle@blankrome.com
Matt.Kaslow@blankrome.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Email: jhardy2@willkie.com

Brett H. Miller (admitted *pro hac vice*)
Dennis L. Jenkins (admitted *pro hac vice*)
James H. Burbage (admitted *pro hac vice*)
Betsy L. Feldman (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Email: bmiller@willkie.com
djenkins@willkie.com
jburbage@willkie.com
bfeldman@willkie.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

## Certificate of Service

I hereby certify that, on August 19, 2025, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Joseph M. Welch*
Joseph M. Welch

006285.00001/155241779v.2