James Martinez (SBN 235800)
**LAW OFFICE OF JAMES MARTINEZ**
2340 Powell Street, #317
Emeryville, CA 94608
Telephone: (510) 444-7700
JM@Jamesmlaw.net

Attorneys for
**JUSTIN FLEEMAN**

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **SUNNOVA ENERGY INTERNATIONAL, INC.; SUNNOVA ENERGY CORPORATION; SUNNOVA INTERMEDIATE HOLDINGS, LLC; SUNNOVA TEP DEVELOPER, LLC**<br><br>**Debtors,** | **Case Number 25-90160 (ARP)**<br><br>**Chapter 11** |
| **JUSTIN FLEEMAN,**<br><br>**Plaintiff,**<br><br>**SUNNOVA ENERGY CORPORATION,**<br><br>**Defendant.** | **ADVERSARY PROCEEDING NUMBER**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

COMES NOW, Plaintiff, by and through counsel, files this Complaint Objecting to Discharge of Debtors pursuant to 11 U.S.C. §523 (a)(2)(A), and Bankruptcy Rule 4004(d) and 7001(4) of the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334, and venue is proper pursuant to 28 U.S.C. §1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(j).  In support of this Complaint, Plaintiff would show the Court:

## I.        Fraud and Deceit - Intentional Misrepresentation

1.        The underlying California State Court action centers around a fraudulent transaction regarding the sale and installation of a solar energy system at Plaintiff Justin Fleeman's house.  The California State Court action states three causes of action:  Fraud and Deceit - Intentional Misrepresentation; Fraud and Deceit - Negligent Misrepresentation; Fraud and Deceit - Suppression of Fact.  All causes of action are based on the following set of facts.

2.        Plaintiff Justin Fleeman ("FLEEMAN"), is an individual who is now, and at all times mentioned in this complaint was, a resident of the City of Bakersfield, County of Kern, State of California.

3.        Defendant SUNNOVA ENERGY CORPORATION ("SUNNOVA"), was doing business within the City of Bakersfield, County of Kern, State of California.

4.        Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants SUNNOVA ENERGY CORPORATION, and each of the remaining debtors,  and each of them, were the agents, servants, employers, joint venture, partner, division, owner, subsidiary, alias, assignee, employee, and/or alter-ego of  each of the remaining Defendants, and were, at all times herein mentioned, acting within the scope of said agency, employment servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval, and ratification of each remaining Defendants.

5.        Plaintiff is are informed and believes, and thereupon alleges, that at all

1   times herein mentioned, each of the Defendants, and debtors was the

2   successor-in-interest to each of the remaining Defendants, and on that basis, are liable

3   for any act, or omission, of said Defendants alleged in this complaint.

4         6.    A salesperson met with Plaintiff Justin Fleeman regarding the

5   installation of a solar energy system at his house.  After some discussions, the

6   salesperson told Plaintiff that they normally charge $60,327.09 for a solar energy

7   system, but because he knows the owners they could do it for $45, 251.35.  Plaintiff is

8   informed and believes, and thereupon alleges, that at the time of this sales transaction

9   and at the time of the construction quote, the salesperson for SUNNOVA was not

10  licensed in California - not during the negotiation of the subject contract, nor at the

11  time of the signing of the subject contract.

12        7.    This unlicensed salesperson further quoted Plaintiff a federal tax

13  incentive of $16,609.65, i.e., $45,251.35 minus the tax incentive of $16,609.65, which

14  comes to a final total of $28,641.70 for the system if Plaintiff put that money towards

15  the system.

16        8.    This unlicensed salesperson texted Plaintiff, quoting a purchase price

17  for a 16.9kw with Canadian HIDM black modules of $44,900, including everything.

18  Based upon Defendants' false representations, Plaintiff signed a Contract, attached

19  hereto as Exhibit 1.

20        9.    Subsequently, Plaintiff was texted notifying him Defendant was all

21  ready for the install. Plaintiff called in response and inquired whether they already had

22  the permits for the work.  Plaintiff was told they had the permits and Defendant was

23  ready to go.

24        10.    This representation was false.  Not only did Defendant not have the

25  required permits, they had not even applied for the permits.  Defendant started to

26  install the solar energy system, **without permits**.  Permits were not pulled until May

27  2021 after work had significantly commenced.

