IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| SUNNOVA ENERGY INTERNATIONAL, INC., *et al.*, | § | CASE NO. 25-90160 (ARP) |
| | § | |
| Debtors. | § | Before Honorable Judge |
| | § | Alfredo Perez |

**MOTION OF DANIEL DAVIS, AS TRUSTEE OF THE JEROME A. CAPODICE AND JANE A. CAPODICE FAMILY TRUST, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on October 16, 2025, at 11:00 A.M. in Courtroom 400, 515 Rusk, Houston, TX 77002**

Creditor Daniel Davis, as acting trustee of the Trustee of the Jerome A. Capodice and Jane A. Capodice Family Trust ("Movant" or "Trust"), by and through undersigned counsel, respectfully moves this Court for entry of an order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow Movant to continue prosecution of its claims in the pending state court litigation styled *Jane Capodice v. Sunnova Energy Corp.*, Case No. CV2024-009941,

pending in Maricopa County Superior Court, Arizona (the "Lawsuit"). In support thereof, Movant states as follows:

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

On or about June 1, 2025, Debtor Sunnova Energy Corporation ("Debtor" or "Sunnova") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Movant is the plaintiff in the Lawsuit pending in Maricopa County Superior Court, Case No. CV2024-009941 entitled *Jane Capodice v. Sunnova Energy Corp.* A copy of the complaint is attached as **Exhibit A** and a copy of the order substituting Mr. Davis as the proper party in interest following Mrs. Capodice's death is attached as **Exhibit B**.

The Lawsuit arises from the design and installation of solar assets on Movant's residential property located at 3438 E. Sandra Terrace, Phoenix, Arizona 85032 (the "Property"). Movant alleges that Sunnova and its agents negligently designed and installed the system, misrepresented the structural suitability of the Property to the City of Phoenix in permitting applications, and thereby caused severe structural damage to Movant's home, creating a substantial risk of collapse and rendering insurance difficult or impossible to obtain. Movant seeks damages including but not limited to the cost of repair.

At all relevant times, Sunnova maintained an insurance policy issued by Markel / Evanston Insurance Company, Policy No. 15PKGWE0700 (the "Policy"), which provides coverage for the

claims asserted in the Lawsuit. A copy of the Policy is attached as **Exhibit C**. Counsel retained by the Insurer is currently defending (subject to the stay) Sunnova in the Lawsuit under the Policy.

Following Sunnova's bankruptcy filing, its counsel filed a Notice of Stay in the Lawsuit. A copy of that Notice is attached as **Exhibit D**. Counsel has advised that the Insurer will not engage in settlement efforts of the Lawsuit until the stay is lifted. A copy of that email exchange with Sunnova's counsel is attached as **Exhibit E**.

On June 17, 2025, the Superior Court of Maricopa County ordered Movant to file a motion for relief from stay by **December 17, 2025**. A copy of that Order is attached as **Exhibit F**.

## III. LEGAL STANDARD

Section 362(d)(1) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Courts have consistently held that "cause" exists to lift the stay when the movant seeks to liquidate claims against the debtor in another forum, particularly when insurance coverage is available and the estate will not be prejudiced. See *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Edgeworth*, 993 F.2d 51, 54–55 (5th Cir. 1993) (recognizing that actions against the debtor may proceed where recovery is sought from liability insurance, which is not considered part of the bankruptcy estate); *Matter of Holtkamp*, 669 F.2d 505, 508–09 (7th Cir. 1982). Relief is appropriate where the continuation of state-court litigation will liquidate the creditor's claim, fix the liability of the debtor (if any), and allow recovery to be sought solely against insurance proceeds. See *Pettibone Corp. v. Hawxhurst*, 163 B.R. 989, 996-998 (Bankr. N.D. Ill. 1994). The Fifth Circuit has recognized that liability insurance "inures to the benefit of creditors and not the debtor personally" and is not generally available to satisfy claims of the debtor's estate. *Edgeworth*, 993 F.2d at 55–56. **Accordingly, courts routinely grant stay relief to allow litigation to proceed against the debtor in name**

**only, with recovery limited to insurance proceeds**. *See, e.g., In re Todd Shipyards Corp.*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988).

