IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | CHAPTER 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*[1] | § § § | CASE NO. 25-90160 (ARP) |
| Debtors. | § § | (JOINTLY ADMINISTERED) |

### ITRON, INC.'S *LIMITED* OBJECTION TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN AND NOTICE OF FILING OF PLAN SUPPLEMENT

[Related to Docket Nos. 870 and 978]

**TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE**:

COMES NOW Itron, Inc. ("**Itron**") and files this *Limited Objection to Debtors' Third Amended Joint Chapter 11 Plan and Debtors' Notice of Filing of Plan Supplement* (the "**Objection**"), and respectfully states as follows:

### SUMMARY OF OBJECTION

1. Itron hereby objects to the Debtors' *Third Amended Joint Chapter 11 Plan of Sunnova Energy International Inc., and Its Debtor Affiliates* (the "**Plan**") filed on September 12, 2025. [Docket No. 870]. Itron hereby also objects to the $0.00 cure amounts as set forth in the Debtors' *Notice of Filing of Plan Supplement* (the "**Plan Supplement**") filed on October 6, 2025. [Docket No. 978]. Further, Itron fully incorporates herein its *Objection to Debtors' Supplemental Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases* (the "**Cure Notice Objection**") filed on September 11, 2025, as if fully set forth herein. [Docket No. 850].

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these Chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

3141329

**BACKGROUND**

2. On June 1, 2025, Sunnova TEP Developer, LLC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). On June 8, 2025 (the "**Petition Date**"), Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC (collectively, and together with Sunnova TEP Developer, LLC, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas. [Docket No. 3].

4. On July 18, 2025, the Debtors filed a *Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases* (the "**Assumption Notice**"), which included a schedule of potentially assumed and assigned executory contracts and unexpired leases along with the Debtors' proposed cure costs relating to those executory contracts and unexpired leases. [Docket No. 456]. Itron was not listed in this Assumption Notice.

5. On September 2, 2025, the Debtors filed a Supplemental Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases (the "**Supplemental Assumption Notice**"), which supplemented the Assumption Notice and provided additional potentially assumed and assigned executory contracts and unexpired leases along with the Debtors' proposed cure costs relating to those additional executory contracts and unexpired leases. [Docket No. 794]. The Debtors list two (2) executory contracts with Itron in the Supplemental Assumption Notice, each with a proposed cure amount of $0.00.[2]

---

[2] *See* Exhibit A to the Supplemental Assumption Notice at Nos. 187 and 197.

6.  On September 5, 2025, pursuant to the Supplemental Assumption Notice, Itron sent an email to the Debtors and the required noticing parties advising them of its objection to the Debtors' proposed $0.00 cure amounts since, as of that date, the Debtors owed Itron approximately $314,280.94.[3] On September 11, 2025, after not resolving its objection with the Debtors, Itron filed its Cure Notice Objection.

7.  On September 12, 2025, the Court entered its Order (i) Conditionally Approving the Adequacy of the Disclosure Statement, (ii) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (iii) Approving the Forms of Ballot and Notices in Connection Therewith, (iv) Scheduling Certain Dates with Respect Thereto, and (v) Granting Related Relief (the "**Conditional Approval Order**"). That same day, the Debtors filed the Plan.

8.  On October 6, 2025, the Debtors filed the Plan Supplement, which *inter alia* provides a schedule listing executory contracts and unexpired leases with proposed cure costs to be assumed by the Debtors. As in the Supplemental Assumption notice, the Debtors list two (2) executory contracts with Itron to be assumed in the Plan Supplement, each with a proposed cure amount of $0.00.[4]

9.  As of the filing of this Objection, the Debtors have not resolved their outstanding obligations and remain in default with Itron. Meanwhile, Itron continues to provide post-petition services to the Debtors, which remain unpaid.

## OBJECTION

10. Since the filing of the Supplemental Assumption Notice, Itron has attempted to work diligently with the Debtors to resolve its objections. Although Itron believes that there is merit to certain aspects of the Debtors' Plan and Plan Supplement, Itron contends that such

---

[3] *See* Exhibit A to the Cure Notice Objection.
[4] *See* Exhibit D to the Plan Supplement at Nos. 157 and 166.

3141329

pleadings contain issues that do not cure its objections, specifically as they relate to the $0.00 cure amounts for assumption of Itron's executory contracts with the Debtors as proposed in the Supplemental Assumption Notice and Plan Supplement.

11. Section 365(b)(1) of the Bankruptcy Code provides in relevant part that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default […];
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. The Debtors' have defined "Cure Costs" to include "the Debtors' good faith estimate of the amounts necessary to cure any monetary defaults[.]"[5] In the Debtors' Plan Supplement, they identify the two (2) executory contracts with Itron to be assumed (collectively, the "**Contracts**"), each with a proposed cure amount of $0.00 (collectively, the "**Proposed Cure Costs**").

13. Itron asserts that the Debtor's Proposed Cure Costs are grossly understated and are not a good faith estimate of the amounts necessary to cure the defaults under the Contracts, contrary to the Debtors' own definition of "Cure Costs". Pursuant to Itron's accounting, the proper cure amount as of September 4, 2025 should be no less than $314,280.94.

