United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 10, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING MOTION OF DANIEL DAVIS, AS TRUSTEE OF THE JEROME A. CAPODICE AND JANE A. CAPODICE FAMILY TRUST, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

This joint stipulation and agreed order (this "Stipulation and Agreed Order") is made and entered into by and among (a) the above-captioned debtors and debtors in possession (collectively, the "Debtors") and (b) Daniel Davis, as trustee of the Jerome A. Capodice and Jane A. Capodice Family Trust (the "Movant," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on June 1, 2025, Debtor Sunnova TEP Developer, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and on June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

Bankruptcy Court for the Southern District of Texas (the "Court"). Debtors continue to operate their business and manage their affairs as debtors in possession;

WHEREAS, Debtor Sunnova Energy Corporation ("Defendant") is defendant in that certain civil action styled *Jane Capodice v. Sunnova Energy Corp.* pending in the Arizona Superior Court of Maricopa County, Civil Action No. CV2024-009941 (the "Lawsuit");

WHEREAS, the Lawsuit seeks damages arising out of the installation of a photovoltaic system on the home (the "Home") of Jane A. Capodice ("Plaintiff") which occurred on or about October 29, 2015 (the "Incident");

WHEREAS, the Lawsuit was filed prior to the Petition Date, and as of the Petition Date, the Lawsuit is stayed pursuant section 362 of the Bankruptcy Code;

WHEREAS, on August 5, 2025, Movant timely filed proof of claim no. 743 (the "Proof of Claim");

WHEREAS, on September 11, 2025, the Debtors filed the *Third Amended Joint Chapter 11 Plan of Sunnova Energy International Inc. and Its Debtor Affiliates* [Docket No. 860-1] (as may be subsequently amended, the "Plan"), which will be considered for confirmation on October 15, 2025;

WHEREAS, pursuant to the Plan (if confirmed), a liquidating trust (the "Creditor Trust") will be established on the Effective Date (as defined in the Plan) for the benefit of unsecured creditors, and the Creditor Trustee (as defined in the Plan) will be appointed on the Effective Date;

WHEREAS, Plaintiff alleges that the Debtors' insurance policy no. 15PKGWE00700 issued by Markel/Evanston Insurance Company is applicable to the Lawsuit, (the "Insurer," and such policy, the "Insurance Policy");

WHEREAS, pursuant to the Insurance Policy, the Insurer provides certain insurance coverage subject to applicable limits, deductibles, retentions, exclusions, terms, and conditions, as described in more detail in the Insurance Policy and related agreements;

WHEREAS, at the time of the Incident, the Debtors maintained the Insurance Policy. For the avoidance of doubt, the Insurance Policy contains a $25,000 "per occurrence" deductible, the payment of which is **not** a prerequisite to the Insurer's duty to defend the Debtors in the Lawsuit. Insurer has retained counsel to defend the Debtors;

WHEREAS, on September 18, 2025, Plaintiff filed the *Motion of Daniel Davis, as Trustee of the Jerome A. Capodice and Jane A. Capodice Family Trust, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 915, as amended by Docket No. 916] (the "Lift Stay Motion"); and

WHEREAS, following negotiations with Movant, the Debtors consent to relief from the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in, and solely to the extent provided in, this Stipulation and Agreed Order.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER AND ITS ENTRY ON THE BANKRUPTCY COURT'S DOCKET AS AN ORDER OF THE BANKRUPTCY COURT, IT IS SO ORDERED** as follows:

1. The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is modified with respect to the Lawsuit solely to the limited extent necessary to enable (a) the Lawsuit to proceed in all respects to final judgment or settlement, including any appellate proceedings,

(b) Plaintiff to recover, collect, and enforce her rights against the Insurance Policy, if available, and (c) Plaintiff to recover any final judgment or settlement from the proceeds of the Insurance Policy, if available.

3. Movant acknowledges and agrees that: (a) any amounts recovered by the Plaintiff by a final judgment or settlement as to the Debtors, their estates, their successors, or assigns are limited solely to the Insurance Policy and/or proceeds of the Insurance Policy, if any; (b) as against the Debtors, their estates, their successors or assigns, Movant must prosecute the Lawsuit (and enforce any judgment or settlement obtained on account of same) solely with respect to proceeds available from the Insurance Policy, if any; and (c) the Debtors have not made any representations or warranties as to the likelihood or possibility of recovery against the Insurance Policy.

