IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION TO VOID CONTRACT,
REMOVE LIEN, AND FOR RELATED RELIEF (FLECK)**
(relates to Dkt. No. 931)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this objection (the "Objection") to the *Motion to Void Contract, Remove Lien, and For Related Relief* [Docket No. 931] (the "Motion") filed by Nicholas A. Fleck ("Movant") and, in support thereof, state as follows:

**Objection**

1. The Motion should be denied as moot because the Debtors no longer hold any interest in Movant's contract or photovoltaic system and therefore have no ability or authority to comply with Movant's requests.

2. First, Movant requests that this Court enter an order "[v]oiding the solar loan contract between Movant and Sunnova." Motion at 2. Movant's solar loan contract—Easy Own Plan Equipment Purchase ID No. DM006969926 (the "Solar Contract")—was transferred to one of the Debtors' project entities, Sunnova Helios XIV Issuer LLC, following the completion and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046. "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

activation of Movant's solar system.[2]  The Debtors' equity in that project entity was sold pursuant to the WholeCo Stalking Horse Agreement.  *See* Notice of Filing of Schedules to WholeCo Stalking Horse Agreement, Schedule 3.5(a) [Docket No. 404-1]; *see also* Order (I) Authorizing the Sale of Certain Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 599] ("WholeCo Sale Order").  Accordingly, the Debtors hold no interest and have no rights in the Solar Contract.  If Movant wishes to terminate his solar loan agreement, he must direct that request to the Purchaser (as defined in the WholeCo Sale Order). The Debtors have informed Movant of this fact, as discussed further below.

3.    Second, the Motion requests that the Court order "removal of the UCC-1 lien recorded against Movant's home."  Motion at 2.  Movant is mistaken; there is no lien recorded against his home.  The security agreement attached as Exhibit C to the Motion states on its face that, "THIS SECURITY AGREEMENT DOES NOT CREATE A SECURITY INTEREST OR LIEN IN THE DEBTOR'S REAL PROPERTY TO BE RECORDED IN REAL ESTATE RECORDS."  *See* Mot., Ex. C-1.  Instead, only the "solar panels, inverters, wiring, racking, meters and associated equipment located at Debtor's address indicated above and installed pursuant to the Solar Service Agreement" serve as collateral for the solar system loan.  In any event, the entity holding the lien, Sunnova SLA Management LLC, *see* Motion, Ex. C-1, was sold pursuant to the WholeCo Sale Order.  *See* Docket No. 599.  Debtors no longer own the entity that holds the lien and are unable to remove it.

---

[2] Certain data regarding the Solar Contract (pulled from the Debtors' client relationship management portal as of October 14, 2025), including the asset portfolio in which the Solar Contract sits, is attached hereto as **Exhibit A**.

4. Third, Movant seeks (a) an order "enjoining Sunnova, SunStrong, or any successors/assignees from enforcing or transferring the disputed contract," and (b) a declaration that "any attempted transfer of the contract" is null and void. Motion at 2. Movant alleges, without any basis, that any transfer of the contract would "only perpetuate the damage." *Id*. These requests are moot, as the Solar Contract has already been transferred. The WholeCo Sale Order is a final order that became "effective and enforceable immediately upon entry." *See* Docket No. 599 at 37. The Court expressly found the sale to be "in the best interests of the Debtors' estates, their creditors, and other parties in interest." *Id.* at 2. Further, the transfer of the Solar Contract does not interfere with Movant's ability to proceed with the claims resolution process as against the Debtors, nor does the transfer diminish any causes of action Movant may hold under section 363(o). *See* 11 U.S.C. § 363(o) ("Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract . . . and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.").

5. Fifth, Movant seeks "out-of-pocket damages." Mot. at 2. Movant has submitted a proof of claim and submitted himself to the claims resolution process—a process derived from the Bankruptcy Code. Movant should not be permitted to circumvent that process and seek the very same damages before this Court. To allow as much would interfere with the bankruptcy cases, prejudice the interests of other creditors, and flout the core tenet of judicial economy.

### Response to "Notice of Improper Contact"

6.   On October 10, 2025, Movant filed a *Notice of Improper Contact* [Docket No. 1002] to inform the court of communications with Debtors' counsel that Movant believes were improper. In contacting the Movant to point out the deficiencies in the Motion, counsel for the Debtors were fulfilling their obligations to attempt to resolve matters before seeking court intervention in order to conserve judicial resources and those of the bankruptcy estate. Debtors' counsel informed Movant that the Debtors hold no interest and have no control over the Solar Contract, and that the Court therefore cannot intervene as requested. Movant responded that he would proceed with the Motion and requested that further communications from the Debtors be through motion practice. The Debtors now incur the expense of this response and a hearing. Finally, the Debtors disagree with Movant's characterization of their counsel's conversation with Movant.

### Reservation of Rights

7.   The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection on any basis whatsoever, at a future date. Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Debtors reserve all rights with respect hereto.

## Conclusion

For the reasons set forth herein, the Debtors respectfully request that the Motion be denied and that Debtors be granted such other relief as the Court deems just.

Houston, Texas
October 14, 2025

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| 711 Louisiana Street, Suite 2300 | 333 West Wolf Point Plaza |
| Houston, Texas 77002 | Chicago, Illinois 60654 |
| Telephone: (713) 223-2300 | Telephone: (312) 862-2000 |
| Facsimile: (800) 404-3970 | Facsimile: (312) 862-2200 |
| Email: jason.cohen@bracewell.com | Email: anup.sathy@kirkland.com |
| jonathan.lozano@bracewell.com | |

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
Ciara Foster (admitted *pro hac vice*)
Margaret Reiney (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   brian.schartz@kirkland.com
   ciara.foster@kirkland.com
   margaret.reiney@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Certificate of Service

   I certify that on October 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served via certified first class mail and electronic mail on the below recipients.

                       */s/ Jason G. Cohen*
                        Jason G. Cohen

Nicholas A. Fleck
9234 E Calle Maria
Tucson, AZ 85710
Flecks2011@gmail.com