IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) | Case No. 25-90160 (ARP) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | Re: Docket Nos. 419, 599, 794, 822 |

**JOINT STIPULATION AND
AGREED ORDER AMONG THE DEBTORS,
SUNSTRONG MANAGEMENT LLC, AND SCP 20 GREENWAY, LLC**

This stipulation (the "Stipulation")[2] is made by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Debtor SEC (as defined below), as assignor, SunStrong Management LLC ("SunStrong"), as assignee, and SCP 20 Greenway, LLC (the "Landlord," and together with the Debtors and SunStrong, the "Parties"), as landlord, for space in an office building located at 20 East Greenway Plaza, Houston, Texas 77046 (the "Premises"), with respect to that certain Office Building Lease Agreement, dated August 29, 2014 (as amended, supplemented, or otherwise modified through and including the Sixth Amendment thereof, the "Lease"), and that certain Seventh Amendment to and Assignment of Office Building Lease Agreement (the "Amended Lease"), dated September 30, 2025 (the "Execution Date"). The Parties, by and through their respective duly authorized undersigned counsel, stipulate and agree as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order (as defined herein) or the *Joint Chapter 11 Plan of Sunnova Energy International Inc. and Its Debtor Affiliates* [Docket No. 693] (as may be amended, supplemented, or modified from time to time, the "Plan"), as applicable.

**Recitals**

**WHEREAS**, on June 1, 2025, Debtor Sunnova TEP Developer, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and on June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation ("SEC"), Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

**WHEREAS**, Debtor SEC and the Landlord are party to that certain Lease with respect to the Premises, pursuant to which the Debtors lease the Premises for use as their corporate headquarters;

**WHEREAS**, on July 11, 2025, the Court entered the *Order (I) Approving the Bidding Procedures, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the WholeCo Stalking Horse Agreement and Expense Reimbursement, (V) Approving the ServiceCo Stalking House Agreement, (VI) Establishing Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (VII) Authorizing the Assumption and Assignment of Assumed Executory Contracts and Unexpired Leases, (VIII) Authorizing the Sale of Assets, and (IX) Granting Related Relief* [Docket No. 419] (the "Bidding Procedures Order"), approving, among other things, the assumption and assumption and assignment of assumed unexpired leases;

**WHEREAS**, on July 31, 2025, the Court entered the *Order (I) Authorizing the Sale of Certain of the Debtors' Assets to the Stalking Horse Bidder Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain*

2

*Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 599] (the "Sale Order"), authorizing the sale of substantially all of the Debtors' assets to SunStrong, among other Purchasers (as defined in the Sale Order);

**WHEREAS**, on September 2, 2025, the Debtors filed the *Supplemental Notice to Contract Counterparties to Potentially Assume Executory Contracts and Unexpired Leases* [Docket No. 794] (the "Supplemental Assumption Notice"), which set forth the Debtors' intent to assume the Lease and related agreements.

**WHEREAS**, on September 8, 2025, the Landlord filed the *Response and Reservation of Rights of SCP 20 Greenway, LLC to Debtors' Supplemental Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases* [Docket No. 822] (the "Landlord Response"), asserting that, pursuant to the Bidding Procedures Order, the Debtors may not assume and assign the Lease by unilateral Supplemental Assumption Notice and must instead proceed under either separate procedures agreed to by the Parties or further order from the Court;

**WHEREAS**, following arm's-length, good-faith negotiations, the Parties agreed: (i) to enter into and execute the Amended Lease which, among other things, significantly reduces the rentable square footage of the Premises; (ii) that the Amended Lease shall be assumed by the Debtors and assigned to SunStrong pursuant to section 365 of the Bankruptcy Code effective as of the Execution Date; and (iii) to resolve any disputes relating to the Landlord Response, the Lease, the Amended Lease, or the assumption and assignment thereof as set forth herein;

**WHEREAS**, the Parties stipulate and agree that the Debtors shall assume and assign the Amended Lease to SunStrong, and SunStrong shall accept such assignment;

**WHEREAS**, the Debtors and the Landlord stipulate and agree that for purposes of assuming and assigning the Amended Lease pursuant to section 365 of the Bankruptcy Code, the pre-Petition Date cure amount is $94,549 (the "Cure Amount");

**WHEREAS**, in addition to the Cure Amount, the Parties stipulate and agree that the Debtors shall pay the Landlord $159,790 on account of any postpetition rent accrued through and including September 3, 2025 (the "Sale Closing Date"), and SunStrong shall pay the Landlord $160,327 for postpetition rent accrued from September 4-30, 2025 and any sums accruing and coming due under the Amended Lease thereafter;

**WHEREAS**, the Parties stipulate and agree that no further action shall be required by the Debtors to cure any default under the Lease;

**THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of this Stipulation and are incorporated by reference herein.

2. Upon this Court's entry of an order approving this Stipulation (the "Order"), the Debtors shall be authorized to assume and assign the Amended Lease to SunStrong pursuant to sections 105(a) and 365 of the Bankruptcy Code.

