**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | § | Case No. 25-90160 (ARP) |
|  | § |  |
|  | § | (Jointly Administered) |
| Debtors. | § |  |
|  | § |  |

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

I, Paul Pullo, depose and say that I am employed by Kroll Restructuring Administration LLC ("*Kroll*"), the claims, noticing, and solicitation agent for the Debtors in the above-captioned chapter 11 cases.

On September 26, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First-Class Mail on 1 Customer with identifying information redacted in accordance with the Creditors Matrix Order. The Customer Service List will be made available to the Court, the U.S. Trustee, and any Official Committee upon request in accordance with the Creditors Matrix Order:

- Order Granting Complex Chapter 11 Bankruptcy Case Treatment [Docket No. 20]

- Notice of Revised Chapter 11 Bankruptcy Case [Docket No. 231]

On September 29, 2025, at my direction and under my supervision, employees of Kroll caused the following documents, (1) customized to include the name and address of the party and the debtor, amount, nature, classification of the scheduled claim, and an indication that the party appears on Schedule DEF, to be served via First-Class Mail on the parties listed on the Supplemental Schedule DEF Service List attached hereto as **Exhibit A**; and (2) customized to include the name and address of the party and an indication that the party appears on Schedule G, to be served via First-Class Mail on the parties listed on the Supplemental Schedule G Service List attached hereto as **Exhibit B**:

- Notice of Sale Transaction, Auction, and Related Dates and Deadlines, a copy of which is attached hereto as **Exhibit C** (the "*Sale Notice*")

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

- Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code, a copy of which is attached hereto as **Exhibit D** (the "***Bar Date Notice***")

- Proof of Claim Form, a blank copy of which is attached hereto as **Exhibit E** (the "***Proof of Claim***")

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused a form of the following document to be served via First-Class Mail on the Supplemental Eleventh Notice Contract Counterparties Service List attached hereto as **Exhibit F**:

- Eleventh Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 880]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused a form of the following document to be served via First-Class Mail on the Supplemental Twelfth Notice Contract Counterparties Service List attached hereto as **Exhibit G**:

- Twelfth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 881]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on the Supplemental Thirteenth Notice Contract Counterparties Service List attached hereto as **Exhibit H**:

- Thirteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 882]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on Solar Savings Direct, (ADRID: 30303675), Attention Jessica Gluck CFO, 3867 Dividend Dr, Suite A, Shingle Springs, CA 95682:

- Fourteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 883]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on the Supplemental Fifteenth Notice Contract Counterparties Service List attached hereto as **Exhibit I**:

- Fifteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 884]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on Ipreo LLC, (ADRID: 30304644), 1359 Broadway, 2nd Floor, New York, NY 10018:

- Sixteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases [Docket No. 885]

On October 3, 2025, at my direction and under my supervision, employees of Kroll caused the Sale Notice, Bar Date Notice, and Proof of Claim, (1) customized to include the name and address of the party and the debtor, amount, nature, classification of the scheduled claim, and an indication that the party appears on Schedule DEF, to be served via First-Class Mail on the parties listed on the Supplemental Schedule DEF Service List attached hereto as **Exhibit J**, and (2) customized to include the name and address of the party and an indication that the party appears on Schedule G, to be served via First-Class Mail on the parties listed on the Supplemental Schedule G Service List attached hereto as **Exhibit K**.

On October 7, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on (ADRID: 30631731), Xerox Corporation, 201 Merritt 7, Norwalk, CT, 06851:

- Notice to Contract Parties to Potentially Assume Executory Contracts and Unexpired Leases [Docket No. 456]

Dated: October 22, 2025

/s/ Paul Pullo
Paul Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 22, 2025, by Paul Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

/s/ OLEG BITMAN
Notary Public, State of New York
No. 01BI6339574
Qualified in Queens County
Commission Expires April 4, 2028

