**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

JAN 05 2026

Nathan Ochsner, Clerk of Court

In re:

SUNNOVA ENERGY INTERNATIONAL INC., et al.
Debtors.

Case No. 25-90160 (ARP)

Chapter 11
(Jointly Administered)

MOTION FOR RELIEF FROM AUTOMATIC STAY
PURSUANT TO SECTION 362(D)(1) OF THE BANKRUPTCY CODE

TO THE HONORABLE COURT:

**NOW COMES** NOVA FISHER and GREG FISHER ("Creditors"), creditors and parties in interest in the above-referenced case, through the undersigned, hereby file this Motion for Relief from Automatic Stay pursuant to Section 362(d)(1) of the Bankruptcy Code, and respectfully states and represents as follows:

**BACKGROUND**

On June 8, 2025 (the "Petition Date"), Sunnova Energy Corporation (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). Since the Petition Date, Debtor has continued its business and collection activities with Creditors.

Creditors own and reside at 1100 Willowridge Cir., Lewisville, TX, 75067, a primary residence with 100% disabled veteran exemption status, and the real property represented in this case.

The service contract between Creditors and Debtor concerning real property at 1100 Willowridge Cir., Lewisville, TX 75067 is in dispute.

Creditors are the Claimants in arbitration currently pending before the American Arbitration Associaton, AAA Case No. 01-23-0005-7854, Arbitrator Brian E. Robison, with SunStreet Energy Group f/k/a Sunnova Energy Corporation as Respondents. The arbitration case initiated on April 15, 2024, and was governed as follows:

- A motion for default judgment was filed against Infinity Energy, Inc./Sunnova Energy Corporation in November of 2024. Infinity Energy, Inc., partner with

Sunnova Energy Corporation, repeatedly changed its legal name, creating legal delays and costs, leaving Creditors to pursue Sunnova Energy Corporation as the sole Respondent in the arbitration case.

- The causes of action asserted by Claimants in the case (Creditors) against Respondents (Debtor) are: Rescission-Contracts are Unconscionable, The Limitation of Liability Clause is Unenforceable, and Fraudulent Inducement; Breach of Contract; Deceptive Trade Practices Act; and Residential Construction Liability Act.

- On January 14, 2025, at a Second Preliminary Management Hearing, Arbitrator Brian E. Robison ordered, "By 5 PM Central on Friday, January 31, 2025, Claimants shall file a supplemental pleading setting forth additional detail as to the specific causes of action asserted against Respondent and the factual bases for those claims." The Arbitrator also ordered the exchange of information between parties, which was performed.

- A proposed scheduling order was submitted on behalf of all parties on February 27, 2025, and a preliminary management hearing was scheduled on Friday, February 28, 2025.

On June 16, 2025, Debtors' attorneys notified Creditors of Debtor's bankruptcy filing, placing an automatic stay on arbitration proceedings. However, the business and collection activities by Debtor continued during and after this time.

**RELIEF REQUESTED**

By this Motion, Creditors request that the Court enter an order, pursuant to Section 362(d)(1) of the Bankruptcy Code, granting Creditors relief from the automatic stay in order to continue arbitration proceedings and to exercise their right to determine the enforceability of the service contract between Creditors and Debtor.

**BASIS FOR RELIEF REQUESTED**

Creditors submit that they are entitled to relief from the automatic stay in accordance with Section 362(d)(1) of the Bankruptcy Code because the Creditors are undersecured and Debtor has failed to protect its interests. An independent audit performed by Texas Best Solar (see exhibit A) has determined the dysfunction and inefficiency of the solar panels, doubling the real property's energy costs. Further, Debtor has no prospects for redressing the solar panels; rather, Debtor insists the panels are functioning as promised.

During the arbitration and bankruptcy proceedings, Debtor has continued its business and collection activities with Creditors, threatening default, and placing considerable financial burden on Creditors and real property. An order granting relief from the automatic stay mitigates the financial risks posed by Debtor's voluntary petition to file bankruptcy, and expedites resolution.

## CONCLUSION

**WHEREFORE,** Creditors respectfully request that this Court grant an order for relief from the automatic stay to the extent necessary to conduct proceedings in arbitration, and grant Creditors such other and further relief as is just.

Dated: December 31, 2025

RESPECTFULLY SUBMITTED,

NOVA FISHER
1100 WILLOWRIDGE CIR
LEWISVILLE, TX 75067
214-364-8535
nova.fisher@yahoo.com

GREG FISHER
1100 WILLOWRIDGE CIR
LEWISVILLE, TX 75067
940-453-7866
gdfish78@gmail.com

760 E Main St, STE 301
Lewisville, TX 75057

EXHIBIT A

Texas Best Solar

Attn : Gregory Fisher and Nova Fisher per your request and the date of audit.

1100 Willoridge Cir, Lewisville, TX - Audit

- We inspected the Generac Solar system
- There are 4 mounting planes with solar panels mounted in an array on each mounting plane
-
- East - 9 Solar panels
- South - 12 Solar panels
- North - 6 Solar panels
- West - 8 Solar panels

- The south and west solar panels are combined on the same solar string, limiting the potential solar production to the lowest producing solar panel at that time; i.e. if the sun is shining on the southern solar panels, they will only produce as much as the solar panels on the West side, which are having indirect solar production. This essentially throttles the total solar production.

- Additionally,one of the strings (east) is not producing any voltage, meaning that it is not producing any power. And the layout arrangement has the solar panels very tight to the tall chimney. This will do two things: 1) it will limit the solar production for all of the panels connected to any of the panels on that array shaded by the chimney 2) it's going to develop hotspots over time because of the obstruction only partially shading solar panel during peak production hours 10AM-4PM. This could potentially void the warranty at a later date for the solar panels.

- Overall, the craftsmanship is poor; not leveling, not lining up solar panels evenly, and then stringing solar panels together on different arrays. This system will never produce what the initial design showed when purchased.



EXHIBIT A

EXHIBIT A



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:

SUNNOVA ENERGY INTERNATIONAL INC., et al.
Debtors.

Case No. 25-90160 (ARP)

Chapter 11
(Jointly Administered)

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December 2025, I caused a true and correct copy of this Motion for Relief from Automatic Stay to be served by certified mail and/or email, upon the following parties:

| | |
|---|---|
| **Debtors' attorneys:**<br><br>**BRACEWELL LLP**<br>Jason G. Cohen – jason.cohen@bracewell.com<br>Jonathan L. Lozano – jonathan.lozano@bracewell.com<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002<br><br>**KIRKLAND & ELLIS LLP**<br>Anup Sathy – anup.sathy@kirkland.com | **KIRKLAND & ELLIS LLP**<br>Brian Schartz, P.C. – brian.schartz@kirkland.com<br>Ciara Foster – ciara.foster@kirkland.com<br>Margaret Reiney – margaret.reiney@kirkland.com<br>601 Lexington Avenue<br>New York, NY 10022<br><br>**BANKRUPTCY CLERK'S OFFICE**<br>United States Courthouse<br>515 Rusk Street<br>Houston, TX 77002 |

Executed on this 31 day of December 2025.

NOVA FISHER
1100 WILLOWRIDGE CIR
LEWISVILLE, TX 75067
214-364-8535
nova.fisher@yahoo.com

GREG FISHER
1100 WILLOWRIDGE CIR
LEWISVILLE, TX 75067
940-453-7866
gdfish78@gmail.com