IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) ) ) ) | Case No. 25-90160 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMIC STAY (FISHER)**
**(Relates to Dkt. No. 1363)**

Thomas A. Pitta, as trustee of the Sunnova Creditor Trust (the "Creditor Trustee"), submits this objection (the "Objection") to the *Motion for Relief from Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code* [Docket No. 1363] (the "Motion") filed by Nova Fisher and Greg Fisher ("Movants").

**Background**

1. Sunnova, through its affiliates, as well as an expansive network of dealers, offered residential customers solar energy services and systems through leases of photovoltaic solar systems, power purchase agreements for the use of photovoltaic solar systems, and loan agreements to finance the purchase of photovoltaic solar systems. Plaintiffs entered into one such agreement bearing contract ID No. LM003565660 (the "Solar Contract"). Following the installation and activation of the photovoltaic system (the "PV System") at the Plaintiffs' residence

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046. "Sunnova" or the "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

(the "Property"), the Debtors' right, title and interest in the Solar Contract and PV System was transferred to one of the Debtors' project entities, Sunnova Helios VIII Issuer LLC.

2. On June 8, 2025, Sunnova and certain affiliates (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the intent to effectuate one or more value-maximizing sale transactions. The Debtors achieved that goal and liquidated all of their assets through several distinct sales under section 363 of the Bankruptcy Code, including the WholeCo sale, through which the Debtors sold their equity in Sunnova Helios VIII Issuer LLC (the project entity holding right, title, and interest to Plaintiffs' Solar Contract and PV System). *See* Notice of Filing of Schedules to WholeCo Stalking Horse Agreement, Schedule 3.5(a) [Docket No. 404-1]; *see also* Order (I) Authorizing the Sale of Certain Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 599] ("WholeCo Sale Order"). The Third Amended Joint Chapter 11 Plan of Sunnova Energy (Docket No. 1205, Ex. A, the "Plan"), was confirmed on November 10, 2025, and became effective on November 14, 2025.

3. In addition to providing for an injunction against actions to recover property administered by the Plan, Article VIII.E of the Plan provides that "[n]otwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases."

4. On the Effective Date, the Creditor Trust Assets (as defined in the Plan) vested in the Sunnova Creditor Trust and the Creditor Trustee was vested with the sole power and authority

to distribute the proceeds of the Creditor Trust Assets. The Creditor Trustee is currently exercising that authority through the claims reconciliation process.

5. Movants did not file a proof of claim. Debtor Sunnova Energy Corporation scheduled a contingent, unliquidated, disputed claim for Movants in the amount of $0. *See* Docket No. 351.

### **Objection**

6. Section 362 of the Bankruptcy Code imposes an automatic stay that protects debtors from (i) "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case," (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (iii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1), (3) & (6). This automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987) (quoting legis. history at H.R. Rep. NO. 95-595, 95th Cong., 2d Sess. 340 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin News 5787, 5963, 6297–98). It provides "not only a temporary breathing spell to the debtor from creditor collection activity, but also protection to all creditors against the possibility of only a few of them – those who successfully win the proverbial race to the courthouse – obtaining a preferential recovery to the determinant of all other similarly situated creditors." *In re Tommy's Fort Worth, LLC*, 671 B.R. 712, 730 (Bankr. N.D. Tex. 2025) (citing *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *In re Commonwealth Oil Refin. Co., Inc.*, 805 F.2d 1175, 1182 (5th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986)).