28        11.    Immediately problems arose with the installation.  There were problems

3

with the conduit, the location of the transfer box, there were holes left in the walls, the wall was left open, the wire was not the proper gauge for the system, Defendant wired through the existing coax cable conduit which is not code-complaint.

12.     Plaintiff complained to Defendant about the work being performed, including the framing to the main box, the metal wall plate, all work which was being done by Defendant without permits - even though they told Plaintiff they had the permits.  In addition, Plaintiff was promised a panel upgrade which he did not receive.  Defendant also promised a new circuit breaker box/electrical box with a breaker/disconnect, again something Plaintiff did not initially receive.

13.     Defendants informed Plaintiff that everything was "done".  Subsequently, Plaintiff complained to Defendants about leaving the walls open allowing water from the outside can come into the inside of the walls, the paint job did not match, the dry wall patches were not used to fill all the holes.  Thereafter, a Bakersfield City inspector arrived at the subject property, and he failed to permit Defendants' work.  One of the violations was that Defendants had installed an undersized wire from the solar into the box bringing power to PG&E and Plaintiff's house.  Defendants sent Plaintiff a certified letter containing a $59,000 bill on or about July 26, 2021.

14.     Pete Jackson from the City of Bakersfield reviewed the plans.  Mr. Jackson stated that the plans submitted by Defendants are not for Plaintiff's house.  The wire was undersized and warm which means it's undersized and a hazard.  The connections were not on the plan. The correct splicers were not used on the railing, they had used t-bolts instead of splicers.  Defendants also used the ethernet coax to run their cable, which is not code-compliant.  Defendants also buried the junction box into a wall which you could not access, which is also a code violation.  Rail modules top down clamps were loose.  Defendants also missed trusses/rafters, and the railing mounts were not attached to the trusses and rafters.  The lights in Plaintiff's attic were damaged by Defendants and never fixed by them.  Rail splicers were not installed or

4

were incorrect.

15.     Plaintiff contacted Defendants many times.  Defendants left the project undone and failed to fix the system despite constant requests to do so.

16.     Plaintiff was informed by Pete Jackson that he had six months to finish the solar energy system.  Mr. Jackson told Plaintiff that Defendants had installed it without a permit.  Mr. Jackson told Plaintiff that Defendants were skimping on things like the wire, and that he had paid too much for the system.

17.     On or around September of 2021, Defendants called Mr. Fleeman.  Plaintiff was told that they were aware of the issues with the system and the contract.  During their conversation, Mr. Fleeman was told Defendants would pay for all repairs, damages, and would have the solar system installed correctly.  Mr. Fleeman was asked if he would agree to simply pay for the actual cost for the system, less the installation cost because of the prior improper installations and for all of the problems caused by Defendants.  At this time, approximately half of the solar panels were not generating electricity because Defendants failed to connect them properly.

18.     It was not until on or about January 2022 that SUNNOVA did a Panel upgrade, unburied the junction box, and pulled the entire system off of the house, and changed out some of the wire, but not all.  SUNNOVA fixed some of the problems: Every panel pulled off of Plaintiff's roof on the railing system had to be reinstalled as the installation  was improper, as were the brackets and t-bolts.  SUNNOVA disconnected everything that was previously connected, including junction boxes, conduit, and moved the PV Box.  After this work, the solar energy system was still not working at full capacity.   The work performed by SUNNOVA was "completed" on or about February 18, 2022.

19.     On June 3, 2022, bolts on the rails were loose, and one of the rails dropped off, which Plaintiff sent to Julio at SUNNOVA.  Brian from SUNNOVA came to the subject property.  Brian found that approximately seven inverters were not

working, and that part of the system was *still* not working - as SUNNOVA still had not corrected the wiring issue.  The breaker on the system was tripping as well.

20.     SUNNOVA thought they had finished the work, but the breaker began tripping yet again.  SUNNOVA came by again to troubleshoot the system.  On or about June 27, 2022, the junction box was connected or properly connected. Plaintiff had Mr. Jackson come out, and the project finally passed inspection on or about July or August 2022.

21.     On or about October 2022, SUNNOVA sent Plaintiff a bill for the solar energy system for approximately $59,000.  At the time, a plate cover was not re-installed on the junction box; and one of the panel lock-downs is not secured.

22.     Plaintiff FLEEMAN has performed all of his obligations pursuant to the subject contract.  Defendants have failed to perform their obligations pursuant to the subject contract.