## IV. ARGUMENT

Cause exists to grant relief from stay in this case because:

a) The Lawsuit was pending prior to the bankruptcy filing and involves complex state-law issues of negligence, misrepresentation, and construction defect most appropriately adjudicated by the Arizona state court.

b) The claims are covered, in whole or in part, under the Policy, and recovery is expected to be sought primarily from insurance proceeds rather than the Debtor's estate. Thus, allowing the Lawsuit to proceed will not prejudice other creditors or impair the bankruptcy estate. During conferral, Sunnova's counsel advised that a large self-insured retention could be a basis to preclude lifting the stay. However, the policy under which Sunnova is currently afforded a defense and out of which any settlement or satisfaction of a judgment to Movant would be made is not subject to a self-insured retention but rather a simple deductible that, if anything, would become an unsecured debt and which, upon information and belief, has not even been invoiced yet by Markel, the defending carrier. Further, nothing in the policy ties the defense to pre-payment of the deductible. Accordingly, because Sunnova's defense in the Lawsuit is already being provided by counsel retained by the Insurer, and the continuation of the action and satisfaction of any judgment or settlement from insurance proceeds does not impose any undue burden on the Debtor's estate.

c) Judicial economy favors allowing the state court to liquidate Movant's claims, especially as fact discovery, expert issues, and state building codes are squarely at issue.

d) The Superior Court of Maricopa County has already ordered Movant to seek relief from stay, confirming the necessity of this Motion.

To the extent necessary, Movant is willing to stipulate that enforcement of any judgment in the Lawsuit shall be limited to available insurance proceeds and will not be enforced directly against Debtor or its bankruptcy estate without further order of this Court.

## V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court enter an order:

1. Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit Movant to continue prosecution of the Lawsuit through judgment;

2. Permitting Movant to pursue recovery only from applicable insurance proceeds and not from the Debtor's bankruptcy estate, absent further order of this Court; and

3. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: *<u>/s/ Mary Holmesly</u>*
Mary Holmesly
Texas Bar No. 24057907
1512 Center Street, Suite 515
Houston, Texas 77007
T: (281) 724-5580
E: mholmesly@rlattorneys.com

**COUNSEL FOR DANIEL DAVIS, AS TRUSTEE OF THE JEROME A. CAPODICE AND JANE A. CAPODICE FAMILY TRUST**

**OF COUNSEL:**
**RESNICK & LOUIS, P.C.**

-and-

**FRAME LAW, PLLC**
Paul K. Frame, Esq.**moving for pro hac vice*
Arizona Bar No. 026937

3120 W. Carefree Hwy.
Suite One PMB #336
Phoenix, Arizona 85086
(p) 480-508-7282
(f) 480-658-2936
pframe@framelawpllc.com

**CERTIFICATE OF CONFERENCE**

Undersigned hereby certifies that Paul K. Frame, Esq., counsel for Movant Daniel Davis as Trustee for the Jerome Capodice and Jane Capodice Family Trust and Jonathan Lozano, Esq., counsel for Debtor Sunnova Energy Corp. conferred via video conference on Thursday September 11, 2025, and then again via email exchange wherein the parties discussed the relief sought in this motion. Undersigned certifies that Debtor Sunnova Energy Corp. opposes the release requested and therefore the filing of this motion was necessary.

*/s/ Mary Holmesly*
Mary Holmesly

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2025, a copy of "MOTION OF DANIEL DAVIS, AS TRUSTEE OF THE JEROME A. CAPODICE AND JANE A. CAPODICE FAMILY TRUST, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)" was electronically filed via the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the attorneys of record.

*/s/ Mary Holmesly*
Mary Holmesly