---

[5] *See* the *Order (i) Approving the Bidding Procedures, (ii) Scheduling Certain Dates With Respect Thereto, (iii) Approving the Form and Manner of Notice Thereof, (iv) Approving the WholeCo Stalking Horse Agreement and Expense Reimbursement, (v) Approving the ServiceCo Stalking Horse Agreement, (vi) Establishing Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (vii) Authorizing the Assumption and Assignment of Assumed Executory Contracts and Unexpired Leases, (viii) Authorizing the Sale of Assets, and (ix) Granting Related Relief.* [Docket No. 419].

3141329

14. Accordingly, Itron hereby files this Objection to the Debtors' Proposed Cure Costs as listed in their Supplemental Assumption Notice and the Plan Supplement, and by extension, the Plan. Itron further objects to the assumption of the Contracts absent payment of $314,280.94, plus any additional amounts which may become due and owing at the time of assuming the Contracts.

## **RESERVATION OF RIGHTS**

15. Itron expressly reserves all its rights under the Bankruptcy Code and any applicable agreements, including but not limited to, the right to supplement and/or amend this Objection. This Objection is without prejudice to any right by Itron to assert that any or all of the sums sought herein are post-petition administrative expenses entitled to priority under Sections 503 and 507 of the Bankruptcy Code.

16. Itron further expressly reserves the right to assert any and all other claims against the Debtors arising out of or relating to the Contracts, including but not limited to, claims for post-petition charges accrued under the Contracts that Itron has yet to discover or identify.

17. To the extent applicable, Itron also expressly reserves all rights to object to any proposed assignee of the Contracts on any basis, to the extent the Debtors seeks to assign the Contracts, as well as any other rights it now has or may have under applicable law with respect to this matter, including but not limited to, any rights under Section 365 of the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, Itron, Inc. respectfully requests the Court to (i) to sustain this Objection, (ii) establish the cure amount of the Contracts to be set at an amount of no less than $314,280.94, (iii) condition the assumption and/or assignment of the Contracts to be upon the payment of the proper cure amount of no less than $314,280.94, plus any additional amounts which may become due and owing after the date of filing this Objection, and (iv) for such other and further relief to which it may be justly entitled to.

3141329

Dated: October 9, 2025.

                                              Respectfully submitted,

*/s/ Heather H. McIntyre*
Heather H. McIntyre   TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro   TBN 24140125
alopezcastro@hwa.com
Beatrice Grevel         TBN 00796677
bgrevel@hwa.com
Hughes Watters Askanase, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR ITRON, INC.**

6

3141329

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served on (i) the parties receiving ECF notice via ECF in the above-referenced case, and (ii) the parties listed below as indicated on October 9, 2025:

Sunnova Energy International Inc.
c/o David Searle
20 East Greenway Plaza, Suite 540
Houston, Texas 77046
*VIA EMAIL:* david.searle@sunnova.com

Sunnova Energy International Inc.
c/o Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
*VIA EMAIL:* anup.sathy@kirkland.com

Sunnova Energy International Inc.
c/o Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
*VIA EMAIL:* brian.schartz@kirkland.com;
ciara.foster@kirkland.com;
margaret.reiney@kirkland.com;
jimmy.ryan@kirkland.com

Sunnova Energy International Inc.
c/o Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
*VIA EMAIL:* jason.cohen@bracewell.com;
jonathan.lozano@bracewell.com

United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
*VIA EMAIL:* andrew.jimenez@usdoj.gov;
ha.nguyen@usdoj.gov

WholeCo Stalking Horse Bidder
c/o Paul Weiss Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
*VIA EMAIL:* arosenberg@paulweiss.com;
rbritton@paulweiss.com

ServiceCo Stalking Horse Bidder
c/o Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP
550 Allerton Street
Redwood City, California 94063
*VIA EMAIL:* mwhite@dunder.com

ServiceCo Stalking Horse Bidder
c/o Dorsey & Whitney LLP
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
*VIA EMAIL:*
glorioso.alessandra@dorsey.com

3141329

Official Committee of Unsecured Creditors
c/o Blank Rome LLP
4 Park Plaza, Suite 450
Irvine, California 92614
*VIA EMAIL: joseph.welch@blankrome.com*

Official Committee of Unsecured Creditors
c/o Blank Rome LLP
1271 Avenue of the Americas
New York, New York 10020
*VIA EMAIL: ira.herman@blankrome.com*

Official Committee of Unsecured Creditors
c/o Blank Rome LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103
*VIA EMAIL: mike.schaedle@blankrome.com;
matt.kaslow@blankrome.com*

Official Committee of Unsecured Creditors
c/o Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
*VIA EMAIL: bmiller@willkie.com;
djenkins@willkie.com;
jburbage@willkie.com*

Official Committee of Unsecured Creditors
c/o Willkie Farr & Gallagher LLP
600 Travis Street
Houston, Texas 77002
*VIA EMAIL: jhardy2@willkie.com*

KKR Credit Advisers LLC
c/o Milbank LLP
55 Hudson Yards
New York, New York 10001
*VIA EMAIL: ddunne@milbank.com;
tlomazow@milbank.com;
aharmeyer@milbank.com*

KKR Credit Advisers LLC
c/o Haynes and Boone LLP
2801 N Harwood Street, Suite 2300
Dallas, Texas 75201
*VIA EMAIL: ian.peck@haynesboone.com*

        */s/ Heather Heath McIntyre*
        Heather Heath McIntyre

3141329