4. For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall: (a) alter, amend, or otherwise modify the terms and conditions of the Insurance Policy; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policy; or (c) preclude or limit the right of the Insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policy or to assert any defenses to coverage under the Insurance Policy, as applicable.

5. Movant shall not seek any recovery from the Debtors, their estates, their successors or assigns, or the Creditor Trust for any amounts that may be awarded to the Plaintiff in connection with the Lawsuit and Movant hereby waives any right to a recovery from the Creditor Trust on account of a General Unsecured Claim (as defined in the Plan).

6. For the avoidance of doubt, Insurer's claim for reimbursement of the deductible (if any) shall be treated as a General Unsecured Claim. The Debtors, their estates, their successor or assigns, and the Creditor Trust reserve all rights with respect to Insurer's claim for reimbursement

of the deductible.

7. Following approval by the Bankruptcy Court and entry of this Stipulation and Agreed Order, Movant shall file this Stipulation and Agreed Order in the court in which the Lawsuit is pending.

8. By entering into this Stipulation and Agreed Order, the Debtors and Insurer are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Lawsuit.

9. Neither this Stipulation and Agreed Order, nor any negotiations and writings in connection therewith, will in any way be construed as, or deemed to be evidence of, an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

10. Neither this Stipulation and Agreed Order, nor any terms contained herein, shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation and Agreed Order; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the automatic stay under section 362 of the Bankruptcy Code has been modified in accordance with the terms of, and solely to the extent provided for by, this Stipulation and Agreed Order.

11. Each of the Parties represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order. This Stipulation and Agreed Order and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder. This Stipulation and Agreed Order shall be deemed to have been drafted jointly by the Parties and any uncertainty or omission shall not be construed as an attribution of drafting by either Party. For the avoidance of

doubt, nothing in this Stipulation or Agreed Order shall create any course of conduct or dealing on behalf of the Creditor Trust or the Creditor Trustee.

12. This Stipulation and Agreed Order is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until an order approving the same is entered. If this Stipulation and Agreed Order is not approved by the Bankruptcy Court, or is changed in any manner on reconsideration or appeal, it shall be null and void and shall not be referred to, or used for any purpose, by either of the Parties.

13. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

14. This Stipulation and Agreed Order contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Agreed Order.

15. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation and Agreed Order.

16. Defendant shall remain named in the Lawsuit solely as nominal defendant to the extent necessary to maintain the action against Defendant and legally preserve Plaintiff's claims against the Insurer, for any and all claims, demands, actions and causes of action, for damages, compensation, court costs, attorney's fees, penalties, interest, expenses, and loss of any and every kind whatever, whether past, present or future, and whether or not of the kind enumerated, directly or indirectly sustained or suffered by Plaintiff on account of, or in any way growing out of any and

all known and unknown property damage which resulted or may result from the Incident; *provided* that, notwithstanding the foregoing, the protections of the automatic stay under section 362 of the Bankruptcy Code shall stay in effect with respect to the Debtors in all respects except for as provided in paragraph 2 of this Order.

**IT IS SO ORDERED.**

Signed: October 10, 2025

Alfredo R Pérez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 9th DAY OF OCTOBER, 2025:**

Houston, Texas
Dated: October 9, 2025

*/s/ Jason G. Cohen*

**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (800) 404-3970
Email: jason.cohen@bracewell.com
jonathan.lozano@bracewell.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: anup.sathy@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
Ciara Foster (admitted *pro hac vice*)
Margaret Reiney (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: brian.schartz@kirkland.com
ciara.foster@kirkland.com
margaret.reiney@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

By: */s/ Mary Holmesly*
**RESNICK & LOUIS, P.C.**
Mary Holmesly
Texas Bar No. 24057907
1512 Center Street, Suite 515
Houston, Texas 77007
T: (281) 724-5580
E: mholmesly@rlattorneys.com

*Counsel for Daniel Davis, as Trustee of The Jerome A. Capodice and Jane A. Capodice Family Trust*

**FRAME LAW, PLLC**
Paul K. Frame, Esq.
Arizona Bar No. 026937
3120 W. Carefree Hwy.
Suite One PMB #336
Phoenix, Arizona 85086
(p) 480-508-7282
pframe@framelawpllc.com

*Counsel for Daniel Davis, as Trustee of The Jerome A. Capodice and Jane A. Capodice Family Trust*