3. The Parties agree that the Debtors shall remit the Cure Amount to the Landlord no later than five (5) business days after entry of the Order, or any other order by this Court approving the assignment of the Amended Lease to SunStrong pursuant to section 365(b)(1)(A) of the Bankruptcy Code. Upon entry of the Order, the Cure Amount shall be approved, and, conditioned on the payment of the Cure Amount, any and all pre-Petition Date defaults under the Lease by the Debtors shall be deemed cured or satisfied without any further action by any

Party, and all requirements of section 365(b)(1) of the Bankruptcy Code shall be deemed satisfied with respect thereto.

4. Upon this Court's entry of the Order, and in no event later than five (5) business days after entry of the Order, the Debtors shall, and are authorized to, pay the Landlord $159,790 on account of any postpetition rent accrued through and including the Sale Closing Date, and SunStrong shall pay (i) $160,327 for postpetition rent accrued after the Sale Closing Date for the remainder of September 2025 and (ii) $63,713.61 for rent accrued under the Amended Lease for October 2025.

5. The Landlord Response is hereby deemed fully resolved, subject to the terms of this Stipulation.

6. The Parties agree that SunStrong has provided the Landlord with adequate assurance of its future performance under the Amended Lease.

7. Each of the Parties hereto represents and warrants that they are authorized to execute this Stipulation.

8. This Stipulation and any Order shall be binding on the Parties from the Execution Date, but is expressly subject to and contingent upon its approval by this Court. If this Court does not approve this Stipulation, this Stipulation shall be null and void.

9. This Stipulation and any Order shall be binding upon the Parties' respective successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

10. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.

11. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against another Party.

12. Except as otherwise expressly provided in this Stipulation, nothing herein nor any actions taken pursuant hereto shall be deemed: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation or any order granting the relief requested by this Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

13. This Stipulation may be executed in one or more counterparts and by facsimile or electronic mail, each of which will be deemed an original but all of which together will constitute one instrument.

14. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

15. Each of the Parties shall bear its own costs, attorney's fees, and expenses in connection with the negotiations for and preparation of this Stipulation, and in connection with the Landlord Response.

16. This Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

Houston, Texas
Dated: _____, 2025

                                        Alfredo R. Pérez
                                        United States Bankruptcy Judge

**IN WITNESS WHEREOF,** this Stipulation has been executed and delivered as of the day and year first written below.

Houston, Texas
October 16, 2025

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** <br> Jason G. Cohen (TX Bar No. 24050435) <br> Jonathan L. Lozano (TX Bar No. 24121570) <br> 711 Louisiana Street, Suite 2300 <br> Houston, Texas 77002 <br> Telephone:  (713) 223-2300 <br> Facsimile:  (800) 404-3970 <br> Email:  jason.cohen@bracewell.com <br>   jonathan.lozano@bracewell.com | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Anup Sathy, P.C. (admitted *pro hac vice*) <br> 333 West Wolf Point Plaza <br> Chicago, Illinois 60654 <br> Telephone:  (312) 862-2000 <br> Facsimile:  (312) 862-2200 <br> Email:  anup.sathy@kirkland.com <br> <br> -and- <br><br> **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Brian Schartz, P.C. (TX Bar No. 24099361) <br> Ciara Foster (admitted *pro hac vice*) <br> Margaret Reiney (admitted *pro hac vice*) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone:  (212) 446-4800 <br> Facsimile:  (212) 446-4900 <br> Email:  brian.schartz@kirkland.com <br>   ciara.foster@kirkland.com <br>   margaret.reiney@kirkland.com |
| *Co-Counsel for the Debtors* <br> *and Debtors in Possession* | *Co-Counsel for the Debtors* <br> *and Debtors in Possession* |

-and-

| | |
|---|---|
| /s/ Ronald E. Gold | /s/ Ivan M. Gold |
| **FROST BROWN TODD LLP** | **ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP** |

Ronald E. Gold (Ohio Bar No. 0061351)
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com

Ivan M. Gold (SBN 121486)

3 Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1515
Email: igold@allenmatkins.com

-and-

Rebecca L. Matthews (Texas Bar No. 24062776)
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Tel: (214) 545-3474
Fax: (214) 545-3472
Email: ematthews@fbtlaw.com

*Counsel for SCP 20 Greenway, LLC*

*Counsel for SCP 20 Greenway, LLC*

-and-

/s/ Eric Daucher
**NORTON ROSE FULBRIGHT US LLP**
Eric Daucher (admitted *pro hac vice*)
Geren Brown (TX Bar No. 24092179)
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 408-5405
Email:  eric.daucher@nortonrosefulbright.com
  geren.brown@nortonrosefulbright.com

*Counsel for SunStrong Management LLC*