SRF 91974, 92045, 92145, 92215 & 92251

**Exhibit A**

## Exhibit A
Supplemental Schedule DEF Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | Address3 | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| 30301483 | ACTIVEPROSPECT INC | 5900 BALCONES DRIVE | SUITE 100 | | AUSTIN | TX | 78731 |
| 30027356 | ATLAS SECURITIZED PRODUCTS HOLDINGS, L.P. | 151 W 42ND STREET | 5TH FLOOR | | NEW YORK | NY | 10036 |
| 30018398 | BESPIN GLOBAL US INC | 4125 HOPYARD RD | SUITE 225-195 | | PLEASANTON | CA | 94588 |
| 30018699 | CANVA US INC | 3212 E. CESAR CHAVEZ STREET | BUILDING 1 | SUITE 1300 | AUSTIN | TX | 78702 |
| 30274825 | MERITAGE HOMES OF CALIFORNIA, INC. | 2850 GATEWAY OAKS DR | SUITE 200 | | SACRAMENTO | CA | 95833 |
| 30025591 | TALKDESK INC | 440 N BARRANCA AVENUE #4375 | 12TH FLOOR | | COVINA | CA | 91723 |

**Exhibit B**

Exhibit B
Supplemental Schedule G Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | Address3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 30303146 | ARIA SYSTEMS, INC. | 600 REED ROAD | SUITE 302 | | BROOMALL | PA | 19008 | |
| 30304735 | ATLAS SECURITIZED PRODUCTS HOLDINGS, L.P. | 151 W 42ND STREET | 5TH FLOOR | | NEW YORK | NY | 10036 | |
| 30304394 | CANVA US INC | 3212 E. CESAR CHAVEZ STREET | BUILDING 1 | SUITE 1300 | AUSTIN | TX | 78702 | |
| 30303364 | CHAPMAN AND CUTLER LLP | 1801 K STREET NW | SUITE 700 | | WASHINGTON | DC | 20006 | |
| 30303813 | CONSTRUCTION MONITOR, L.L.C | 320 W OHIO ST STE 300 | | | CHICAGO | IL | 60654-7841 | |
| 30304952 | KUTAK ROCK LLP | ATTN: SCOTT P. DEMARTINO, ESQ. | 1133 CONNECTICUT AVENUE NW | SUITE 1200 | WASHINGTON | DC | 20036 | |
| 30304447 | MOBILESSON LTD | 119 WEST 24TH ST 4TH FLOOR | | | NEW YORK | NY | 10011 | |
| 30304329 | ROOTSTOCK | 3180 NORTH POINT PKWY | SUITE 108 | | ALPHARETTA | GA | 30005 | |
| 30303908 | SOLARACK USA, INC. | 1103 LAWRENCE DR | | | THOUSAND OAKS | CA | 91362 | |
| 30303286 | WALKME LTD | WALTER MOSES ST. 1 | | | TEL AVIV-YAFO | | 6789903 | ISRAEL |

**Exhibit C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF SALE TRANSACTION,
AUCTION, AND RELATED DATES AND DEADLINES**

PLEASE TAKE NOTICE that on July 11, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (I) Approving the Bidding Procedures, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the WholeCo Stalking Horse Agreement and Expense Reimbursement, (V) Approving the ServiceCo Stalking Horse Agreement, (VI) Establishing Notice and Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (VII) Authorizing the Assumption and Assignment of Assumed Executory Contracts and Unexpired Leases, (VIII) Authorizing the Sale of Assets, and (IX) Granting Related Relief* [Docket No. 419] (the "Bidding Procedures Order") authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to conduct a marketing and sale process, potentially including an auction (the "Auction"), to sell the Assets.[2] The sale process and Auction, if any, will be governed by the bidding procedures approved pursuant to the Bidding Procedures Order and attached to the Bidding Procedures Order as Exhibit 1 (the "Bidding Procedures"). **All interested bidders should carefully read the Bidding Procedures and the Bidding Procedures Order.** To the extent that there are any inconsistencies between this notice and the Bidding Procedures or the Bidding Procedures Order, the Bidding Procedures or the Bidding Procedures Order, as applicable, shall govern in all respects.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Order or the Bidding Procedures, as applicable.