7. A court may lift the automatic stay "for cause" after notice and a hearing. 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not define "cause," whether to lift the stay is "committed to the discretion of the bankruptcy judge" to determine on a case-by-case basis. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017). Courts in this Circuit consider a variety of factors in determining whether cause exists to lift the stay, including the *Sonnax* factors. *See, e.g.*, *In re McConathy,* 2021 WL 2405734, at *7 (W.D. La. June 14, 2021); *In re Trust*, 526 B.R. 668, 682 (Bankr. N.D. Tex. 2015); *In re Xenon Anesthesia of Tex.*, *PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). The *Sonnax* factors include:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990). Not all factors will be relevant in each case. *In re Xenon*, 510 B.R. at 112. And while no one factor is determinative in whether cause exists to lift the automatic stay, s*ee In re Mosher*, 578 B.R. at 773, "even slight interference with the administration [of the Debtors' estates] may be enough to preclude relief." *Anderson v. Hoechst Celanese Corp. (In re U.S. Brass Corp.)*, 173 B.R. 1000, 1006 (Bankr. E.D. Tex. 1994), *modified*, 176 B.R. 11 (Bankr. E.D. Tex. 1994).

4

8. Where the moving party is an unsecured creditor, as here, relief from the automatic stay should be granted only in "the most extraordinary of circumstances." *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986). The burden of proof is on the movant to make an initial showing of cause. *Mosher*, 578 B.R. at 772. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *Sonnax Indus.*, 907 F.2d at 1285.

9. Here, neither extraordinary circumstances nor cause exist to warrant the relief requested by Movants. The Motion should be denied because (1) the request is moot; (2) Movants failed to meet their burden to make a showing of initial cause; and (3) the relevant *Sonnax* factors, including, among others, interference with the bankruptcy, the interests of judicial economy, and injury to the debtor and other creditors, weigh against lifting the stay.

### A. Movants' Request is Moot.

10. To the extent Movants seek rescission of the Solar Contract or other injunctive relief, their request is moot. The Debtors (and, accordingly, the Sunnova Creditor Trust) have no right, title or interest in the Solar Contract or the PV System installed on the Property. The Debtors' right, title and interest in the PV System and Solar Contract was transferred to one of the Debtors' project entities, Sunnova Helios VIII Issuer LLC, following the completion of the PV System and activation of Solar Contract. The Debtors' equity in that project entity was sold pursuant to the WholeCo Stalking Horse Agreement. *See* Notice of Filing of Schedules to WholeCo Stalking Horse Agreement, Schedule 3.5(a) [Docket No. 404-1]; *see also* Order (I) Authorizing the Sale of Certain Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related

Relief [Docket No. 599] ("WholeCo Sale Order"). Because the Debtors (and consequently the Sunnova Creditor Trust) no longer hold an interest in the PV System or Solar Contract, the Movants' requested relief does not affect estate property and, therefore, should be denied as moot. *See Nov. 4, 2025 Hr'g Tr.* at 7:24–8:2 ("Based on the facts and circumstances, I'm going to deny the motion as moot, because there's no effective relief that I can grant in view of the fact that all of the assets have been sold.").

### B. Movants Failed to Meet Their Burden to Demonstrate Cause Exists.

11. Movants have failed to meet their burden to demonstrate that cause exists to lift the automatic stay to allow their prepetition arbitration claim to proceed against Sunnova Energy Corporation, one of the above-captioned debtors ("Debtors"). Movants assert cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay because (i) Movants "are undersecured and Debtor has failed to protect its interests." Neither of these establish cause. Movants are unsecured creditors and, therefore, not entitled to adequate protection. *See, e.g.*, *In re R.F. Cunningham & Co., Inc.*, 355 B.R. 408, 412 (Bankr. E.D.N.Y. 2006) ("There is no statutory requirement that unsecured creditors receive adequate protection, and the lack of adequate protection does not entitle an unsecured creditor to relief from the stay.").

12. Movants fail to otherwise establish cause. They do not explain why their arbitration claim must proceed or establish that they will suffer any unique hardship if the stay is maintained. They do not address whether the requested relief will interfere with the bankruptcy or prejudice other creditors, and they do not provide any analysis as to the proportionality of the harms that would result from modifying or continuing the stay. Movants have shown only that they may have an unsecured, prepetition claim against one of the Debtors. Because Movants have failed to make the initial showing of cause, relief should be denied.