23.     During arbitration, the parties reached a settlement agreement. However, Defendant SUNNOVA tendered a settlement check *that would not be negotiated by their bank*.  Please see California Penal Code section 476a.  Despite repeated attempts to negotiate the settlement check, and despite repeated attempts from the undersigned requesting that SUNNOVA make good their check, they failed to do so.  SUNNOVA thereafter filed this bankruptcy petition.

24.     The representations made by defendants were in fact false.  The true facts were that defendants did not normally charge $60,327.09 for a solar energy system, nor because their agent knew the owners could they do it for $45, 251.35. Defendant did not install the solar energy system for $45,251.35.  The final total for the solar energy system was not $28,641.70 as promised by defendants.

25.     When defendants made these representations, they knew them to be false and made these representations with the intention to deceived and defraud Plaintiff and others, and to induce Plaintiff and others to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff

and others would so act.

26.     Plaintiff, at the time these representations were made by the defendants and, at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the defendants' representations, and believed them to be true.  In reliance on these representations, Plaintiff was induced to, and did sign document the subject contract. Had Plaintiff known the actual facts, he would not have taken such actions.  Plaintiff's reliance on defendants' representations was justified because Defendants represented themselves to be licensed contractors, and he had no other reason to believe he was being defrauded.

27.     As a proximate result of the fraudulent conduct of the defendants as herein alleged, Plaintiff has been damaged with respect to his property and the subject contract in an amount to be proven at trial,  in addition to interest at the legal rate. Plaintiff has also incurred attorneys' fees and costs to bring suit to enforce the contract.

28.     The aforementioned conduct of the defendants was an intentional misrepresentation, deceit, or concealment of material facts known to the defendants with the intention on the part of the defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

**II.     Fraud and Deceit - Negligent Misrepresentation**

29.     Plaintiff hereby incorporates Paragraphs 1-28, inclusive.

30.     When defendants made these representations, they had no reasonable grounds for believing them to be true.

31.     The defendants made these representations with the intention of inducing Plaintiff to act in reliance on these representations in the manner alleged, or with the expectation that the Plaintiff would so act.

**III.     Fraud and Deceit - Suppression of Fact**

32.     Plaintiff hereby incorporates Paragraphs 1-31, inclusive.

7

33.     On or about January 2021, defendants failed to reveal and suppressed the fact that the documents Plaintiff was signing was not for a solar energy system that they  normally charged $60,327.09 for, and that because their agent knew the owner, Plaintiff would not be getting the solar energy system for $45, 251.35, and that with the federal tax incentives, Plaintiff's final total for the solar energy system would not be $28,641.70.

34.     The representations and failures to disclose information and suppressions of information herein alleged to have been made by the defendants were made with the intent to induce Plaintiff to act in the manner herein alleged in reliance thereon.

35.     Plaintiff, at the time these failures to disclose and suppressions of facts occurred, and at that time Plaintiff took the actions herein alleged, was ignorant of the existence of the facts that the defendants suppressed and failed to disclose.  If Plaintiff had been aware of the existence of the facts not disclosed by defendants, Plaintiff would not have taken the actions stated herein.

36.     Plaintiff further avers that based upon the foregoing facts and others that will be developed in the course of discovery, the debtors' actions are in contravention of the provisions of 11 U.S.C. §523(a) (2) (A), 11 U.S.C. §727(a)(2), (3), (4), (5), (6), and/or (7), 11 U.S.C. §523, including but not limited to 11 U.S.C. §523(a) (2), (4), (6), and (10), and therefore, constitute grounds to deny the debtor's discharge.

37.     Plaintiffs demand a jury trial pursuant to FRCP 38.

///

///

///

///

///

///

PREMISES CONSIDERED, WHEREFORE Plaintiff prays:

    a.    That Defendants be required to answer in the time allowed by law;

    b.    That upon a hearing of this matter, the Court deny the discharge of the debtors, and;

    c.    For such other and further relief as the Court may deem proper.

Dated: July 15, 2025            RESPECTFULLY SUBMITTED,

**LAW OFFICE OF JAMES MARTINEZ**


          /s/ James Martinez
JAMES MARTINEZ
Attorneys for Plaintiffs
2340 Powell Street, #317
Emeryville, CA 94608
(510) 444-7700

9