Copies of the Bidding Procedures Order, the Bidding Procedures, or other documents related thereto are available on the Debtors' restructuring website at https://restructuring.ra.kroll.com/Sunnova or by telephone at (888) 975 5436 in the U.S. and Canada or +1 (646) 930 4686 internationally.

PLEASE TAKE FURTHER NOTICE that any person or entity who wishes to participate in the Auction must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding Procedures.

PLEASE TAKE FURTHER NOTICE that the Bid Deadline is **July 21, 2025 at 4:00 p.m. (prevailing Central Time)**.

PLEASE TAKE FURTHER NOTICE that the Debtors reserve the right in their reasonable business judgment, in consultation with the Consultation Parties, to modify the Bidding Procedures in accordance with the Bidding Procedures and/or terminate discussions with any Potential Bidders.

PLEASE TAKE FURTHER NOTICE that, the Auction, if necessary, will be held on **July 23, 2025**, or such other time and place as the Debtors, after consultation with the advisors to the WholeCo Stalking Horse Bidder, the ServiceCo Stalking Horse Bidder, and the Committee, determine.  The Auction, if held, will be conducted in accordance with the procedures that the Debtors will share via email with all Qualified Bidders participating in the Auction at least one day prior to the Auction.  If the Auction is cancelled pursuant to the Bidding Procedures, the Debtors will file a notice of cancellation of the Auction.

PLEASE TAKE FURTHER NOTICE that the Debtors will seek approval of any Sale Transaction at the Sale Hearing on **July 25, 2025** before the Honorable Judge Perez in the United States Courthouse, 515 Rusk Street, Courtroom 400, Houston, Texas 77002.

PLEASE TAKE FURTHER NOTICE that objections to a proposed Sale Transaction (other than a Cure Objection) **must**:  (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court **no later than July 24, 2025 at 4:00 p.m. (prevailing Central Time)** (**the "Sale Objection Deadline"**) and served on the following parties:  (a) the Debtors, Sunnova Energy International Inc., 20 East Greenway Plaza, Suite 540, Houston, Texas 77046, Attn.: David Searle (david.searle@sunnova.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.:  Anup Sathy, P.C. (anup.sathy@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Brian Schartz, P.C. (brian.schartz@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Margaret Reiney (margaret.reiney@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com) and (ii) Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn.:  Jason G. Cohen (jason.cohen@bracewell.com) and Jonathan L. Lozano (jonathan.lozano@bracewell.com); (c)  the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Andrew Jiménez (andrew.jimenez@usdoj.gov)  and Ha Nguyen (ha.nguyen@usdoj.gov); (d)  counsel to the WholeCo Stalking Horse Bidder, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue

of the Americas New York, New York 10019, Attn: Andrew Rosenberg (arosenberg@paulweiss.com) and Robert Britton (rbritton@paulweiss.com); (e) counsel to the ServiceCo Stalking Horse Bidder, (i) Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP, 550 Allerton Street, Redwood City, California 94063, Attn: Maggie White (mwhite@dunder.com), and (ii) Dorsey & Whitney LLP, 300 Delaware Avenue, Suite 1010, Wilmington, Delaware 19801, Attn: Alessandra Glorioso (glorioso.alessandra@dorsey.com); (f) proposed co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), (i) Blank Rome LLP, 4 Park Plaza, Suite 450, Irvine, CA 92614, Attn: Joseph M. Welch (joseph.welch@blankrome.com), Blank Rome LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Ira L. Herman (ira.herman@blankrome.com), and Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, PA 19103 Attn: Michael B. Schaedle (mike.schaedle@blankrome.com), Matthew E. Kaslow (matt.kaslow@blankrome.com), and (ii) Willkie Farr & Gallagher LLP, (x) 787 Seventh Avenue, New York, New York 10019, Attn: Brett H. Miller (bmiller@willkie.com), Dennis Jenkins (djenkins@willkie.com), and James H. Burbage (jburbage@willkie.com), and (y) 600 Travis Street Houston, Texas 77002, Attn: Jennifer J. Hardy (jhardy2@willkie.com); and (g) counsel to KKR Credit Advisers (US) LLC, on behalf of certain funds and accounts managed or advised by it and its affiliates, (i) Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn: Dennis F. Dunne (ddunne@milbank.com), Tyson M. Lomazow (tlomazow@milbank.com), and Andrew Harmeyer (aharmeyer@milbank.com), and (ii) Haynes and Boone LLP, 2801 N Harwood St, Suite 2300, Dallas, Texas 75201, Attn: Ian Peck (ian.peck@haynesboone.com) (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, object to a proposed assignment to the Successful Bidder of any Assigned Contract, or object to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, you **must** notify the Debtors and the Committee, the WholeCo Stalking Horse Bidder, the ServiceCo Stalking Horse Bidder, any Successful Bidder, or any Back-Up Bidder in writing (email to counsel being sufficient) within five calendar days following service of the Assumption and Cure Notice stating that such party disputes the amount set forth in the Assumption and Cure Notice and provide a good faith estimate of the amounts needed to resolve such dispute. Parties must file a Cure Objection with this Court **within fourteen days following service of the Assumption and Cure Notice** (the "Cure Objection Deadline") and serve such Cure Objection on the Notice Parties. The Debtors, in consultation with the WholeCo Stalking Horse Bidder, any Successful Bidder, or any Back-Up Bidder, as applicable, and the Committee, may extend the Cure Objection Deadline by filing a notice of such extension on this Court's docket. Cure Objections must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any order governing the administration of these chapter 11 cases; and (iii) state with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof.

3

## CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO A SALE ON OR BEFORE THE SALE TRANSACTION OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE SELLING DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT(S).**

Houston, Texas
July 11, 2025

/s/ *Jason G. Cohen*

| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |

<table>
<tr><td>

**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:   (713) 223-2300
Facsimile:   (800) 404-3970
Email:   jason.cohen@bracewell.com
   jonathan.lozano@bracewell.com

</td><td>

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   anup.sathy@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
Ciara Foster (admitted *pro hac vice*)
Margaret Reiney (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   brian.schartz@kirkland.com
   ciara.foster@kirkland.com
   margaret.reiney@kirkland.com

</td></tr>
</table>

*Proposed Co-Counsel to the Debtors*      *Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*        *and Debtors in Possession*

**Exhibit D**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Date of Voluntary Chapter 11 Petition | Case No. |
|---|---|---|
| Sunnova Energy International Inc. | June 8, 2025 | 25-90160 |
| Sunnova Energy Corporation | June 8, 2025 | 25-90159 |
| Sunnova Intermediate Holdings, LLC | June 8, 2025 | 25-90161 |
| Sunnova TEP Developer, LLC | June 1, 2025 | 25-90153 |

**PLEASE TAKE NOTICE THAT:**

On June 1, 2025, Debtor Sunnova TEP Developer, LLC filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and on June 8, 2025 (the "Petition Date"), Debtors Sunnova Energy Corporation, Sunnova Energy International Inc., and Sunnova Intermediate Holdings, LLC (collectively, with Sunnova TEP Developer, LLC, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").[2]

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.  "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

On July 15, 2025, the Court entered an order [Docket No. 436] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:   (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates").

a.   ***The General Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are **required** to file Proofs of Claim by **August 6, 2025, at 5:00 p.m., prevailing Central Time**.  Except as expressly set forth in this Notice and the Bar Date Order, the General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code are

**required** to file Proofs of Claim by **December 5, 2025, at 5:00 p.m., prevailing Central Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.   ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are **required** to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors).

d.   ***Amended Schedules Bar Date***.   Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims affected by the amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are **required** to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules).