C. **The *Sonnax* Factors Weigh in Favor of Continuing the Stay.**

13. Moreover, a majority of the *Sonnax* factors weigh in favor of continuing the stay and against granting the Movants' request for relief from the stay, including:

- ***Lifting the stay would interfere with the bankruptcy cases.*** Lifting the stay to allow Movants to litigate their claim would undermine the centralized forum provided by the bankruptcy and would interfere with the Creditor Trustee's distribution of the Creditor Trust Assets. Allowing Movants to proceed with their claim in another forum would vitiate a central purpose of the automatic stay—protecting against the race to the courthouse—by granting Movants the ability to obtain a preferential recovery by proceeding in another forum. Defending against the Movants' arbitration claim would be an unnecessary distraction for the Creditor Trustee and would inhibit the efficient resolution of these chapter 11 cases.

- ***The Movants' claims do not involve the Debtors as fiduciaries.*** Movants have not brought a claim against any of the Debtors in a fiduciary capacity. The automatic stay is designed to shield the Debtors from precisely the type of claim Movants have brought against Debtor Sunnova Energy Corporation.

- ***Litigation in another forum would prejudice the interests of other creditors.*** Lifting the stay to allow the Movants' claim to proceed in arbitration would prejudice the interests of other creditors because defending the litigation would deplete the Creditor Trust Assets. The automatic stay serves not only to protect the debtor but also "to protect creditors by preventing a race for the debtor's assets." *In re Commonwealth Oil Refin. Co.*, 805 F.2d at 1182.

- ***The interests of judicial economy require continuing the stay.*** The interests of judicial economy require that all claims be resolved in the centralized bankruptcy forum. Lifting the stay to allow the Movants to litigate their claim would invite a flood of similar requests, potentially resulting in piecemeal litigation across the country and beyond. The stay must be maintained to avoid wasting judicial resources.

- ***The parties are not ready for final hearing in the arbitration proceeding.*** The case was placed in abeyance on June 16, 2025, while still in the relatively early stages of the proceeding (a preliminary management hearing was held on February 28, 2025). The parties are not, at this time, prepared and ready for a final hearing in the arbitration proceeding.

- ***The impact of the stay on the parties and the balance of the harms weighs in favor of continuing the stay.***

7

- o ***Lifting the stay would cause injury to the other creditors.*** Lifting the stay would be prejudicial to the other creditors, because defending against the Movants' claims in the arbitration proceeding would deplete the limited estate resources and interfere with the equitable distribution of the estate's remaining assets.

- o ***Movants have not established injury if the stay is not modified.*** The Movants have not established the injury they would suffer if the stay is not modified. The Movants have shown no reason as to why, instead of proceeding through the proof-of-claim process, they should be permitted to interfere with the fundamental protections afforded by the automatic stay.

14. Accordingly, cause does not exist to lift the stay to allow Movants' arbitration claim to proceed in these circumstances.

## Reservation of Rights

15. The Creditor Trustee reserves all rights to supplement or add to the legal and factual arguments raised in this Objection on any basis whatsoever, at a future date. Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Creditor Trustee reserves all rights with respect hereto.

**Conclusion**

For the reasons set forth herein, the Creditor Trustee respectfully requests that the Motion be denied, and that the Creditor Trustee be granted such other relief as the Court deems just.

/s/ Jason G. Cohen
**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:  (800) 404-3970
Email:  jason.cohen@bracewell.com
  jonathan.lozano@bracewell.com

*Special Counsel to the Creditor Trustee*

**Certificate of Service**

I certify that on January 22, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served via first class mail and electronic mail on the below recipients.

/s/ Jason G. Cohen
Jason G. Cohen

Nova Fisher and Greg Fisher
1100 Willowridge Cir.
Lewisville, TX 75067
nova.fisher@yahoo.com
gdfish78@gmail.com