## II.   PARTIES WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein or in the Bar Date Order, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code must file Proofs of Claim on or before the General Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

3

b.   any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code; *provided* that current or former employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.   any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.   any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for certain kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.   The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claim:

a.   the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.   any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.   any entity whose claim is listed on the  Schedules  if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

4

d.     any entity whose claim has previously been allowed by a final order of the Court;

e.     any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any of the 5.875% Senior Notes Indenture, 11.75% Senior Notes Indenture, 0.25% Convertible Notes Indenture, and 2.625% Convertible Notes Indenture (the "Indentures"); *provided* that the relevant authorized indenture trustee under each of the Indentures, or the noteholders thereunder, may, but are not obligated to, in their sole discretion, file one or more Proofs of Claim or master Proofs of Claim on or before the General Claims Bar Date, which shall be deemed to constitute the filing of such proof of claim or proofs of claim in the cases of all Debtors that are obligors under the Indentures;

f.     any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) having a claim against a Debtor;

g.     any entity whose claim is solely against any non-Debtor affiliate;

h.     any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

i.     a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.     any current or former officer, manager, director, or employee of any Debtor or non-Debtor affiliate (which, for the avoidance of doubt, shall include Sunnova TEP Holdings, LLC and each of its subsidiaries) for claims based on indemnification, contribution, or reimbursement;

k.     any entity holding a claim for which a separate deadline is fixed by an order of the Court or such entity is exempted from filing a Proof of Claims by an order of the Court;

l.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

5

m.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the Interim DIP Order (together with any final order related thereto, the "<u>DIP Orders</u>");

n.      any holder of a claim for any fees, expenses, or other obligations arising or payable under an order of the Court in these chapter 11 cases, including the DIP Orders; and

o.      any entity holding an equity interest in any Debtor.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code(and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant will be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 25-90160 (ARP)), or otherwise without identifying a specific Debtor, will be

deemed as filed only against Debtor Sunnova Energy International Inc.

e.  ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Sunnova Energy International Inc.

f.  ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.  ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the General Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following addresses:

**If by First-Class Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**
Sunnova Energy International Inc.
Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.   THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM IF A CHAPTER 11 PLAN IS APPROVED AND THERE IS NO PROOF OF CLAIM FILED;

c.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.  ADDITIONAL INFORMATION.

Pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the website maintained by the Debtors' Claims and Noticing Agent at on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.   Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (888) 975-5436 (domestic, toll free) or +1 (646) 930-4686 (international).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**Exhibit E**

**United States Bankruptcy Court, Southern District of Texas (Houston Division)**

| Fill in this information to identify the case |  |
|---|---|
| ☐ Sunnova Energy International Inc. (Case No. 25-90160) | ☐ Sunnova Intermediate Holdings, LLC (Case No. 25-90161) |
| ☐ Sunnova Energy Corporation (Case No. 25-90159) | ☐ Sunnova TEP Developer, LLC (Case No. 25-90153) |

Modified Official Form 410

# Proof of Claim

4/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Contact phone _____

Contact phone _____

Contact email _____

Contact email _____

Uniform claim identifier (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

10. **Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br><br>❏ Yes. *Check one:* | |
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No<br><br>❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏   I am the creditor.

❏   I am the creditor's attorney or authorized agent.

❏   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name _____
First name                Middle name                Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number         Street

_____
City                                State        ZIP Code

Contact phone _____        Email _____

**Proof of Claim**                                                                          page 3

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                        12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Sunnova.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9)**: A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:
**If by first class mail:**
Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at https://restructuring.ra.kroll.com/Sunnova/EPOC-Index.

## Do not file these instructions with your form

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM SO AS TO BE ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE:**

**General Claims Bar Date (including claims pursuant to section 503(b)(9) of the Bankruptcy Code): August 6, 2025 at 5:00 p.m.**

**(prevailing Central Time)**

**Governmental Bar Date:  December 5, 2025 at 5:00 p.m. (prevailing Central Time)**

**IF DELIVERED BY FIRST-CLASS MAIL:**

Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

Sunnova Energy International Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC at (888) 975-5436 (US/Canada toll free) or +1 (646) 930-4686 (International), email SunnovaInfo@ra.kroll.com or visit https://restructuring.ra.kroll.com/Sunnova/**

**You may also file your claim electronically at https://restructuring.ra.kroll.com/Sunnova/EPOC-Index**

**Exhibit F**

## Exhibit F
Supplemental Eleventh Notice Contract Counterparties Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| 30301483 | ACTIVEPROSPECT INC | 5900 BALCONES DRIVE | SUITE 100 | AUSTIN | TX | 78731 |
| 30028296 | AURORA SOLAR INC. | P.O. BOX 7775 | PMB 14534 | SAN FRANCISCO | CA | 94120-7775 |
| 30631486 | BLACK KNIGHT DATA & ANALYTICS, LLC | 4420 ROSEWOOD DRIVE | SUITE 500 | PLEASANTON | CA | 94588 |

**Exhibit G**

## Exhibit G
Supplemental Twelfth Notice Contract Counterparties Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| 30027381 | COX BUSINESS | 6305 PEACHTREE DUNWOODY RD | | ATLANTA | GA | 30328 |
| 30304506 | DONNELLEY FINANCIAL SOLUTIONS | ONE EMBARCADERO CENTER | SUITE 200 | SAN FRANCISCO | CA | 94111 |

**Exhibit H**

Exhibit H
Supplemental Thirteenth Notice Contract Counterparties Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | Address3 | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| 30304318 | LUCAS GROUP | LUCAS ASSOCIATES INC | 1900 AVENUE OF THE STARS | SUITE 1500 | LOS ANGELES | CA | 90067 |
| 30021831 | MALAMA SOLAR, LLC | ATTENTION | CHRIS AH SUE OWNER | 111 SAND ISLAND ACCESS RD | HONOLULU | HI | 96819 |
| 30303880 | NATIONS RELIABLE LENDING, LLC | ATTN: VENDOR MANAGEMENT | 1220 AUGUSTA DR | | HOUSTON | TX | 77057 |

Sunnova Energy International Inc., *et al.*
Case No. 25-90160 (ARP)

Page 1 of 1

**Exhibit I**

Exhibit I
Supplemental Fifteenth Notice Contract Counterparties Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| 30303716 | SUN BEES GROUPS, INC DBA TRUE POWER SOLAR | 2510 SUPPLY ST | | POMONA | CA | 91767-2113 |
| 30302628 | TRINA SOLAR | ATTN PRESIDENT | 7100 STEVENSON BLVD | FREMONT | CA | 94538 |

**Exhibit J**

Exhibit J
Supplemental Schedule DEF Service List
Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | Address3 | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| 30274425 | 2211 MICHELSON DRIVE DBA WEWORK | 71 5TH AVENUE | 2ND FL. MAIL ROOM | | NEW YORK | NY | 10013 |
| 30017840 | HOMEWORKS CORPORATION | HOMEWORKS PR ENERGY SOLUTIONS DBA | 402 AVENIDA DE DIEGO | | SAN JUAN | PR | 00920 |
| 30021151 | INFINITY ENERGY, INC. | 17952 Sky Park Cir | Suite D | | Irvine, | CA | 92614 |
| 30301319 | T. TRANKENER & SON | ATTN: ARTHUR E. DONNELLY | C/O: ZIRULNIK, DEMILLE, & VILCHA | 240 DAVISTOWN RD | BLACKWOOD | NJ | 08012 |

Sunnova Energy International Inc., *et al.*
Case No. 25-90160 (ARP)

Page 1 of 1

**Exhibit K**

## Exhibit K
### Supplemental Schedule G Service List
#### Served via First-Class Mail

| AddressID | Name | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| 30303156 | AURORA SOLAR INC. | P.O. BOX 7775 | PMB 14534 | SAN FRANCISCO | CA | 94120-7775 |
| 30304459 | CBL MARKETS (USA) LLC | 3 LANDMARK SQ | | STAMFORD | CT | 06901 |
| 30302708 | COPADO, INC. | 330 N. WABASH AVE | FL 23 | CHICAGO | IL | 60611 |
| 30304972 | KUUBIX ENERGY INC. | 1017 N CITRUS CT | | VISALIA | CA | 93292-4102 |
| 30302909 | Name on File | Address on file | | | | |
| 30303526 | V3 ELECTRIC INC | 437 Century Park Dr | Suite A | Yuba City | CA | 95991 |